# TAB A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-874-GMS |
| ) | |
| ) | |
| ALCATEL USA, INC., ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Telcordia Technologies, Inc. ("TELCORDIA") hereby sues Alcatel USA, Inc. ("ALCATEL") for infringing U.S. Patent Nos. 4,893,306 ("the '306 patent") and Re. 36,633 ("the '633 patent"), and alleges as follows:

**THE PLAINTIFF**

1. Plaintiff TELCORDIA is a corporation organized and existing under the laws of Delaware, having a place of business at One Telcordia Drive, Piscataway, New Jersey 08854.

2. TELCORDIA is a provider of communications software, engineering, and consulting services throughout the United States, including in the District of Delaware.

**THE DEFENDANT**

3. Upon information and belief, defendant ALCATEL is a corporation organized and existing under the laws of Delaware, having a business address at 3400 W. Plano Parkway, Plano, Texas 75075.

4. Upon information and belief, ALCATEL is a manufacturer of communication network products that ALCATEL ships, distributes, sells, and/or offers for sale throughout the United States, including in the District of Delaware.

## JURISDICTION AND VENUE

5.  The claims asserted in this Complaint arise under the Patent Laws of the United States, 35 U.S.C. §§ 1-376.

6.  Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338.

7.  This Court has personal jurisdiction over ALCATEL.

8.  Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## COUNT I: INFRINGEMENT OF THE '306 PATENT

9.  TELCORDIA realleges and incorporates by reference each of paragraphs 1-9 above.

10. The '306 patent, entitled "Method and Apparatus for Multiplexing Circuit and Packet Traffic," was lawfully issued by the United States Patent and Trademark Office ("PTO") on January 9, 1990 to the inventors, Hung-Hsiang J. Chao, Sang H. Lee, and Liang T. Wu. The '306 patent issued from U.S. Patent Application Serial No. 07/118,977, filed November 10, 1987. A copy of the '306 patent is attached as Exhibit A.

11. On its issuance, the '306 patent was assigned to Bell Communications Research, Inc. ("Bellcore"), which became TELCORDIA in 1999. TELCORDIA and Bellcore have at all times since the '306 patent's issuance held the entire right, title, and interest in the patent.

12. Upon information and belief, ALCATEL has infringed one or more claims of the '306 patent by making, using, offering for sale, selling, and/or importing into the United States communication network products embodying the patented invention.

13. Upon information and belief, ALCATEL has infringed one or more claims of the '306 patent by inducing others to infringe the patent and/or contributing to the patent's infringement by others.

14. As a consequence of ALCATEL's infringement of the '306 patent, TELCORDIA has been damaged in an amount not yet determined.

15. Upon information and belief, ALCATEL's infringement of the '306 patent will continue in the future, and TELCORDIA will continue to suffer damages as a consequence, unless ALCATEL's infringing acts are enjoined by this Court.

16. Upon information and belief, ALCATEL's infringement of the '306 patent has been, and continues to be, willful.

## COUNT II: INFRINGEMENT OF THE '633 PATENT

17. TELCORDIA realleges and incorporates by reference each of paragraphs 1-16 above.

18. The '633 patent, entitled "Synchronous Residual Time Stamp for Timing Recovery in a Broadband Network," was lawfully issued by the PTO on March 28, 2000 to the inventors, Paul E. Fleischer and Chi-Leung Lau. The '633 patent issued from U.S. Patent Application Serial No. 08/555,196, filed November 8, 1995. A copy of the '633 patent is attached as Exhibit B.

19. On its issuance, the '633 patent was assigned to Bellcore, which became TELCORDIA in 1999. TELCORDIA and Bellcore have at all times since the '633 patent's issuance held the entire right, title, and interest in the patent.

20. Upon information and belief, ALCATEL has infringed one or more claims of the '633 patent by making, using, offering for sale, selling, and/or importing into the United States communication network products embodying the patented invention.

3

21.     Upon information and belief, ALCATEL has infringed one or more claims of the '633 patent by inducing others to infringe the patent and/or contributing to the patent's infringement by others.

22.     As a consequence of ALCATEL's infringement of the '633 patent, TELCORDIA has been damaged in an amount not yet determined.

23.     Upon information and belief, ALCATEL's infringement of the '633 patent will continue in the future, and TELCORDIA will continue to suffer damages as a consequence, unless ALCATEL's infringing acts are enjoined by this Court.

24.     Upon information and belief, ALCATEL's infringement of the '633 patent has been, and continues to be, willful.

## JURY DEMAND

25.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, TELCORDIA requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, TELCORDIA respectfully requests that the Court enter judgment againstALCATEL:

A.      determining that ALCATEL has infringed one or more claims of the '306 and '633 patents;

B.      permanently enjoining ALCATEL, its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with ALCATEL who receive actual notice of the judgment, from further infringing any claim of the '306 and '633 patents;

C.      ordering ALCATEL to account for and pay to TELCORDIA all damages suffered by TELCORDIA as a consequence of the infringement of the '306 and '633 patents by ALCATEL;

  D. awarding TELCORDIA prejudgment and post-judgment interest on the damages suffered by it as a consequence of the infringement of the '306 and '633 patents by ALCATEL;

  E. trebling TELCORDIA's damages under 35 U.S.C. § 284 on the ground that the infringement of the '306 and '633 patents by ALCATEL was deliberate and willful;

  F. finding that this is an exceptional case under 35 U.S.C. § 285 and awarding TELCORDIA its reasonable attorney fees; and

  G. granting TELCORDIA such other and further relief as the Court may deem just and proper.

          ASHBY & GEDDES

         /s/ *John G. Day*
         _____
         Steven J. Balick (I.D. #2114)
         John G. Day (I.D. #2403)
         220 Delaware Avenue, 17th Floor
         P.O. Box 1150
         Wilmington, Delaware 19899
         (302) 654-1888
         sbalick@ashby-geddes.com
         jday@ashby-geddes.com

         *Attorneys for Plaintiff Telcordia Technologies, Inc*

*Of Counsel:*

Donald R. Dunner
Richard H. Smith
Don O. Burley
Richard L. Rainey
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

5

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, Virginia 20190-5675
(571) 203-2700

Dated: June 14, 2005
158484.1