IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| Counterclaim-Defendant, | ) |
| | ) |
| v. | ) Civil Action No. 04-874-GMS |
| | ) |
| ALCATEL USA, INC., | ) |
| | ) |
| Defendant, | ) |
| Counterclaim-Plaintiff. | ) |
| | ) |

**TELCORDIA'S REPLY TO ALCATEL USA, INC.'S
AMENDED COUNTERCLAIMS AND DEMAND FOR JURY TRIAL**

Plaintiff Telcordia Technologies, Inc. ("Telcordia") responds to each of the numbered paragraphs of Alcatel USA, Inc.'s Amended Counterclaims, as set forth in Alcatel USA's Answer and Counterclaims To Plaintiff's First Amended Complaint And Demand For Jury Trial ("Alcatel USA's Amended Counterclaims"), as follows:

**PARTIES**

1. Telcordia admits the allegations of paragraph 1 of Alcatel USA's Amended Counterclaims.

2. Telcordia admits the allegations of paragraph 2 of Alcatel USA's Amended Counterclaims.

**JURISDICTION AND VENUE**

3. In response to paragraph 3 of Alcatel USA's Amended Counterclaims, Telcordia admits that Alcatel USA purports to state an action against Telcordia for a declaratory judgment of noninfringement, unenforceability, and invalidity of U.S. Patent No. 4,893,306 ("the '306

patent") and U.S. Patent No. Re. 36,633 ("the '633 patent") (collectively "Telcordia patents-in-suit"); for breach of contract; for breach of implied covenant of good faith and fair dealing; and for patent infringement.

    4.    In response to paragraph 4 of Alcatel USA's Amended Counterclaims, Telcordia admits that it alleges in its First Amended Complaint that Telcordia is the owner of the Telcordia patents-in-suit and that Alcatel USA infringes the Telcordia patents-in-suit, and Telcordia further admits that Alcatel USA has denied infringing any valid and enforceable claim of the Telcordia patents-in-suit.

    5.    Telcordia admits the allegations of paragraph 5 of Alcatel USA's Amended Counterclaims.

    6.    Telcordia admits the allegations of paragraph 6 of Alcatel USA's Amended Counterclaims.

    7.    Telcordia admits the allegations of paragraph 7 of Alcatel USA's Amended Counterclaims.

    8.    Telcordia admits the allegations of paragraph 8 of Alcatel USA's Amended Counterclaims.

### FIRST COUNTERCLAIM DECLARATORY JUDGMENT PATENT NON-INFRINGEMENT

    9.    In response to paragraph 9 of Alcatel USA's Amended Counterclaims, Telcordia incorporates by reference its responses to paragraphs 1-8 of Alcatel USA's Amended Counterclaims, and Telcordia denies that paragraphs 26-69 of Alcatel USA's Affirmative Defenses state any meritorious defenses to Telcordia's allegations of infringement.

    10.    Telcordia denies the allegations of paragraph 10 of Alcatel USA's Amended Counterclaims.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT PATENT INVALIDITY

11. In response to paragraph 11 of Alcatel USA's Amended Counterclaims, Telcordia incorporates by reference its responses to paragraphs 1-10 of Alcatel USA's Amended Counterclaims, and Telcordia denies that paragraphs 26-69 of Alcatel USA's Affirmative Defenses state any meritorious defenses to Telcordia's allegations of infringement.

12. Telcordia denies the allegations of paragraph 12 of Alcatel USA's Amended Counterclaims.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT PATENT UNENFORCEABILITY

13. In response to paragraph 13 of Alcatel USA's Amended Counterclaims, Telcordia incorporates by reference its responses to paragraphs 1-12 of Alcatel USA's Amended Counterclaims, and Telcordia denies that paragraphs 26-69 of Alcatel USA's Affirmative Defenses state any meritorious defenses to Telcordia's allegations of infringement.

**A.  The '306 Patent**

14. Telcordia denies the allegations of paragraph 14 of Alcatel USA's Amended Counterclaims, and states that paragraphs 15-22 of Alcatel USA's Amended Counterclaims fail to state a claim for which relief may be granted.

