# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

December 15, 2005

The Honorable Gregory M. Sleet  
United States District Court  
844 North King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re:   *Telcordia Technologies, Inc. v. Alcatel U.S.A., Inc.*  
         C.A. No. 04-874-GMS

Dear Judge Sleet:

The parties respectfully submit this joint agenda letter for this morning's 11:30 a.m. call.

## Plaintiff's Issues

**A.     Claim Construction Issue Common to All Cases**

The defendants have not addressed Telcordia's means-plus-function claims during the claim construction process. Telcordia respectfully requests an Order compelling Alcatel (and the other defendants) to provide proposed constructions for all claims and claim terms asserted by Telcordia prior to the November 17, 2005, deadline for exchanging disputed claim terms.

**B.     Alcatel's Claim Constructions**

- Alcatel's conduct in claim construction (identifying 71 claim terms, but only offering constructions for 24 terms, and offering "ordinary meaning" for 5 terms).

**C.     Alcatel's Interrogatory Responses and Document Requests**

- Alcatel's deficient answers to Telcordia's interrogatories on damages, invalidity contentions, and infringement contentions.
- Email and financial documents, including documents showing dollar and unit sales for all Alcatel products accused of infringement.
- Alcatel's answers do not address the '633 patent.
- Production of hardware specifications, bills of materials, board layouts, and schematics for Alcatel's 7300, 7301, 3600 and 3600+ MainStreet products, the NewBridge 31670/Alcatel 7470, NewBridge 36177/Alcatel 7270, and Alcatel 7670 RSP products.

**D.     The Protective Order**

- Telcordia proposes the same "source code" provisions as in the Lucent and Cisco Protective Orders.
- Telcordia proposes that "employees" (not just "attorneys") are proper party designees under the Protective Order.

**Defendant's Issues**

1.  **Telcordia's Unseasonable Assertion of Additional Claims**

2.  **Telcordia's Document Production**

    - Telcordia's refusal to provide any discovery on Alcatel's '052 patent, including any technical or any sales information on the Telcordia products that Alcatel has specifically accused of infringement.
    - Telcordia's withholding of its documents relating to the testing and certification of the specifically accused Alcatel products under Telcordia's OSMINE process.
    - Telcordia's withholding of relevant license agreements.
    - Telcordia's withholding of Fore Systems pleadings, depositions and other court submissions from the Fore Systems case.

3.  **The Protective Order**

    - Alcatel's proposed "source code" provisions are sufficient.
    - European Patent Attorneys should be included in the definition of in-house counsel.
    - Telcordia employees who are actively involved in Telcordia's day-to-day licensing negotiations should not be permitted to view Alcatel confidential information.

4.  **Discovery From Alcatel**
    - Telcordia's improper request for Alcatel's financial information related to Alcatel's sales to the Regional Bell Operating Companies ("RBOCs").

Respectfully,

/s/ *Steven J. Balick*

Steven J. Balick (I.D. #2114)

SJB: dmf
cc: Josy W. Ingersoll, Esquire (by hand)
    Stuart J. Sinder, Esquire (via electronic mail)
    John Williamson, Esquire (via electronic mail)