IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 04-874-GMS |
| ALCATEL USA, INC., ) | |
| ) | |
| Defendant. ) | |

## SECOND NOTICE OF 30(b)(6) DEPOSITION TO ALCATEL USA, INC.

PLEASE TAKE NOTICE that beginning at 9:30 a.m. on January 30, 2006, in the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, or at another time and place agreed upon by the parties, Plaintiff Telcordia Technologies, Inc. ("Telcordia") shall take the deposition upon oral examination of Defendant, Alcatel USA, Inc. ("Alcatel"). Alcatel is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6), one or more of its officers, directors, managing agents, employees, or other designated persons to testify on its behalf with respect to the subject matters set forth in Schedule A, attached hereto. Additionally, pursuant to Fed. R. Civ. P. 30(b)(5), Telcordia requests that Alcatel produce documents with respect to the subject matters set forth in the attached Schedule B by the close of business on January 20, 2006.

The testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes as provided by the Federal Rules of Civil Procedure and Evidence. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony may be recorded by sound, visual, or electronic means in addition to stenographic means.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated:  December 20, 2005

164872.1

# **SCHEDULE A**

# **DEFINITIONS**

1. All definitions and instructions set forth in Telcordia's previous discovery requests (*see, e.g.*, Telcordia's April 7, 2005, Requests for Production; Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Alcatel) are incorporated as if set forth fully herein.

2. For purposes of this Deposition Notice, the term "person" specifically refers to the present and past officers, employees, counsel, agents, consultants, and/or representatives of Alcatel.

3. For the purposes of this Deposition Notice, the term "Alcatel" shall mean Alcatel USA, Inc., together with all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of or related to Alcatel USA, Inc., including all parents, divisions, subsidiaries, affiliates, sister entities, and predecessors of Alcatel USA, Inc. The definition of "Alcatel" includes, without limitation, Alcatel S.A., Alcatel USA, Newbridge Networks Inc., Newbridge Networks Corporation, Alcatel Networks, Inc., Alcatel Canada Inc., Xylan Corporation, Alcatel Internetworking, Inc., and DSC Communications Corporation.

4. The term "document" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronic items such as email, compilations, and databases. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English translation of a requested document shall be deemed a separate document.

5. The term "thing," as used in this Deposition Notice, has the same meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of Alcatel.

6. The phrase "integrated circuit" includes at least semiconductor circuits, ASICs (application specific integrated circuits), and gate arrays (including field programmable gate arrays).

7. The term "Relevant Products" includes all Alcatel products, modules, adapters, and integrated circuits identified in any past, current, or supplemental interrogatory answer (*see, e.g.*, Alcatel's May 11, 2005, Responses to Telcordia's First Set of Interrogatories; Telcordia's July 14, 2005, First Supplemental Responses to Alcatel's First Set of Interrogatories, Alcatel's November 18, 2005, First Supplemental Response to Telcordia Interrogatory No. 1; Telcordia's December 9, 2005, Third Supplemental Responses to Alcatel's First Set of Interrogatories; Alcatel's December 14, 2005, First Supplemental Responses to Plaintiff's First Set of Interrogatories).

8. Additionally, for purposes of this Deposition Notice, the definition of the term "Packetized Data" is that set forth in Telcordia's July 13, 2005, letter attached to Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Alcatel as Exhibit A.

9. The term "Packetized Data Over SONET" refers to sending Packetized Data over SONET.

10. The term "SRTS" refers to "Synchronous Residual Time Stamp," including practicing the "Synchronous Residual Time Stamp" technology disclosed in the ATM Forum Standard (see, e.g., af-vtoa-0078.000 Section 3.4.1), the ITU-T Standard I.363.1 (see, e.g., Section 2.5.2.2.2), and/or the ANSI T1.630 standard (see, e.g., Section 5 referencing I.363.1).

## SUBJECTS OF THE DEPOSITION

1. Design and development of each Relevant Product, including the components, subcomponents, cards, adapters, modules, and integrated circuits that perform Packetized Data Over SONET or SRTS functions. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

2. Evaluation and testing, including the scope, methodologies, and practices of those evaluations and testing, of each Relevant Product, including the components, subcomponents, cards, adapters, modules, and integrated circuits that perform Packetized Data Over SONET or SRTS functions. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

3. Actual and intended operation, including all instructions to customers concerning such operations, of each Relevant Product, including the components, subcomponents, cards, adapters, modules, and integrated circuits that perform Packetized Data Over SONET or SRTS functions. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

4. Installation, set up, maintenance, and adaptation of Relevant Products in networks, including those at third party sites, including installation, set up, maintenance, and adaptation support. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

5. Customer support of each Relevant Product, including information exchanged with or obtained from customers regarding use of, or problems with, Packetized Data Over SONET or SRTS functions. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

6. Structure, characteristics, and operation of Alcatel's Packetized Data Over SONET or SRTS circuitry, including the identification of any Packetized Data Over SONET or SRTS circuitry studied by Alcatel's attorneys or agents and compared to any patent-in-suit. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

7. Compliance of each Relevant Product with "Synchronous Residual Time Stamp" technology disclosed in the ATM Forum Standard (*see, e.g.*, af-vtoa-0078.000 Section 3.4.1), the ITU-T Standard I.363.1 (*see, e.g.*, Section 2.5.2.2.2), and/or the ANSI T1.630 standard (*see, e.g.*, Section 5 referencing I.363.1). Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

8. Design, development, evaluation, testing, operation of technology that performs any alternatives to Packetized Data Over SONET or SRTS functions, including the structure and operation of circuitry in any alternative technology. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

9. Use, testing, inspection, study, copying, reverse engineering, emulation, evaluation, or consideration by Alcatel of any Packetized Data Over SONET or SRTS technology or intellectual property of any party. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

10. Consideration of any product information (including datasheets or product description literature) from any party mentioning Telcordia's patent rights to SRTS technology. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

11. All grounds and all facts supporting or otherwise relating to Alcatel's affirmative defenses and counterclaims pleaded in this litigation relating to noninfringement. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

## SCHEDULE B

## DEFINITIONS AND INSTRUCTIONS

All definitions and instructions set forth in Schedule A above, and all definitions and instructions set forth in Telcordia's previous discovery requests (*see, e.g.*, Telcordia's April 7, 2005, Requests for Production; Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Alcatel) are incorporated as if set forth fully herein.

## DOCUMENT REQUEST

1. All documents that have been reviewed, considered, referred to, or relied upon by Alcatel's Rule 30(b)(6) designee(s) in preparing for this deposition, or that are the source of information that Alcatel expects to provide in response to this Deposition Notice.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2005, the attached **SECOND NOTICE OF 30(b)(6) DEPOSITION TO ALCATEL USA, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE  19801 | HAND DELIVERY |
| Stuart J. Sinder, Esquire<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY  10004 | VIA FEDERAL EXPRESS |

/s/ *Tiffany Geyer Lydon*

Tiffany Geyer Lydon