IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 04-874-GMS |
| ) | |
| ALCATEL USA, INC., ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**THIRD NOTICE OF 30(b)(6) DEPOSITION TO ALCATEL**

PLEASE TAKE NOTICE that beginning at 9:00 a.m. on January 23, 2006, in the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, or at another time and place agreed upon by the parties, Plaintiff Telcordia Technologies, Inc. ("Telcordia") shall take the deposition upon oral examination of Defendant, Alcatel USA, Inc. ("Alcatel"). Alcatel is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6), one or more of its officers, directors, managing agents, employees, or other designated persons to testify on its behalf with respect to the subject matters set forth in Schedule A, attached hereto. Additionally, pursuant to Fed. R. Civ. P. 30(b)(5), Telcordia requests that Alcatel produce documents with respect to the subject matters set forth in the attached Schedule B by the close of business on January 20, 2006.

The testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes as provided by the Federal Rules of Civil Procedure and Evidence. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony may be recorded by sound and visual means in addition to stenographic means.

This Notice supersedes Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Alcatel.

                                                         ASHBY & GEDDES

                                                         */s/ Tiffany Geyer Lydon*
                                                         _____
                                                         Steven J. Balick (I.D. #2114)
                                                         John G. Day (I.D. #2403)
                                                         Tiffany Geyer Lydon (I.D. #3950)
                                                         222 Delaware Avenue, 17th Floor
                                                         P.O. Box 1150
                                                         Wilmington, Delaware 19899
                                                         (302) 654-1888
                                                         sbalick@ashby-geddes.com
                                                         jday@ashby-geddes.com
                                                         tlydon@ashby-geddes.com

                                                         *Attorneys for Plaintiff*
                                                         *Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: December 20, 2005

164877.1

## **SCHEDULE A**

## **DEFINITIONS AND INSTRUCTIONS**

1. All definitions and instructions set forth in Telcordia's previous discovery requests (*see, e.g.*, Telcordia's April 7, 2005, Requests for Production; Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Alcatel) are incorporated as if set forth fully herein.

2. For purposes of this Deposition Notice, the term "person" specifically refers to the present and past officers, employees, counsel, agents, consultants, and/or representatives of Alcatel.

3. For the purposes of this Deposition Notice, the term "Alcatel" shall mean Alcatel USA, Inc., together with all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of or related to Alcatel USA, Inc., including all parents, divisions, subsidiaries, affiliates, sister entities, and predecessors of Alcatel USA, Inc. The definition of "Alcatel" includes, without limitation, Alcatel S.A., Alcatel USA, Newbridge Networks Inc., Newbridge Networks Corporation, Alcatel Networks, Inc., Alcatel Canada Inc., Xylan Corporation, Alcatel Internetworking, Inc., and DSC Communications Corporation.

4. Additionally, for purposes of this Deposition Notice, the definition of the term "Packetized Data" is that set forth in Telcordia's July 13, 2005, letter attached to Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Alcatel as Exhibit A.

5. The term "document" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronic items such as email, compilations, and databases. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English translation of a requested document shall be deemed a separate document.

6. The term "thing," as used in this Deposition Notice, has the same meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of Alcatel.

7. The phrase "integrated circuit" includes at least semiconductor circuits, ASICs (application specific integrated circuits), and gate arrays (including field programmable gate arrays).

8. The term "Relevant Products" includes all Alcatel products, modules, adapters, and integrated circuits identified in any past, current, or supplemental interrogatory answer (*see, e.g.*, Alcatel's May 11, 2005,

       Responses to Telcordia's First Set of Interrogatories; Telcordia's July 14, 2005, First Supplemental Responses to Alcatel's First Set of Interrogatories, Alcatel's November 18, 2005, First Supplemental Response to Telcordia Interrogatory No. 1; Telcordia's December 9, 2005, Third Supplemental Responses to Alcatel's First Set of Interrogatories; Alcatel's December 14, 2005, First Supplemental Responses to Plaintiff's First Set of Interrogatories).

9.     Alcatel is instructed to bring representative organizational charts for Alcatel for each year from 1990 to the present.

## SUBJECTS OF THE DEPOSITION

1.     The identification of each person or entity that has made, purchased, sold, offered for sale, imported, exported, leased, licensed or distributed any Relevant Product.

2.     The identification of the specific Relevant Product(s) made, purchased, sold, offered for sale, imported, exported, leased, licensed or distributed by each person or entity identified in Subject No. 2.

3.     For all Relevant Products, the location and identity of all reference designs, schematics, source code, firmware, hardware description language, software, circuit diagrams, board layouts, component lists, bills of materials, engineering specifications, design specifications, users manuals, users guides, data sheets, white papers, bug reports, engineering change notices, design task lists, progress reports, and design reviews.

