# TAB 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., | **SUBPOENA IN A CIVIL CASE** |
| Plaintiff/Counterclaim-Defendant, | |
| v. | Case No.: 04-CV-874 GMS |
| ALCATEL USA, INC. | NOW PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE |
| Defendant/Counterclaim-Plaintiff. | |

TO:   Ericsson, Inc.
      c/o Vice President Legal Affairs
      6300 Legacy Dr.
      Plano, TX 75024

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which will be recorded in stenographic, audio and/or audiovisual formats.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below or at a mutually agreed to location (list documents or objects):
See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Kenyon & Kenyon LLP<br>One Broadway<br>New York, NY 10004 | Feb. 27, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]   Adam W. Poff<br>Attorney for Defendant<br>Alcatel USA, Inc. | Feb. 13, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
Adam W. Poff, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Bandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

(302) 571-6624

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS

For all the document requests, the following definitions apply:

A.    As used herein, the term "Telcordia" shall mean Telcordia Technologies, Inc., and shall specifically include all predecessors, including but not limited to Bell Communications Research, Inc., whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

B.    As used herein, the term "Alcatel" shall mean Alcatel USA, Inc., and shall specifically include all predecessors, whether created and/or acquired by merger, consolidation, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

C.    As used herein, the terms "Ericsson," "you," and "your" shall mean Ericsson, Inc., and shall specifically include all predecessors, including but not limited to Fore Systems, Inc., and Marconi Communications, Inc., whether created and/or acquired by merger, consolidation, asset acquisition, divestiture or by other means, and their successors, and all divisions, their subsidiaries (whether wholly or partially owned), affiliates, officers, directors, employees, agents, counsel, and representatives thereof.

D.    Except as specifically provided herein, words imparting the singular shall include the plural and vice versa.

E.  The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these requests any information which might be deemed outside their scope by any other construction.

F.  The term "Relevant Patents" shall mean and refer to United States Patent Nos. 4,893,306 ("the '306 patent"), RE 36,633 ("the '633 patent) and its predecessor 5,260,978 ("the '978 patent"), and 4,835,763 ("the '763 patent").

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1.

All pleadings, discovery requests, discovery responses, hearing transcripts, expert reports, deposition transcripts, declarations, motions and supporting memoranda (including response and reply memoranda and claim construction briefs), and correspondence filed with the court or exchanged between the parties in *Bell Communications Research, Inc. v. Fore Systems, Inc.*, No. 98-586-JJF (D. Del.), and *Bell Communications Research, Inc. v. Fore Systems, Inc.*, Nos. 02-1083, -1084 (Fed. Cir.).

### DOCUMENT REQUEST NO. 2.

All documents concerning any settlement, license, proposed license, covenant not to sue, and negotiations, including draft agreements past and present, between Telcordia and Ericsson for any of the Relevant Patents.

### DOCUMENT REQUEST NO. 3.

All documents concerning the financial and technical value of the Relevant Patents.

### DOCUMENT REQUEST NO. 4.

Documents sufficient to identify all products made, used, sold, or offered for sale by Ericsson that are marked with numbers of Telcordia's patents, including the Relevant Patents.

### DOCUMENT REQUEST NO. 5.

All documents concerning communications between Telcordia and Ericsson regarding marking of Ericsson products with the patent numbers of Telcordia's patents, including the Relevant Patents.

FEB-14-2006 11:07        2146517114                                              P.03/04

*Lori Harper*
*Legal Admin*

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS

TELCORDIA TECHNOLOGIES, INC.,                    SUBPOENA IN A CIVIL CASE

    Plaintiff/
    Counterclaim-Defendant,
                                                 Case No.: 04-CV-874 GMS

    v.                                         NOW PENDING IN THE UNITED STATES
                                                 DISTRICT COURT FOR THE DISTRICT
ALCATEL USA, INC.                                OF DELAWARE

    Defendant/
    Counterclaim-Plaintiff.

TO:   Ericsson, Inc.
       c/o Vice President Legal Affairs
       6300 Legacy Dr.
       Plano, TX 75024

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which will be recorded in stenographic, audio and/or audiovisual formats.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below or at a mutually agreed to location (list documents or objects):
See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Kenyon & Kenyon LLP<br>One Broadway<br>New York, NY 10004 | Feb. 27, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Adam W. Poff<br>Attorney for Defendant<br>Alcatel USA, Inc. | Feb. 13, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
Adam W. Poff, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

FEB-14-2006  11:07        2146517114                                                        P.04/04

A0UU (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2-13-06 | 6300 Legacy Dr. Plano Tx |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Lori Harper, Legal Admin | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Marc Cohen | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE

SIGNATURE OF SERVER

400 S. Houston St. #105
ADDRESS OF SERVER   Dallas Tx.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

TOTAL P.04

FEB-14-2006  11:07                2146517114                                                    P.02/04

Telcordia Technologies, Inc., et al., Plaintiff(s)
vs.
Alcatel USA, Inc., et al., Defendant(s)

Service of Process by
**APS International, Ltd.**
1-800-328-7171
APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

APS File #: 076764-0001

## AFFIDAVIT OF SERVICE -- Corporate

Service of Process on:
-- Ericsson, Inc.
Court Case No. 04-CV-874-GMS

YOUNG, CONAWAY, ET AL
Mr. Mark Rigney
1000 West Street, 17th Floor
Wilmington, DE 19801

State of: Texas  ) ss.
County of: Dallas  )

**Name of Server:** Jason M. Cohen, undersigned, being duly sworn, deposes and says that at the time of service, s/he was of legal age and was not a party to this action;

**Date/Time of Service:** that on the 13th day of Feb., 2006, at 4:30 o'clock PM

**Place of Service:** at c/o Vice President Legal Affairs, in Plano, TX 75024
6300 Legacy Dr.

**Documents Served:** the undersigned served the documents described as:
Subpoena in a Civil Case
Exhibit A
Document Requests

**Service of Process on:** A true and correct copy of the aforesaid document(s) was served on:
Ericsson, Inc.

**Person Served, and Method of Service:** By delivering them into the hands of an officer or managing agent whose name and title is: Lori Harper, Legal Administrative

**Description of Person Receiving Documents:** The person receiving documents is described as follows:
Sex F ; Skin Color W ; Hair Color brown ; Facial Hair na
Approx. Age 46 ; Approx. Height 5'10" ; Approx. Weight 120 lbs

[ ] To the best of my knowledge and belief, said person was not engaged in the US Military at the time of service.

**Signature of Server:** Undersigned declares under penalty of perjury     Subscribed and sworn to before me this
that the foregoing is true and correct.                                     14th day of Feb., 2006

Jason M. Cohen                                                              Notary Public    (Commission Expires)
Supreme Court No. SC000000355
APS International, Ltd.

MELISSA WOOLEY
MY COMMISSION EXPIRES
December 4, 2008