## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TELCORDIA TECHNOLOGIES, INC.,

|  |  |
|---|---|
| *Plaintiff*, | |
| *Counterclaim-Defendant*, | |
| vs. | **Civil Action No. 04-874-GMS** |
| | |
| ALCATEL USA, INC., | |
| *Defendant*, | |
| *Counterclaim-Plaintiff*. | |

## STIPULATION AND PROTECTIVE ORDER

The parties to this litigation desire to hold confidential and limit the disclosure of certain trade secret or other confidential financial, technical, or commercial information which may be produced during discovery or trial of this action. Accordingly, pursuant to FEDERAL RULE OF CIVIL PROCEDURE RULE 26(c), it is hereby STIPULATED by and between the parties to the above-captioned litigation through their respective counsel, and ORDERED and DECREED that the following Protective Order be entered to give effect to the agreed-upon terms and conditions, as follows:

1.      Definitions:

      1.1      "Alcatel" means Alcatel USA, Inc. and its divisions, subsidiaries, affiliates, predecessors, and successors-in-interest.

      1.2      "Telcordia" means Telcordia Technologies Inc., and its divisions, subsidiaries, affiliates, predecessors and successors-in-interest.

      1.3      The term "Designating Party" means Alcatel, Telcordia, or any non-party producing documents or information under this Protective Order. The terms

"party" or "parties" mean Alcatel, Telcordia, and any non-party where applicable to enable such non-party to protect its "Confidential" Material.

1.4     The term "Confidential" Material means any information that a Designating Party believes in good faith contains any trade secret or other confidential research, development, or commercial information within the meaning of FEDERAL RULE OF CIVIL PROCEDURE 26(c)(7), and which the Designating Party designates as "Confidential." Confidential Material shall not include:

    1.4.1     information that is in the public domain at the time of disclosure;

    1.4.2     information which after disclosure is published or becomes part of the public domain through no fault of a party receiving information under this Protective Order, but only after it is published or comes into the public domain;

    1.4.3     information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure; or

    1.4.4     information disclosed by a third party that is not subject to any confidentiality obligations at the time of disclosure.

1.5     "Document" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure.

2.    This Protective Order is applicable to Alcatel on the one side, and Telcordia on the other side, and to any non-party producing documents or information under this Protective Order, solely in connection with any proceeding or action between the parties and for no other purpose. It is expressly ordered that this Protective Order will not, in any manner, be disclosed to the jury in the above-captioned litigation. It is further ordered that this Protective Order will not be used, in any manner or form, direct or indirect, as substantive evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, save and except a hearing which involves issues related to the enforcement or application of any provision of this Protective Order. It is further ordered that this provision is absolutely and completely essential to this Protective Order and that this paragraph is not severable from any remaining paragraph or provision of this Protective Order.

3.    Except as otherwise provided below, any document, data, thing, deposition testimony, response to a request to admit, or interrogatory answer produced, given, or served pursuant to discovery requests in this litigation and designated by the producing party as "Confidential," or any information contained in or derived from any of such Material, shall be subject to the provisions of this Protective Order until further order of the Court. Nothing in this Protective Order shall permit one party to designate documents produced by any other unaffiliated party as "Confidential," or otherwise subject those documents to the provisions of this Protective Order, so long as the document in question is not a document originally of the party desiring to designate it, or a summary thereof, or derived therefrom. Moreover, a designation by a party that any Material is "Confidential" shall be done consistent with Paragraph 1.4.

4.    The following rules shall govern the designation of Material as "Confidential."

4.1    Material shall be designated as "Confidential" by stamping the legend "Confidential" on each page thereof as to which confidentiality is claimed. The party designating any information as "Confidential" shall have the duty and responsibility to designate and mark the Material containing that information as such. All copies of Material stamped "Confidential" shall again be stamped "Confidential" if the duplicating process by which copies of such Materials are made does not reproduce the original stamp.

4.2    Orally conveyed information may be designated as "Confidential" provided that it is so designated at the time of disclosure and provided further that the disclosing party confirms the scope of the "Confidential" disclosure in writing to the receiving party within ten (10) days of such disclosure.