15. Telcordia admits the allegations of paragraph 15 of Alcatel USA's Amended Counterclaims.

16. In response to paragraph 16 of Alcatel USA's Amended Counterclaims, Telcordia admits that Mark W. Beckner and Steven T. Minzer authored an article entitled "A Tutorial on Asynchronous Time Division Multiplexing (ATDM): A Packet Access Capability for Broadband Interfaces to ISDNs" (the "Beckner-Minzer Article"), that the article was dated more than one year prior to the filing date of U.S. Application Ser No. 118,977 ("the '977

3

Application"), and that the authors were, at the time they authored the article, employed by Telcordia. Telcordia denies the remaining allegations of paragraph 16 of Alcatel USA's Amended Counterclaims.

17. In response to paragraph 17 of Alcatel USA's Amended Counterclaims, Telcordia admits that Hung-Hsiang Chao and Mark W. Beckner were employed by Telcordia at the same time and were inventors on U.S. Patent No. 4,819,226 ("the '226 patent") (filed on the same day as the '977 Application and covering related technology), and that Hung-Hsiang Chao was aware of certain of Mark W. Beckner's publications. Telcordia denies the remaining allegations of paragraph 17 of Alcatel USA's Amended Counterclaims, and specifically states that no person associated with the filing and prosecution of the '977 Application and covered by 37 C.F.R. § 1.56 was obligated to disclose the article "Design Architectures of a DTDM Packet Assembler and Packet Multiplexer" authored by H.J. Chao to the United States Patent and Trademark Office ("PTO").

18. Telcordia denies the allegations of paragraph 18 of Alcatel USA's Amended Counterclaims.

19. In response to paragraph 19 of Alcatel USA's Amended Counterclaims, Telcordia admits that L.T. Wu, S.H. Lee, and T.T. Lee authored an article entitled "Dynamic TDM — A Packet Approach to Broad Band Networking" (the "Wu Article"), that the article was dated prior to the filing date of the '977 Application, that the article was not entirely authored by the applicants of the '977 Application, and that the article was not disclosed to the PTO. Telcordia denies that the Wu Article was material to the patentability of the '977 Application and to the inventorship of the inventions of the '977 Application, and specifically states that no person associated with the filing and prosecution of the '977 Application and covered by 37 C.F.R.

§ 1.56 was obligated to disclose the article to the PTO. Telcordia lacks sufficient information to admit or deny, and therefore denies, the remaining allegations of paragraph 19 of Alcatel USA's Amended Counterclaims.

20.  Telcordia denies the allegations of paragraph 20 of Alcatel USA's Amended Counterclaims.

21.  In response to paragraph 21 of Alcatel USA's Amended Counterclaims, Telcordia admits that one or more of the applicants and/or individuals acting on behalf of the applicants were aware of the Wu Article. Telcordia denies the remaining allegations of paragraph 21 of Alcatel USA's Amended Counterclaims, and specifically states both that the Wu Article was not material to the '977 Application and that no person associated with the filing and prosecution of the '977 Application and covered by 37 C.F.R. § 1.56 was obligated to inform the PTO of the Wu Article during prosecution of the '977 Application.

22.  Telcordia denies the allegations of paragraph 22 of Alcatel USA's Amended Counterclaims.

**B.  The '633 Patent**

23.  Telcordia denies the allegations of paragraph 23 of Alcatel USA's Amended Counterclaims, and states that paragraphs 24-33 of Alcatel USA's Amended Counterclaims fail to state a claim for which relief may be granted.

24.  In response to paragraph 24 of Alcatel USA's Amended Counterclaims, Telcordia admits that the '633 patent issued from U.S. Patent Application No. 08/555,196, filed November 8, 1995 ("the '196 Application), that Paul E. Fleischer and Chi-Leung Lau are the applicants listed on the face of the '196 Application, that Chi-Leung Lau is also known as Richard Lau, and that at the time the '196 Application was filed, Richard Lau was employed by Telcordia.