4.     The identification of all products that compete(d), or that will compete, with the Relevant Products.

5.     The identification of individuals at Alcatel who are primarily responsible for the following functions and a general explanation of the duties, responsibilities, and activities of each identified person. The identification of the types and names of all reports, documents, and things that these individuals receive, review, use, and/or produce in performing their responsibilities. The functions are as follows:

    (a)     Marketing, advertising, market research, market expectations, and forecasts for the Relevant Products and related products or services;

    (b)     Evaluation of competitors of Alcatel, and competitive products to the Relevant Products and related products or services and markets;

2

  (c)  Accounting, finance, preparation of profit and loss statements, financial expectations, and forecasts regarding the Relevant Products and related products or services;

  (d)  Sales and pricing of the Relevant Products and related products or services;

  (e)  Licensing;

  (f)  Inventory management and logistics for the Relevant Products and related products;

  (g)  Technical testing of the Relevant Products and related products;

  (h)  Research, development, and design related to the Relevant Products and related products;

  (i)  Quality control for the Relevant Products and related products;

  (j)  Procurement of components used in the Relevant Products and related products;

  (k)  Manufacturing of the Relevant Products and related products;

  (l)  Study and coding of source code, firmware, hardware description language, and software regarding the Relevant Products and related products;

  (m)  Formulation of agreements, contracts, licenses, and understandings with suppliers of components used in the Relevant Products and related products;

  (n)  Technical communications with suppliers of components used in the Relevant Products and related products.

6.  The identity of each third-party person, agency, consultant, or entity (hereinafter "third parties") that within the last ten years has provided Alcatel any assistance, information, reports, research, surveys, or suggestions regarding any of the functions listed in Subject 5(a)-(n). For each identified third party, the identification of the types and names of all reports, documents, correspondence, and things that these third parties receive from Alcatel or provide to Alcatel in providing their assistance to Alcatel.

3

7. The identification of all persons familiar with the following events. An explanation of the business activities and relationships of each corporate entity set forth below. The locations and identity of all documents regarding the following events:

    (a) Alcatel S.A.'s acquisition of Newbridge Networks Corporation;

    (b) The creation of Alcatel Networks, Inc.;

    (c) The combination of Newbridge Networks Corporation with "another Alcatel S.A. company";

    (d) The creation of Alcatel Canada, Inc.;

    (e) Alcatel S.A.'s acquisition of Xylan Corporation;

    (f) The creation of Alcatel Internetworking, Inc.;

    (g) Alcatel's acquisition of DSC Communications Corporation;

    (h) Alcatel's acquisition of any and all other entities (including the identification of the entities) that produce(d) Relevant Products or products that are or were predecessors to Relevant Products.

8. The identification of all individuals at Alcatel who are or were responsible for the events set forth in Subject 7(a)-(h).

9. The organizational structure of Alcatel including, but not limited to, the engineering, research and development, marketing, sales, and/or customer service divisions of Alcatel, for each year from 1990 to the present including, but not limited to, the officers, directors, supervisors and/or managers of such divisions.

10. The location and identity of all documents and things searched, considered, identified, reviewed, or collected in determining Alcatel's response to Telcordia's interrogatories, document requests, and Telcordia's deposition notices.

11. The persons who searched, considered, identified, reviewed, or collected any documents or things in determining Alcatel's response to Telcordia's interrogatories, document requests, and deposition notices. The dates on and locations at which each such persons considered, identified, reviewed, or collected any documents or things in response to Telcordia's interrogatories, document requests, and deposition notices.

4

12. The persons, both inside and outside of Alcatel, contacted or consulted in determining Alcatel's response to Telcordia's interrogatories, document requests, and deposition notices.

13. The policies regarding retention or destruction of documents and things at Alcatel and the persons responsible for developing, managing, revising, and enforcing those policies.

# SCHEDULE B

# DEFINITIONS AND INSTRUCTIONS

All definitions and instructions set forth in Schedule A above, and all definitions and instructions set forth in Telcordia's previous discovery requests (*see, e.g.*, Telcordia's April 7, 2005, Requests for Production; Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Alcatel) are incorporated as if set forth fully herein.

# DOCUMENT REQUESTS

1. All documents and things that have been referred to by Alcatel in preparing for this deposition, or that are the source of information that Alcatel expects to provide in response to this Deposition Notice.

2. All documents and things concerning:

    (a) Alcatel S.A.'s acquisition of Newbridge Networks Corporation;

    (b) The creation of Alcatel Networks, Inc.;

    (c) The combination of Newbridge Networks Corporation with "another Alcatel S.A. company";

    (d) The creation of Alcatel Canada, Inc.;

    (e) Alcatel S.A.'s acquisition of Xylan Corporation;

    (f) The creation of Alcatel Internetworking, Inc.;

    (g) Alcatel's acquisition of DSC Communications Corporation;

    (h) Alcatel's acquisition of any and all other entities that produce(d) Relevant Products or products that are or were predecessors to Relevant Products.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2005, the attached **THIRD NOTICE OF 30(b)(6) DEPOSITION TO ALCATEL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Stuart J. Sinder, Esquire<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | **VIA FEDERAL EXPRESS** |

/s/ *Tiffany Geyer Lydon*

Tiffany Geyer Lydon