4.3    With respect to materials produced for inspection by a party, the producing party need not designate the Material by stamping or labeling it "Confidential" until the inspecting party requests copies of the materials. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, attorney-client privilege, or work product immunity, and all materials provided for inspection shall be treated as though designated "Confidential" at the time of the inspection.

4.4    Any party may designate a deposition or portion thereof as "Confidential" by denominating by page and line those portions of the deposition which are to be considered "Confidential" within thirty (30) days of receiving the transcript and so informing all other parties of such designation. Until the 30-day period to

designate deposition testimony as "Confidential" has passed, the deposition transcript shall be treated as "Confidential" in its entirety. Additionally, a party may orally designate testimony as "Confidential" during the course of the deposition, in which case the court reporter shall transcribe the pages so designated in a separate volume marked "Confidential." Any portion or separately bound volume of a deposition so designated shall not be filed with the Court, except in accordance with paragraph 15 of this Protective Order.

4.5    With respect to any Material designated as "Confidential" that is not produced in paper form (such as diskettes, magnetic media, and other Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party shall, to the extent practicable, produce such Material with a cover labeled "Confidential" and shall inform all counsel in writing of the "Confidential" designation of such Material at the time such Material is produced.

4.6    A Designating Party that inadvertently fails to mark any information as "Confidential" may later give written notice to the receiving party that the information is "Confidential" and should be treated as such in accordance with the provisions of this Protective Order. Such notice shall be accompanied by appropriately marked substitute copies of such information. From the date the receiving party receives such notice, it must treat such information as "Confidential," and, within five (5) days, it must return or destroy the unmarked information and all copies thereof. The receiving party's disclosure of such information prior to receipt of such notice to persons not authorized to receive

Material shall not be deemed a violation of this Protective Order. However, the receiving party must (i) advise unauthorized persons to whom disclosure was made that the Material is "Confidential," and (ii) must inform them that the Material should now be treated in accordance with the provisions of this Protective Order.

5.    For "Confidential" Material produced on diskettes, magnetic or electronic media, and other non-paper methods, only persons falling under paragraphs 7.1 may create paper versions of the media (by printing or other means) produced by the opposing party. If any person shall print or otherwise create paper copies of non-paper versions of Material of another party that is designated as "Confidential," such person shall timely mark such documents with the appropriate "Confidential" stamp prior to distributing such Material.

6.    Notwithstanding the provisions of paragraph 4.4, witnesses or other persons may attend depositions pursuant to the Federal Rules of Civil Procedure or by agreement of the parties. However, unless such witness or person is entitled to review "Confidential" Material, that witness or person must leave the room before any disclosure or discussion of any Material that the witness or person is not entitled to review. Moreover, each party must inform the opposing party at least 24 hours in advance of a deposition regarding any witness or other person not entitled to review "Confidential" Material that they intend to attend at the deposition.

7.    Persons Permitted to Receive Certain Information

7.1    No "Confidential" Material subject to this Protective Order, or extracts or summaries or Material derived therefrom, shall be given or shown to any person except the following:

061908.1002

7.1.1    Outside attorneys for any party engaged in the litigation of this action (or a related action for infringement of Alcatel's U.S. Patent No. 6,247,052 ("the '052 patent") that might arise from Telcordia's September 29, 2005, Motion to Dismiss, or in the Alternative to Sever and Stay Alcatel USA Inc.'s Patent Infringement Counterclaim, or any other action the Court may take to sever Alcatel's counterclaim for infringement of the '052 patent (a "Related Action")), and the employees of such attorneys, as well as outside reproduction, translation, and document management services retained by the outside attorneys for any party.