Telcordia denies the remaining allegations of paragraph 24 of Alcatel USA's Amended Counterclaims.

25. In response to paragraph 25 of Alcatel USA's Amended Counterclaims, Telcordia admits that on October 11, 1991, Richard Lau (a co-inventor of the '633 patent) and Bruce Kittams (not a co-inventor of the '633 patent) sent a memorandum ("the Lau Memo") to M. Thierry Houdoin at France Telecom/CNET concerning "A Compromise of SFET and TS," that the Lau Memo was sent more than one year before the filing date of the '196 Application, and that as of the date of the Lau Memo, Richard Lau and Bruce Kittams were both employed by Telcordia. Telcordia denies the remaining allegations of paragraph 25 of Alcatel USA's Amended Counterclaims, and specifically states that no person associated with the filing and prosecution of the '196 Application and covered by 37 C.F.R. § 1.56 was obligated to disclose the Lau Memo to the PTO.

26. In response to paragraph 26 of Alcatel USA's Amended Counterclaims, Telcordia admits that Richard Lau had knowledge of the Lau Memo. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegation that Paul E. Fleischer and/or other individuals acting on behalf of the applicants of the '196 Application had knowledge of the Lau Memo and therefore denies the allegation. Telcordia denies the remaining allegations of paragraph 26 of Alcatel USA's Amended Counterclaims.

27. In response to paragraph 27 of Alcatel USA's Amended Counterclaims, Telcordia admits that on October 14, 1991, M. Thierry Houdoin sent a memorandum ("the Houdoin Memo") concerning a "Compromise SFET/TS" to Richard Lau and Bruce Kittams and that the Houdoin Memo was sent more than one year before filing date of the '196 Application. Telcordia denies the remaining allegations of paragraph 27 of Alcatel USA's Amended

Counterclaims, and specifically states that no person associated with the filing and prosecution of the '196 Application and covered by 37 C.F.R. § 1.56 was obligated to disclose the Houdoin Memo to the PTO.

28. In response to paragraph 28 of Alcatel USA's Amended Counterclaims, Telcordia admits that Richard Lau had knowledge of the Houdoin Memo. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegation that Paul E. Fleischer and/or other individuals acting on behalf of the applicants of the '196 Application had knowledge of the Houdoin Memo and therefore denies this allegation. Telcordia denies the remaining allegations of paragraph 28 of Alcatel USA's Amended Counterclaims.

29. In response to paragraph 29 of Alcatel USA's Amended Counterclaims, Telcordia admits that Richard Lau and Paul E. Fleischer co-authored a memorandum, entitled "Synchronous Residue-TS: A Compromise for SFET/TS" ("the Lau-Fleischer Memo"), that the Lau-Fleischer Memo was dated November 4, 1991 (i.e., prior to the filing date of the '196 Application), and that as of the date of the Lau-Fleischer Memo, Richard Lau and Paul E. Fleischer were both employed by Telcordia. Telcordia denies the remaining allegations of paragraph 29 of Alcatel USA's Amended Counterclaims.

30. In response to paragraph 30 of Alcatel USA's Amended Counterclaims, Telcordia admits that Richard Lau and Paul E. Fleischer had knowledge of the Lau-Fleischer Memo. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegation that other individuals acting on behalf of the applicants of the '196 Application had knowledge of the Lau-Fleischer Memo and therefore denies this allegation. Telcordia denies the remaining allegations of paragraph 30 of Alcatel USA's Amended Counterclaims.

31. In response to paragraph 31 of Alcatel USA's Amended Counterclaims, Telcordia admits that Bruce Kittams and J. Y. Cochennec attended a CCITT Study Group meeting in December 1991, that according to a report of the meeting ("the CCITT report"), the CCITT Study Group considered a proposal to which the CCITT report refers as "SRTS (Synchronous Residual Timestamp)" method, and that the CCITT report was prepared prior to the filing date of the '196 Application. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegation that on or before December 13, 1991, Bruce Kittams and J. Y. Cochennec introduced the proposal for the "SRTS (Synchronous Residual Timestamp)" method at the CCITT Study Group meeting and therefore denies this allegation. Telcordia denies the remaining allegations of paragraph 31 of Alcatel USA's Amended Counterclaims.