7.1.2    Up to six (6) current employees ("Party Designees") who are approved in advance by the parties pursuant to the procedure set forth in Paragraph 10, as well as clerical staff under the Party Designees' supervision.  The parties recognize that the responsibilities of Party Designees may change during the litigation, and that the replacement of a previously approved Party Designee with a new Party Designee may therefore become appropriate.  Replacement Party Designees must be approved pursuant to the procedure set forth in Paragraph 10.   In the event that the responsibilities of a Party Designee change and the parties wish that individual to remain a Party Designee pursuant to this paragraph, the designating party will notify the other party of the change in responsibilities, and the other party will have the right to object pursuant to the procedure set forth in Paragraph 10.

7.1.3    Persons not employees of any party who are expressly retained to assist such party's counsel ("Retaining Counsel") in the preparation of this action or a Related Action for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons (collectively, "Outside Experts"), after such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A, and subject to the provisions of Paragraph 10.

7.1.4    The Court, other court officials (including court reporters) and the trier of fact, pursuant to a motion requesting the material be sealed in accordance with this Protective Order.

7.1.5    A person listed on a document constituting or containing the Material, as an author, addressee, or recipient of such document.

7.1.6    Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial or other court proceedings in this action; jury or trial consulting services retained by a party in this action or a Related Action; or mock jurors retained by a party in this action, excluding individuals who are employees of a named party.

8.    No person allowed to view "Confidential" Material shall use such "Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of any proceeding or action between the parties and for no other purpose,

and each such person shall take all steps reasonably necessary to protect the confidentiality of the Material.

9.    If any party wishes to disclose another party's "Confidential" Material to any person not described in paragraph 7.1 above, that party must notify the Designating Party in writing and provide (1) the name of the person to whom the "Confidential" Material is to be disclosed and (2) a description of the Material proposed to be disclosed to such person. The Designating Party must, within seven (7) business days, notify the party wishing to disclose the information of its objections, if any, to the disclosure. If the Designating Party objects to the disclosure, the party wishing to disclose the information must seek relief pursuant to the dispute resolution process outlined in paragraph 3(a) of the Scheduling Order, requesting permission to disclose the identified Material to the named person. If relief is sought, such Material shall not be disclosed to the named person pending a decision by the Court. If no relief is sought, the protection afforded "Confidential" Material by this Protective Order shall continue as to the Material described in the moving party's notice given pursuant to this paragraph. Any person who becomes authorized to receive "Confidential" Material pursuant to this paragraph shall, prior to the receipt of Material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit A. Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order.

10.    Prior to showing any "Confidential" Material of the Designating Party to any of the individuals identified in Paragraphs 7.1.2 and 7.1.3, the party proposing the disclosure shall serve on the Designating Party (i) a written notice identifying such individual and stating such individual's present occupation, employer and position, and any other business affiliation for the past 10-years; (ii) for individuals identified in paragraph 7.1.2, a detailed description of the

individual's job responsibilities for the lesser of (a) the past 10-years, or (b) the total number of years that the individual has been employed by the party proposing disclosure; (iii) for individuals identified in paragraph 7.1.3, an up-to-date copy of such individual's curriculum vitae; and (iv) a copy of the undertaking in Exhibit A executed by such individual. The Designating Party shall have seven (7) days to object to the disclosure of its "Confidential" Material to such individual. If at the end of the 7-day period, no written objection has been received by the party that wishes to disclose the "Confidential" Material, then the individual may receive copies of such "Confidential" Material upon compliance with all applicable provisions of this Protective Order. If the Designating Party objects to the disclosure of its "Confidential" Material to such individual, the Designating Party must seek relief pursuant to the dispute resolution process outlined in paragraph 3(a) of the Scheduling Order within seven (7) business days after written receipt from the party proposing the disclosure that it disagrees with the Designating Party's objection. If relief is sought in conformity with this paragraph, no disclosure to a person subject to the dispute may occur unless and until the Court rules otherwise, or the parties agree otherwise. Under no circumstances shall any individual referenced in Paragraphs 7.1.2 and 7.1.3 be allowed to review any "Confidential" Material unless such individual has executed a copy of Exhibit "A."

11.     If a Receiving Party receives a subpoena or other compulsory process from a non-party seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving

Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order. This provision shall not govern discovery requests seeking production in Civil Action Nos. 04-875-GMS and 04-876-GMS of Designated Material in this action. Any such request will be governed by a separate agreement of the parties in this action and in Civil Action Nos. 04-875-GMS and 04-876-GMS.