32. In response to paragraph 32 of Alcatel USA's Amended Counterclaims, Telcordia admits that Richard Lau had knowledge of the CCITT report. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegation that Paul E. Fleischer and/or other individuals acting on behalf of the applicants had knowledge of the CCITT report and therefore denies this allegation. Telcordia denies the remaining allegations of paragraph 32 of Alcatel USA's Amended Counterclaims.

33. Telcordia denies the allegations of paragraph 33 of Alcatel USA's Amended Counterclaims.

## FOURTH COUNTERCLAIM
## DECLARATORY JUDGMENT LACHES

34. In response to paragraph 34 of Alcatel USA's Amended Counterclaims, Telcordia incorporates by reference its responses to paragraphs 1-33 of Alcatel USA's Amended Counterclaims, and Telcordia denies that paragraphs 26-69 of Alcatel USA's Affirmative Defenses states any meritorious defenses to Telcordia's allegations of infringement.

35. In response to paragraph 35 of Alcatel USA's Amended Counterclaims, Telcordia admits that it contacted Alcatel Network Systems about a license under certain Telcordia patents, including the '306 patent, on or about February 6, 1991. Telcordia does not have sufficient information to admit or deny that Alcatel Network Systems is a predecessor in interest to Alcatel USA and thus denies this allegation of paragraph 35 of Alcatel USA's Amended Counterclaims.

36. In response to paragraph 36 of Alcatel USA's Amended Counterclaims, Telcordia admits that it first contacted Alcatel Network Systems about a license under the '306 patent over thirteen years before the present action was filed. Telcordia denies the remaining allegations of paragraph 36 of Alcatel USA's Amended Counterclaims.

37. In response to paragraph 37 of Alcatel USA's Amended Counterclaims, Telcordia admits that it amended its Complaint in this action on June 14, 2005, over eleven years after the issuance of U.S. Patent No. 5,260,978 ("the '978 patent") and that Telcordia surrendered the '978 patent to obtain the '633 reissue patent. Telcordia denies the remaining allegations of paragraph 37 of Alcatel USA's Amended Counterclaims.

38. Telcordia denies the allegations of paragraph 38 of Alcatel USA's Amended Counterclaims.

## FIFTH COUNTERCLAIM
## DECLARATORY JUDGMENT LICENSE, ACQUIESCENCE

39. In response to paragraph 39 of Alcatel USA's Amended Counterclaims, Telcordia incorporates by reference its responses to paragraphs 1-38 of Alcatel USA's Amended Counterclaims, and Telcordia denies that paragraphs 26-69 of Alcatel USA's Affirmative Defenses state any meritorious defenses to Telcordia's allegations of infringement.

40. Telcordia denies the allegations of paragraph 40 of Alcatel USA's Amended Counterclaims.

### A. The '306 Patent

41. In response to paragraph 41 of Alcatel USA's Amended Counterclaims, Telcordia admits that there is a document with a stated effective date of May 21, 1998, which purports to be an agreement between Alcatel Network Systems, Inc. and Telcordia (then Bell Communications Research, Inc.). Telcordia denies the remaining allegations of paragraph 41 of Alcatel USA's Amended Counterclaims.

42. Telcordia denies the allegations of paragraph 42 of Alcatel USA's Amended Counterclaims.

43. Telcordia denies the allegations of paragraph 43 of Alcatel USA's Amended Counterclaims.

### B. The '633 Patent

44. In response to paragraph 44 of Alcatel USA's Amended Counterclaims, Telcordia admits that Newbridge Networks Corporation. ("Newbridge") and Telcordia (then Bell Communications Research, Inc.) entered into an agreement regarding U.S. Patent No. 5,260,978 ("the '978 patent") with a stated effective date of June 17, 1999, which by its terms expired on June 17, 2004. Telcordia denies the remaining allegations of paragraph 44 of Alcatel USA's Amended Counterclaims.