12.     Material that contains a Designating Party's source code may be designated as "Confidential-Source Code" or "Highly Confidential-Source Code."

13.     All protections applicable to "Confidential" material are also applicable to "Highly Confidential-Source Code" material. Additionally, the following protections apply to "Highly Confidential-Source Code" material.

> 13.1     Any Designating Party producing "Highly Confidential-Source Code" Material to Telcordia or Alcatel will make relevant "Highly Confidential-Source Code" Material available for inspection on a computer in New York, N.Y., or Washington, D.C., in the office of the outside attorneys of the Designating Party (or at any other mutually agreeable location); provided, however, that if the Designating Party is a non-party, then such "Highly Confidential-Source Code" Material will be made available for inspection in New York, N.Y., or Washington, D.C. (or at any other mutually agreeable location).
>
> 13.2     Access to information designated "Highly Confidential-Source Code" shall be limited to those persons set forth in paragraphs 7.1.1 through 7.1.6, except that no

Party Designee (under paragraph 7.1.2) shall have access to information designated "Highly Confidential-Source Code."

13.3  Source code inspection may be conducted during normal business hours, 9 am to 5 pm local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request.

13.4  Each computer will be connected to a printer.  At least 24 hours prior to inspection, the Designating Party will explain the format of the source code, and will describe the software that will be made available on the computer during inspection.  The Designating Party will comply with any reasonable request to make specific software available on the computer during inspection.  During the source code inspection, the receiving party's outside attorneys may print reasonable portions of relevant source code.  The printed portions of the "Highly Confidential-Source Code" Material may not be taken from the location of the inspection by the receiving party's outside attorneys or the authorized individuals under paragraph 13.2.  Instead, the Designating Party's outside attorneys will produce a paper copy of the portions of the "Highly Confidential-Source Code" Material printed during the source code inspection.  The Designating Party's outside attorneys will promptly give these paper copies production numbers and ship them for overnight delivery to the receiving party's outside attorneys within two (2) days of the source code inspection.  The Designating Party will consider any reasonable request that it expedite its production of paper copies of these relevant portions of the "Highly Confidential-Source Code" Material.  No

electronic copies of the "Highly Confidential-Source Code" Material will be produced, unless the designating party consents to such production.

13.5    Any and all "Highly Confidential-Source Code" Material produced to the receiving party shall be maintained in the sole custody and control of the receiving party's outside counsel of record in the United States ("Source Code Custodian").

13.6    The receiving party's outside attorneys may make working paper copies of the "Highly Confidential-Source Code" Material produced by the Designating Party; however, no electronic copies of the paper copies may be made by the receiving party's outside attorneys or authorized individuals under paragraph 13.2 working with the receiving party's outside attorneys.

13.7    Any working paper copies of such "Highly Confidential-Source Code" Material shall be stored and viewed only within the United States at:  (a) at most two designated United States offices of the Source Code Custodian; (b) the sites where any depositions relating to the source code are taken for the dates associated with the taking of the deposition; (c) the Court; (d) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition); or (e) the offices of an Outside Expert.  Any and all such copies of "Highly Confidential-Source Code" Material shall be maintained in a secured, locked area.  For each and every copy, including working paper copies, of any "Highly Confidential-Source Code" Material, or any portion of any such material, the Source Code Custodian shall maintain a log detailing the location of the copy.

13.8    The receiving party's outside attorneys may share working paper copies of the "Highly Confidential-Source Code" Material with individuals under paragraph 13.2, however, the receiving party's outside attorneys must keep a log of the number of working paper copies of the "Highly Confidential-Source Code" Material made, when the copies were made, and to whom they were provided and when they were provided to that person, and at the conclusion of the litigation, the receiving party's outside attorneys must produce the log and all paper copies of the Designating Party's "Highly Confidential-Source Code" Material to the Designating Party's outside attorneys, and persons to whom the paper copies of the "Highly Confidential-Source Code" Material were provided must certify in writing that all copies of the "Highly Confidential-Source Code" Material have been returned to the receiving party's outside attorneys.