45. Telcordia admits the allegation of paragraph 45 of Alcatel USA's Amended Counterclaims.

46. In response to the allegation of paragraph 46 of Alcatel USA's Amended Counterclaims, Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegations that Alcatel USA is an affiliate of Newbridge (now named Alcatel Canada Inc.) and that Alcatel USA (through its subsidiaries) is also a customer, reseller and/or

distributor of products manufactured and/or sold by Alcatel Canada Inc. and therefore Telcordia denies the allegations. Telcordia denies the remaining allegations of paragraph 46 of Alcatel USA's Amended Counterclaims.

47. Telcordia denies the allegations of paragraph 47 of Alcatel USA's Amended Counterclaims.

## SIXTH COUNTERCLAIM
## DECLARATORY JUDGMENT EQUITABLE ESTOPPEL

48. In response to paragraph 48 of Alcatel USA's Amended Counterclaims, Telcordia incorporates by reference its responses to paragraphs 1-47 of Alcatel USA's Amended Counterclaims, and Telcordia denies that paragraphs 26-69 of Alcatel USA's Affirmative Defenses state any meritorious defenses to Telcordia's allegations of infringement.

49. Telcordia denies the allegations of paragraph 49 of Alcatel USA's Amended Counterclaims.

## SEVENTH COUNTERCLAIM
## DECLARATORY JUDGMENT UNCLEAN HANDS

50. In response to paragraph 50 of Alcatel USA's Amended Counterclaims, Telcordia incorporates by reference its responses to paragraphs 1-49 of Alcatel USA's Amended Counterclaims, and Telcordia denies that paragraphs 26-69 of Alcatel USA's Affirmative Defenses state any meritorious defenses to Telcordia's allegations of infringement.

51. Telcordia denies the allegations of paragraph 51 of Alcatel USA's Amended Counterclaims.

## EIGHTH COUNTERCLAIM
## DECLARATORY JUDGMENT INTERVENING RIGHTS

52. Telcordia denies the allegations of paragraph 52 of Alcatel USA's Amended Counterclaims.

## NINTH COUNTERCLAIM BREACH OF CONTRACT AND/OR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

53. In response to paragraph 53 of Alcatel USA's Amended Counterclaims, Telcordia incorporates by reference its responses to paragraphs 1-52 of Alcatel USA's Amended Counterclaims, and Telcordia denies that paragraphs 26-69 of Alcatel USA's Affirmative Defenses state any meritorious defenses to Telcordia's allegations of infringement.

**A. Breach of Contract**

54. Telcordia denies the allegations of paragraph 54 of Alcatel USA's Amended Counterclaims.

55. Telcordia denies the allegations of paragraph 55 of Alcatel USA's Amended Counterclaims.

56. Telcordia denies the allegations of paragraph 56 of Alcatel USA's Amended Counterclaims.

57. Telcordia denies the allegations of paragraph 57 of Alcatel USA's Amended Counterclaims.

**B.   Breach of the Implied Covenant of Good Faith and Fair Dealing**

58. Telcordia denies the allegations of paragraph 58 of Alcatel USA's Amended Counterclaims.

59. Telcordia denies the allegations of paragraph 59 of Alcatel USA's Amended Counterclaims.

60. Telcordia denies the allegations of paragraph 60 of Alcatel USA's Amended Counterclaims.

### TENTH COUNTERCLAIM BREACH OF CONTRACT AND/OR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

61. In response to paragraph 61 of Alcatel USA's Amended Counterclaims, Telcordia incorporates by reference its responses to paragraphs 1-60 of Alcatel USA's Amended Counterclaims, and Telcordia denies that paragraphs 26-69 of Alcatel USA's Affirmative Defenses state any meritorious defenses to Telcordia's allegations of infringement.