13.9    The source code inspection may be supervised by the Designating Party's outside attorneys and/or others working with such counsel in a manner that will not interfere with the receiving party's confidential communications or otherwise invade the receiving party's attorney work product.

13.10   The receiving party's outside attorneys must give at least 2 business day's and 48 hours' notice to the Designating Party's outside attorneys that it will be sending an authorized individual under paragraph 13.2 to inspect the "Highly Confidential-Source Code" Material.

13.11   The receiving party may use paper copies of "Highly Confidential-Source Code" Material produced pursuant to paragraph 13.4 at depositions of persons authorized to review the "Highly Confidential-Source Code" Material under paragraph 13.2.

The Designating Party will consider any reasonable request by the receiving party that it make an electronic copy of "Highly Confidential-Source Code" Material available at depositions of persons authorized to review the "Highly Confidential-Source Code" Material under paragraph 13.2, but the receiving party's outside attorneys must give the Designating Party's outside attorneys at least 3 business day's and 72 hours' notice that it would like the electronic copy of "Highly Confidential-Source Code" Material to be made available at the deposition. The Designating Party shall not unreasonably deny a request pursuant to this paragraph.

13.12   The outside counsel for the receiving party shall notify the Designating Party within 24 hours of becoming aware of any loss, theft, or unauthorized copying of the "Highly Confidential-Source Code" Material.

14.    All protections applicable to "Confidential" material are also applicable to "Confidential-Source Code" material.    Additionally, the following protections apply to "Confidential-Source Code" material.

14.1   "Confidential-Source Code" material will be produced on CDs in electronically searchable format. The source code may only be accessed from the CDs on a password-protected, non-networked computer under the exclusive control of the Outside Expert or counsel authorized to view the CDs. Printing of "Confidential-Source Code" is permitted only with a contemporaneously generated or applied label indicating that the printed material is "Confidential-Source Code" Material subject to Protective Order. Any printed "Confidential-Source Code" Material that the receiving party plans to use for any purpose in the litigation must be

produced by the receiving party back to the Designating Party bearing sequential production numbers. Printed "Confidential-Source Code" Material remains subject to the provisions of this paragraph.

14.2    Access to information designated "Confidential-Source Code" shall be limited to those persons set forth in paragraphs 7.1.1 through 7.1.6, except that no Party Designee (under paragraph 7.1.2) or employee of such Party Designee shall have access to information designated "Confidential-Source Code."

14.3    Any and all "Confidential-Source Code" Material produced to the receiving party shall be maintained in the sole custody and control of the receiving party's outside counsel of record in the United States ("Source Code Custodian").

14.4    The receiving party's outside attorneys may make working copies of the CDs containing "Confidential-Source Code" Material. Any working copies of such "Confidential-Source Code" Material shall be stored and viewed only within the United States at: (a) at most two designated United States offices of the Source Code Custodian; (b) the sites where any depositions relating to the source code are taken for the dates associated with the taking of the deposition; (c) the Court; (d) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition); or (e) the offices of an Outside Expert. Any and all such copies of "Confidential-Source Code" Material shall be maintained in a secured, locked area. For each and every copy of any "Confidential-Source Code" Material, or any portion of any such material, the Source Code Custodian shall maintain a log detailing the location of the copy. The log must track the

number of working copies of the "Confidential-Source Code" Material, when the copies were made, and to whom they were provided and when they were provided to that person, and at the conclusion of the litigation, the receiving party's outside attorneys must produce the log and all copies of the Designating Party's "Confidential-Source Code" Material to the Designating Party's outside attorneys, and persons to whom the copies of the "Confidential-Source Code" Material were provided must certify in writing that all copies of the "Confidential-Source Code" Material have been returned to the receiving party's outside attorneys.

14.5    The receiving party may use copies of "Confidential-Source Code" Material produced pursuant to paragraph 14.1 at depositions of persons authorized to review the "Confidential-Source Code" Material under paragraph 14.2.