**A.    Breach of Contract**

62. Telcordia denies the allegations of paragraph 62 of Alcatel USA's Amended Counterclaims.

63. Telcordia denies the allegations of paragraph 63 of Alcatel USA's Amended Counterclaims.

64. Telcordia denies the allegations of paragraph 64 of Alcatel USA's Amended Counterclaims.

65. Telcordia denies the allegations of paragraph 65 of Alcatel USA's Amended Counterclaims.

**B.    Breach of Implied Covenant of Good Faith and Fair Dealing**

66. Telcordia denies the allegations of paragraph 66 of Alcatel USA's Amended Counterclaims.

67. Telcordia denies the allegations of paragraph 67 of Alcatel USA's Amended Counterclaims.

68. Telcordia denies the allegations of paragraph 68 of Alcatel USA's Amended Counterclaims.

## ELEVENTH COUNTERCLAIM
## INFRINGEMENT OF U.S. PATENT NO. 6,247,052

69. In response to paragraph 69 of Alcatel USA's Amended Counterclaims, Telcordia incorporates by reference its responses to paragraphs 1-68 of Alcatel USA's Amended Counterclaims, and Telcordia denies that paragraphs 26-69 of Alcatel USA's Affirmative Defenses state any meritorious defenses to Telcordia's allegations of infringement.

70. In response to paragraph 70 of Alcatel USA's Amended Counterclaims, Telcordia admits that, on its face, U.S. Patent No. 6,247,052 ("the '052 patent") is entitled "Graphic User Interface System For A Telecommunications Switch Management System," issued by the United States Patent and Trademark Office on June 12, 2001, and that what appears to be a copy of the '052 patent was attached as Exhibit A to Alcatel USA's Amended Counterclaims. Telcordia denies the remaining allegations of paragraph 70 of Alcatel USA's Amended Counterclaims.

71. In response to paragraph 71 of Alcatel USA's Amended Counterclaims, Telcordia admits that it has made, used, sold, and/or offered to sell, and is continuing to make, use, sell, and/or offer to sell communications network products, including Telcordia™ Integrated Testing & Alarm Analysis System and Telcordia™ Element Communicator and/or components thereof and/or products containing, incorporating or using the same in the United States. Telcordia denies that it has made, used, sold, and/or offered to sell, and is continuing to make, use, sell, and/or offer to sell Telcordia™ Integrated Testing & Alarm Analysis System and Telcordia™ Element Communicator and/or components thereof and/or products containing, incorporating or using the same in the District of Delaware. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

72. Telcordia denies the allegations of paragraph 72 of Alcatel USA's Amended Counterclaims.

73. Telcordia denies the allegations of paragraph 73 of Alcatel USA's Amended Counterclaims.

74. Telcordia denies the allegations of paragraph 74 of Alcatel USA's Amended Counterclaims.

75. Telcordia denies the allegations of paragraph 75 of Alcatel USA's Amended Counterclaims.

76. Telcordia denies the allegations of paragraph 76 of Alcatel USA's Amended Counterclaims.

77. Telcordia denies the allegations of paragraph 77 of Alcatel USA's Amended Counterclaims.

## JURY DEMAND

78. Telcordia does not contest that Alcatel USA has requested a jury trial on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF
## REGARDINGALCATEL USA'S COUNTERCLAIMS

Wherefore, Telcordia denies that Alcatel USA is entitled to judgment in its favor on any of its counterclaims and further denies that Alcatel USA is entitled to any relief based on its counterclaims, including the relief requested in paragraphs (a) through (q) of Alcatel USA's Prayer for Relief for Counterclaim.

## AFFIRMATIVE DEFENSES

79. Without admitting any of the allegations of Alcatel USA's Amended Complaint other than those expressly admitted herein, and without prejudice to Telcordia's right to plead additional affirmative defenses as the facts of the matter warrant, Telcordia hereby incorporates

by reference its responses to paragraphs 69-77 of Alcatel USA's Amended Counterclaims and asserts the following affirmative defenses and supporting allegations.