14.6    The outside counsel for the receiving party shall notify the Designating Party within 24 hours of becoming aware of any loss, theft, or unauthorized copying of the "Confidential-Source Code" Material.

15.    If any party believes that any Material which has been designated by any other party as "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" is not properly subject to the confidentiality provisions of this Protective Order, that party may so notify the Designating Party in writing and provide a description of the Material which the objecting party believes should be freed from the constraints of this Protective Order, and serve such notice on lead counsel for all other parties herein. Such description shall specifically identify each document and the reason that party believes the designation should be changed. The Designating Party must, within seven (7) business days, respond to the objecting party by

either agreeing to change the confidentiality designation or setting forth its reasons for maintaining the designation. If the Designating Party does not change the designation, the objecting party must then seek relief, following the dispute resolution process outlined in paragraph 3(a) of the Scheduling Order, requesting the de-designation of the disputed Material. The Designating Party shall bear the burden of justifying the designation of the disputed Material. If such relief is sought, the protection afforded by this Protective Order shall continue until a decision is made by the Court. If no relief is sought, the prior designation shall continue as to the Material described in the objecting party's notice given pursuant to this paragraph.

16.    No "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material shall be disclosed in a deposition to a person not authorized to receive it under this Protective Order absent agreement of the parties. During the deposition of an employee of a party, nothing in this Protective Order shall require such employee to sign Exhibit "A" prior to being shown his or her employer's "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material.

17.    Nothing in this Protective Order shall restrict the Designating Party from using for any purpose or disclosing in any manner to anyone its own "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" Material, and nothing in this Protective Order shall require any person receiving "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" Material directly from the Designating Party to sign Exhibit "A" prior to being shown the "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material.

18.    Except for use in trial, in the event that any "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential Source Code" Material that is subject to the provisions of this Protective Order is contained in motions, briefs, or other documents filed with the Court, such document shall be filed under seal and bear the legend:

> "THIS ENVELOPE CONTAINS MATERIALS WHICH ARE DESIGNATED CONFIDENTIAL PURSUANT TO A PROTECTIVE ORDER. THIS ENVELOPE AND ITS CONTENTS SHALL NOT BE MADE AVAILABLE TO ANY PERSON OTHER THAN THE COURT AND COUNSEL FOR THE PARTIES."

19.    Any Material designated as "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" may not be offered into evidence at trial or any other proceeding unless the Designating Party is given reasonable notice, an opportunity to object and to seek a protective order. For the purposes of trial, designation of information in the pre-trial order shall be considered to be sufficient notice to a party with respect to the information referenced therein. When counsel for any party deems that any question or line of questioning during trial or any other proceeding may call for the disclosure of material designated as "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code," counsel may designate on the record that the testimony is deemed "Confidential." Whenever Material designated as "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" is to be discussed at trial or any other proceeding, the Designating Party may request the Court to exclude from the room any person not entitled to receive such information as described under paragraph 7 of this Protective Order.

20.    This Protective Order shall not be deemed a waiver of:

20.1    any party's right to object to any discovery requests on any ground;

20.2    any party's right to seek an order compelling discovery with respect to any discovery request;

20.3    any party's right in any proceeding or action herein to object to the admission of any evidence on any ground;

20.4    any party's right to use and disclose its own documents and its own "Confidential," "Confidential-Source Code," or "Highly Confidential-Source Code" Material in its sole and complete discretion; or

20.5    the status of any Material as a trade secret.