### FIRST AFFIRMATIVE DEFENSE
### NON-INFRINGEMENT OF THE '052 PATENT

80. Telcordia has not infringed any valid and enforceable claim of the '052 patent in any way, including without limitation, literally or under the Doctrine of Equivalents, contributorily, or by inducement under 35 U.S.C. § 271.

81. The prosecution history and/or the prior art preclude Alcatel USA from asserting a construction of any valid and enforceable claim of the '052 patent that would cover Telcordia's products and services.

### SECOND AFFIRMATIVE DEFENSE
### INVALIDITY OF THE '052 PATENT

82. Each claim of the '052 patent is invalid for failing to meet one or more of the provisions of Title 35, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

### COUNTERCLAIM

83. Telcordia, through its attorneys, asserts the following counterclaim against Alcatel USA and alleges as follows:

### PARTIES

84. Telcordia is a corporation organized and existing under the laws of Delaware, having a place of business at One Telcordia Drive, Piscataway, New Jersey 08854.

85. As averred by Alcatel USA in its Amended Counterclaims, Alcatel USA is a corporation organized and existing under the laws of Delaware, having a business address at 3400 W. Plano Parkway, Plano, Texas 7075.

## JURISDICTION AND VENUE

86. This is an action for declaratory judgment of non-infringement and invalidity of United States Patent No. 6,247,052 ("the '052 patent").

87. This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and 28 U.S.C. § 1367.

88. This Court has personal jurisdiction over Alcatel USA at least by virtue of the fact that Alcatel USA has averred in its Amended Complaint that it is incorporated in Delaware.

89. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

## COUNT I DECLARATION OF NON-INFRINGEMENT AND INVALIDITY

90. Telcordia repeats and realleges the allegations set forth in paragraphs 83-89 above as if fully set forth herein.

91. A case or controversy exists between Telcordia and Alcatel USA regarding any infringement of the '052 patent by Telcordia, and the validity of the '052 patent. This case or controversy is evidenced by virtue of Alcatel USA's counterclaim on the '052 patent against Telcordia in this Court.

92. Telcordia has not infringed any valid and enforceable claim of the '052 patent in any way, including without limitation, literally or under the Doctrine of Equivalents, contributorily, or by inducement under 35 U.S.C. § 271.

93. The prosecution history and/or the prior art preclude Alcatel USA from asserting a construction of any valid and enforceable claim of the '052 patent that would cover Telcordia's products and services.

94. Each claim of the '052 patent is invalid for failing to meet one or more of the provisions of Title 35, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

### PRAYER FOR RELIEF
### REGARDING TELCORDIA'S COUNTERCLAIM

WHEREFORE, Telcordia prays for the following relief:

A. A declaration that Telcordia has not infringed any valid and enforceable claim of the '052 patent in any way, including without limitation, literally or under the Doctrine of Equivalents, contributorily, or by inducement under 35 U.S.C. § 271;

B. A declaration that any valid and enforceable claims of the '052 patent cannot be construed in a manner that would cover Telcordia's products and/or services by reason of prosecution history estoppel and/or prior art;

C. A declaration that the '052 patent is (1) invalid for failure to comply with one or more of the provisions of Title 35, U.S.C., including without limitation sections 102, 103, and/or 112; and

D. Such other and further relief as is just and proper.

ASHBY & GEDDES

/s/ *John G. Day*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

18

*Of Counsel:*

Donald R. Dunner
Richard J. Smith
Don O. Burley
Richard L. Rainey
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave, N.W.
Washington, D.C. 20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
(571) 203-2700

Dated: September 29, 2005
161877.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2005, the attached **TELCORDIA'S REPLY TO ALCATEL USA, INC.'S AMENDED COUNTERCLAIMS AND DEMAND FOR JURY TRIAL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE  19801 | HAND DELIVERY |
| Stuart J. Sinder, Esquire<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY  10004 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
John G. Day