21.    The provisions of this Protective Order shall continue in effect with respect to any "Confidential" Material, "Confidential-Source Code," or "Highly Confidential-Source Code" until expressly released by the Designating Party of such Material. Any party may move the Court to amend any portion of this Protective Order, including amendment to permit actual trial witnesses access to trial exhibits and transcripts of testimony that are reasonably necessary to assist such witnesses in preparation for that testimony. Unless otherwise agreed by the Designating Party, within sixty (60) days of the final determination of this action (within thirty (30) days for all "Confidential-Source Code" or "Highly Confidential-Source Code" Material), each party shall return all "Confidential" Material, "Confidential-Source Code" Material, and "Highly Confidential-Source Code" Material of any other party in its possession or control, and all copies, derivations and summaries thereof, to the Designating Party, or certify that all such documents have been destroyed, except that the attorneys of record for each party may retain one

archival copy or sample of the Material designated as "Confidential" for reference in the event of a dispute over the use or dissemination of information, and may retain or destroy at their option any document which includes or reflects attorney work product, and may also retain file copies of any briefs or other papers (or exhibits thereto) served or filed in the action, even though such papers incorporate or include "Confidential" Material. The attorneys of record for each party may not retain any archival copies or samples of Material designated "Confidential-Source Code" or "Highly Confidential-Source Code." For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action; or (iii) the expiration of all time limits under the applicable law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

22.    Counsel for the parties to whom "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining the statement attached hereto as Exhibit A when required under the provisions of this Protective Order.

23.    If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege, common interest privilege, or work product immunity, the producing party may give written notice to the receiving party that the document is subject to a claim of attorney-client privilege, common interest privilege, or work product immunity and request that the document be returned to the producing party.  The receiving party shall return to the producing party all copies of such document and shall return or destroy all excerpts and summaries thereof.  Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege, common interest privilege or work product immunity, nor shall it foreclose the receiving party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege, common interest privilege, or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production.  The inadvertent disclosure of any privileged documents shall not be deemed a waiver of that privilege as to such documents or to any other documents, testimony or evidence.

24.    This Protective Order may be modified or amended either by agreement of the parties or by order of the Court upon good cause shown.

SO ORDERED.

SIGNED this____ day of _____, 2006

_____
Honorable Gregory M. Sleet
United States District Court Judge

AGREED TO AND APPROVED FOR ENTRY:

Dated: February 15, 2006

*/s/ Steven J. Balick*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel. (302) 654-1888
*Attorneys for Plaintiff / Counterclaim*
*Defendant Telcordia Technologies, Inc.*

Of Counsel:
Donald R. Dunner
Don O. Burley
Richard H. Smith
Houtan K. Esfahani

FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
Tel. (202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW, GARRETT
& DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Tel. (571) 203-2700

Dated: February 15, 2006

*/s/ Adam W. Poff*

_____
Josy W. Ingersoll (I.D. #1088)
Adam W. Poff (I.D. #3990)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West St., 17th Floor
Wilmington, DE 19801
302-571-6600
*Attorneys for Defendant/Counterclaim Plaintiff*
*Alcatel USA, Inc.*

Of Counsel:
Stuart J. Sinder
Michelle Carniaux
Mark Hannemann
Clement J. Naples

KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

061908.1002

EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TELCORDIA TECHNOLOGIES, INC.,

*Plaintiff,*

*Counterclaim-Defendant,*

vs.

**Civil Action No. 04-874-GMS**

ALCATEL USA, INC.,

*Defendant,*

*Counterclaim-Plaintiff.*

1.      I have received a copy of, am familiar with and agree to be bound by the terms of the Protective Order in the above-captioned litigation.

2.      I will not reveal the contents of "Confidential" Material or "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material to any unauthorized person under the terms of the Protective Order.

3.      I will not use "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material for any other purpose other than testifying or assisting the attorneys in any proceeding or action between the parties and for no other reason.

4.      I will only make such copies of or notes concerning documents designated "Confidential" Material, "Confidential-Source Code" Material, or "Highly Confidential-Source Code" Material as are necessary to enable me to render the assistance required in connection with this or a Related Action.  All such notes and copies shall be preserved in a separate file maintained as

confidential and marked for disposal or destruction and I will destroy such notes during or upon completion of this litigation.

5.      When requested, I will return all information designated as "Confidential," "Confidential-Source Code," and "Highly Confidential-Source Code" in my possession, including any surviving documents and things which I may prepare relating to any such information.

6.      I submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action.

SIGNED this_____ day of _____, 200_

_____

Name:_____

(print name)