## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-874-GMS |
| | ) | |
| ALCATEL S.A. and | ) | |
| ALCATEL USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 04-875-GMS |
| v. | ) | |
| | ) | |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 04-876-GMS |
| v. | ) | |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL JOINT CLAIM CHART

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Donald R. Dunner
Don O. Burley
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Square
Reston, VA  20190-5675
(650) 849-6600

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
Josy W. Ingersoll (I.D. #1088)
Adam W. Poff (I.D. #3990)
Andrew A. Lundgren (I.D. #4429)
The Brandywine Building
1000 West Street
Wilmington, DE  19801
Telephone:  (302) 571-6600
Facsimile:  (302) 576-3334
jingersoll@ycst.com
apoff@ycst.com
alundgren@ycst.com

Stuart J. Sinder
Mark A. Hannemann
Michelle Carniaux
Clement J. Naples
KENYON & KENYON LLP
One Broadway
New York, NY  10004
Telephone:  (212) 425-7200
Facsimile:  (212) 425-5288

*Attorneys for Defendant Alcatel USA, Inc. in*
*C.A. No. 04-874-GMS*

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
John W. Shaw (I.D. #3362)
Karen E. Keller (I.D. #4489)
Monté T. Squire (I.D. #4764)
The Brandywine Building
1000 West Street
Wilmington, DE  19801
Telephone:  (302) 571-6600
Facsimile:  (302) 576-3334
jshaw@ycst.com
kkeller@ycst.com
msquire@ycst.com

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022
Telephone:  (212) 906-1200
Facsimile:  (212) 571-4864

David A. Nelson
Israel Sasha Mayergoyz
David C. McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL  60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

*Attorneys for Defendant Lucent Technologies Inc.*
*in C.A. No. 04-875-GMS*

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (I.D. #1014)
Leslie A. Polizoti (I.D. #4299)
1201 North Market Street
Wilmington, DE  19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
jblumenfeld@mnat.com
lpolizoti@mnat.com

Matthew D. Powers
Edward R. Reines
Jessica Davis
Sonal N. Mehta
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100

Ryan Owens
WEIL, GOTSHAL & MAGES, LLP
767 Fifth Avenue
New York, NY  10153

*Attorneys for Defendant Cisco Systems, Inc.*
*in C.A. No. 04-876-GMS*

Dated: February 17, 2006

Pursuant to paragraph 2 of the Revised Scheduling Order (D.I. 89 in C.A. No. 04-874-GMS; D.I. 83 in C.A. No. 04-875-GMS; D.I. 72 in C.A. No. 04-876-GMS), all parties in all three of the captioned actions (the "Parties") jointly submit this Final Joint Claim Chart.

The Parties have agreed on the following constructions:

United States Patent No. 4,893,306, claims 1, 3 and 4

(1)     "transmitting data from each of said sources at its own desired bit rate via said bit stream" in claims 1 and 3 means "the original bit rate of the sources is maintained for transmission of the source data, i.e., the number of packets per second generated by a given source will equal the number of packets per second inserted into the output stream for that source."

United States Patent No. Re. 36,633, claims 1, 5, 11 and 33

(1)     "the timing clock of the service input" in claims 1 and 5 means "the clock at a source node derived from the incoming data signal to be transmitted over the network."

(2)     "the timing clock of a service input" in claims 11 and 33 means "the clock at a source node derived from the incoming data signal to be transmitted over the network."

(3)     "dividing means" in claim 5 is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).  The claimed function is "dividing the timing clock of the service input by a factor of an integer N to form residual time stamp (RTS) periods. " The corresponding structure is Divide-By-N circuit 14.

(4) "means for multiplying the frequency of the pulse signal generated by said converting means by the same factor of an integer N used in said dividing means for recovering the timing clock of the service input" in claim 5 is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).  The claimed function is "multiplying the frequency of the pulse signal generated by said converting means by the same factor of an integer N used in said dividing means for recovering the timing clock of the service input."  The corresponding structure is PLL 41.

(5)     "means, at the source node, for defining a residual time stamp (RTS)

period as an integral number N of source-node service clock cycles" in claim 11 is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).  The claimed function is "defining a residual time stamp (RTS) period as an integral number N of source-node service clock cycles."  The corresponding structure is Divide-By-N circuit 14.

**U.S. Patent No. 4,893,306, claims 1, 3, and 4 (at issue in all cases)**

| '306 claim term | Telcordia's proposed construction | Defendants' proposed constructions |
|---|---|---|
| frame timing information [claims 1, 3]<br><br>timing information [claim 4] | Frame alignment information comprised of more than one bit.<br><br>*Bell Communications Research Inc. v. FORE Systems, Inc.*, 113 F.Supp.2d 635, 644 (D.Del. 2000);<br>Col. 4, ll. 52-54;<br>Col. 6, ll. 61-64. | frame alignment information<br><br><br>'306 patent at 4:17-24; 4:48-54; 6:56-65. |
| empty payload field [claims 1, 3, 4] | A payload field empty of source data, but including bit signals of some kind.*<br><br>*Bell Communications Research Inc. v. FORE Systems, Inc.*, No. Civ. A. 98-586 JJF, 2003 WL 22295442, at *1 (D. Del. Oct. 3, 2003);<br>Fig. 12;<br>Col. 5, ll. 13-22;<br>Col. 7, ll. 27-35;<br>Col. 16, l. 62 - Col. 17, l. 2.<br><br><br>* Although the parties agree that this construction from *Bell Communications Research, Inc. v. FORE Systems* is correct, the parties have uncovered through the meet and confer process, a disagreement as to the scope of that construction. The parties will address that disagreement in their claim construction briefing. | a payload field that is empty of source data, but including bit signals of some kind*<br><br>'306 patent at 4:48-64; 5:13-38; 6:56-65; 7:27-28; 7:46-52; 8:50-52; 8:59-9:5; 9:29-49; 9:50-53; 9:59-65; 16:12-15; 16:32-48; 16:62-17:2.<br><br><br><br>* Although the parties agree that this construction from *Bell Communications Research, Inc. v. FORE Systems* case is correct, the parties have uncovered through the meet and confer process, a disagreement as to the scope of that construction. The parties will address that disagreement in their claim construction briefing. |

| '306 claim term | Telcordia's proposed construction | Defendants' proposed constructions |
|---|---|---|
| filling the empty payload fields in said frames with data in packetized format from a plurality of sources which have access to the bit stream including circuit or packet sources [claim 1] | Writing data in packetized format from sources into all available bit positions of payload fields that would otherwise be occupied by non-source bit signals.<br><br>Fig. 1;<br>Fig. 10;<br>Col. 6, ll. 66-68;<br>Col. 15, ll. 5-8. | replacing the empty payload field with data from a single source<br><br>'306 patent at 1:27-30; 4:49-50; 4:54-56; 4:68-5:60; 6:51-53; 6:66-68; 7:14-26; 7:46-59; 8:49-9:5; 9:29-49; 9:59-65; 13:61-14:5; 16:12-15; 16:32-48; 16:49-61.<br><br>August 21, 1989 Amendment and Response at 9; February 17, 1989 Amendment and Response at 9. |
| inserting said packets from said sources into the empty payload fields of said frames [claim 3] | Writing packets from the sources into payload fields that would otherwise be occupied by non-source bit signals.<br><br>Fig. 1;<br>Fig. 10;<br>Col. 6, ll. 66-68;<br>Col. 9, ll. 22-33;<br>Col. 15, ll. 5-23;<br>February 17, 1989, Response to Office Action at 8;<br>August 2, 1989, Response to Office Action at 7. | replacing the empty payload field with data from a single source<br><br>'306 patent at 1:27-30; 4:49-50; 4:54-56; 4:68-5:60; 6:51-53; 6:66-68; 7:14-26; 7:46-59; 8:49-9:5; 9:29-49; 9:59-65; 13:61-14:5; 16:12-15; 16:32-48; 16:49-61.<br><br>August 21, 1989 Amendment and Response at 9; February 17, 1989 Amendment and Response at 9. |
| inserting each of said packets comprised of data from one of said plurality of sources into any empty payload field [claim 4] | Writing packets from the sources into payload fields that would otherwise be occupied by non-source bit signals, where the packets are written on a first-come, first-served basis because no payload fields are pre-assigned for use by particular sources.<br><br>Fig. 2;<br>Fig. 10;<br>Col. 7, ll. 48-52;<br>Col. 15, ll. 5-23. | replacing the empty payload field with data from a single source<br><br>'306 patent at 1:27-30; 4:49-50; 4:54-56; 4:68-5:60; 6:51-53; 6:66-68; 7:14-26; 7:46-59; 8:49-9:5; 9:29-49; 9:59-65; 13:61-14:5; 16:12-15; 16:32-48; 16:49-61.<br><br>August 21, 1989 Amendment and Response at 9; February 17, 1989 Amendment and Response at 9. |

| '306 claim term | Telcordia's proposed construction | Defendants' proposed constructions |
|---|---|---|
| data in packetized format [claim 1] | Data which is part of a discrete block of data having an address header at the front thereof.<br><br>Col. 2, ll. 50-53. | a discrete block of data having an address header at the front thereof<br><br>'306 patent at 2:50-59; 3:49-4:2; 4:3-24; 4:54-60; 6:66-7:4; 9:18-27; 10:66-11:2. |
| data packet[s] [claim 3] | Discrete blocks of data, each having an address header at the front thereof.<br><br>Col. 2, ll. 50-53. | a discrete block of data having an address header at the front thereof<br><br>'306 patent at 2:50-59; 3:49-4:2; 4:3-24; 4:54-60; 6:66-7:4; 9:18-27; 10:66-11:2. |
| data . . . into packet format [claim 4] | Processing data from a plurality of sources into a plurality of discrete blocks of data each having an address header at the front thereof.<br><br>Fig. 4;<br>Col. 2, ll. 50-53;<br>Col. 9, ll. 18-25. | a discrete block of data having an address header at the front thereof<br><br>'306 patent at 2:50-59; 3:49-4:2; 4:3-24; 4:54-60; 6:66-7:4; 9:18-27; 10:66-11:2. |
| plurality of sources which have access to the bit stream [claim 1] | Sources connected to a circuit path for supplying data to a framer generating a transmission bit stream.<br><br>Fig. 3;<br>Fig. 4;<br>Fig. 7;<br>Fig. 10;<br>Col. 7, l. 65 - Col. 8, l. 39;<br>Col. 8, ll. 42-68;<br>Col. 12, ll. 20-37;<br>Col. 14, l. 49 - Col. 15, l. 8. | two or more sources that each insert data into the generated bit stream via its own tributary<br><br>'306 patent at 2:19-34; 4:65-68; 5:8-12; 5:13-5:38; 5:39-60; 7:14-26; 7:33-45; 7:48-58; 8:42-47; 8:48-50; 8:55-9:5; 9:18-33; 9:50-53; 16:32-35; Figs. 2, 3 and 4.<br><br>November 25, 1998 Office Action at 4-5; February 21, 1989 Response at 2, 6-10, 14-15. |

| '306 claim term | Telcordia's proposed construction | Defendants' proposed constructions |
|---|---|---|
| plurality of sources having different bit rates and which have access to said bit stream [claim 3] | Sources connected to a circuit path for supplying data to a framer generating a transmission bit stream.<br><br>Fig. 3;<br>Fig. 4;<br>Fig. 7;<br>Fig. 10;<br>Col. 7, l. 65 - Col. 8, l. 39;<br>Col. 8, ll. 42-68;<br>Col. 12, ll. 20-37;<br>Col. 14, l. 49 - Col. 15, l. 8. | two or more sources that each insert data into the generated bit stream via its own tributary<br><br>'306 patent at 2:19-34; 4:65-68; 5:8-12; 5:13-5:38; 5:39-60; 7:14-26; 7:33-45; 7:48-58; 8:42-47; 8:48-50; 8:55-9:5; 9:18-33; 9:50-53; 16:32-35; Figs. 2, 3 and 4.<br><br>November 25, 1998 Office Action at 4-5; February 21, 1989 Response at 2, 6-10, 14-15. |
| such that data in packetized format from any of said sources is written into any available empty payload field of any of said frames [claim 1] | Data in packetized format from the sources can utilize the empty payload fields of the frames on a first-come, first-served basis because no payload fields are pre-assigned for use by particular sources.<br><br>Fig. 2;<br>Fig. 4;<br>Fig. 10;<br>Fig. 12;<br>Col. 7, ll. 48-52;<br>Col. 9, ll. 6-53;<br>Col. 15, ll. 5-23;<br>Col. 16, ll. 49-58. | packets are only put in frames which are empty<br><br><br>'306 patent at 8:55-9:5; 9:29-49; 9:50-53; 9:59-65; 16:12-15; 16:49-61. |

| '306 claim term | Telcordia's proposed construction | Defendants' proposed constructions |
|---|---|---|
| such that a packet from any of said sources is inserted into any available empty payload field of any of said frames [claim 3] | Data packets from the sources can utilize the empty payload fields of the frames on a first-come, first-served basis because no payload fields are pre-assigned for use by particular sources.<br><br>Fig. 2;<br>Fig. 4;<br>Fig. 10;<br>Fig. 12;<br>Col. 7, ll. 48-52;<br>Col. 9, ll. 6-53;<br>Col. 15, ll. 5-23;<br>Col. 16, ll. 49-58. | packets are only put in frames which are empty<br><br><br><br>'306 patent at 8:55-9:5; 9:29-49; 9:50-53; 9:59-65; 16:12-15; 16:49-61. |
| inserting each of said packets comprised of data from one of said plurality of sources into any empty payload field of any of said frames available to said inserting means [claim 4] | See Telcordia's construction for "inserting each of said packets comprised of data from one of said plurality of sources into any empty payload field [claim 4]" which is provided above.<br><br>Fig. 2;<br>Fig. 10;<br>Col. 7, ll. 48-52;<br>Col. 15, ll. 5-23. | packets are only put in frames which are empty<br><br><br><br>'306 patent at 8:55-9:5; 9:29-49; 9:50-53; 9:59-65; 16:12-15; 16:49-61. |
| available empty payload field [claims 1, 3] | A payload field that is available to receive packet data from a source.<br><br>Fig. 4;<br>Col. 9, ll. 34-41. | an empty payload field that can be filled with a data packet from the source, among the plurality of sources, of the highest priority with a data packet ready to transmit<br><br>'306 patent at 5:13-38; 7:14-26; 7:48-58; 8:42-47; 8:55-9:5; 9:29-49; 9:59-65; 7:46-62; 16:49-61.<br><br>July 3, 1989 Office Action at 2-4; August 18, 1989 Response at 6-14. |

| '306 claim term | Telcordia's proposed construction | Defendants' proposed constructions |
|---|---|---|
| empty payload field of any of said frames available to said inserting means [claim 4] | A payload field that is available to receive packet data from a source.<br><br>Fig. 4;<br>Col. 9, ll. 34-41. | an empty payload field that can be filled with a data packet from the source, among the plurality of sources, of the highest priority with a data packet ready to transmit<br><br>'306 patent at 5:13-38; 7:14-26; 7:48-58; 8:42-47; 8:55-9:5; 9:29-49; 9:59-65; 7:46-62; 16:49-61.<br><br>July 3, 1989 Office Action at 2-4; August 18, 1989 Response at 6-14. |
| transmitting data from each of said sources at its own desired bit rate via said bit stream [claims 1, 3] | The original bit rate of the sources is maintained for transmission of the source data, i.e., the number of packets per second generated by a given source will equal the number of packets per second inserted into the output stream for that source.<br><br>Col. 5, ll. 13-37. | the original bit rate of the sources is maintained for transmission of the source data, i.e., the number of packets per second generated by a given source will equal the number of packets per second inserted into the output stream for that source<br><br>'306 patent at 5:61-65; 7:46-62; 9:6-15; 9:54-58; 14:35-40. |
| data from each of said sources can be transmitted at its own desired bit rate via said bit stream [claim 4] | The original bit rate of the sources can be maintained for transmission of the source data, i.e., the number of packets per second generated by a given source can be made equal to the number of packets per second inserted into the output stream for that source.<br><br>Col. 5, ll. 13-37. | the original bit rate of the sources is maintained for transmission of the source data, i.e., the number of packets per second generated by a given source will equal the number of packets per second inserted into the output stream for that source<br><br>'306 patent at 5:61-65; 7:46-62; 9:6-15; 9:54-58; 14:35-40. |

| '306 claim term | Telcordia's proposed construction | Defendants' proposed constructions |
|---|---|---|
| generating means [claim 4] | The function is "generating a train of frames wherein each frame includes a transmission overhead field containing timing information and an empty payload field."<br><br>The structures corresponding to the 'generating means' are control 210, tristate device 222, ROM 224 and timing generator 209. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).<br><br>The claimed function is "generating a train of frames wherein each frame includes a transmission overhead field containing timing information and an empty payload field."<br><br>The corresponding structure is: a control 210 that generates a periodic signal, a tristate device 222 connected to the control 210 that receives the periodic signal, a timing generator 209, a ROM 224 connected to the tristate device 222 from which a frame alignment word is read when the tristate device 222 receives the periodic signal, a bus 219 connected to the ROM 224 that carries the frame alignment word to a parallel-to-serial converter 216, a serial output 206. |
|  | 113 F.Supp.2d at 649;<br>Fig. 12;<br>Col. 16, l. 62 - Col. 17, l. 2. | '306 patent at 16:27-31; 16:62-17:7; Fig. 12. |

| '306 claim term | Telcordia's proposed construction | Defendants' proposed constructions |
|---|---|---|
| processing means [claim 4] | | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6). |
| | The function is "processing data from a plurality of sources into packet format." | The claimed function is "processing data from a plurality of sources into packet format." |
| | Packetizers 55 are the structures which perform the function recited in this element. | The corresponding structure is a plurality of packetizers 55 each of which adds a packet header to its own source data and communicates a packet ready pulse to its own framer when a complete packet is stored in its own FIFO. |
| | | '306 patent at 5:13-38; 7:14-61; 8:11-57; 9:18-65; Fig. 4. |
| | 113 F.Supp.2d at 650; Fig. 2; Col. 4, ll. 56-60; Col. 7, ll. 7-11; Col. 7, ll. 37-45; Col. 9, ll. 18-27. | |

| '306 claim term | Telcordia's proposed construction | Defendants' proposed constructions |
|---|---|---|
| inserting means [claim 4] | | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6). |
| | The function is "receiving said train of frames and inserting each of said packets comprised of data from one of said plurality of sources into any empty payload field of any of said frames available to said inserting means to form said bit stream so that data from each of said sources can be transmitted at its own desired bit rate via said bit stream and so that data from said plurality of sources can be transmitted simultaneously via said bit stream." | The claimed function is "receiving said train of frames and for inserting each of said packets comprised of data from one of said plurality of sources into any empty payload field of any of said frames available to said inserting means to form said bit stream so that data from each of said sources can be transmitted at its own desired bit rate via said bit stream and so that data from said plurality of sources can be transmitted simultaneously via said bit stream." |
| | The structures corresponding to the 'inserting means' are control 210, tristate device 218, tristate device 220, frame detect 214 and timing generator 209. | The corresponding structure is a plurality of framers 53, each of which includes: a serial data input 202 that receives a DTDM frame, a serial-to-parallel converter 212 that converts the DTDM frame to parallel form, a frame detector 214 that detects the DTDM frame, a parallel-to-serial converter that converts the DTDM frame to serial form, a serial output 206 that outputs the DTDM frame, a tristate device 218 that enables the DTDM frame to be written to the serial output 206, a parallel data input 204 that receives data to be written into a DTDM frame, a tristate device 220 that enables the data to be written into the DTDM frame, a bus 219 that writes data into the DTDM frame, a timing generator 209 that provides timing information, and a control unit 210 that receives from the frame detector 214 information indicating an empty DTDM frame and provides control signals to tristate devices 218 and 220. |
| | 113 F.Supp.2d at 650; Fig. 12; Col. 16, ll. 35-56. | '306 patent at 5:13-38; 7:14-61; 8:11-57; 9:18-65; 16:23-58; Fig. 4; Fig. 12. |

| '306 claim term | Telcordia's proposed construction | Defendants' proposed constructions |
|---|---|---|
| generating a bit stream [claims 1, 3] | Encompasses the creation of either serial or parallel bit streams.<br><br>113 F.Supp.2d at 643;<br>Fig. 12;<br>Col. 16, l. 63 - Col. 17, l. 2. | no construction necessary |

**U.S. Patent No. Re. 36,633, claims 1, 5, 11, and 33 (at issue in all cases)**

| '633 claim term | Telcordia's proposed construction | Defendants' proposed construction |
|---|---|---|
| the timing clock of the service input [claim 1, 5]<br><br>the timing clock of a service input [claims 11, 33] | The clock at a source node derived from the incoming data signal to be transmitted over the network.<br><br>Col. 4, ll. 1-2. | the clock at a source node derived from the incoming data signal to be transmitted over the network<br><br>'633 patent at 4:1-6; 6:41-49. |
| dividing the timing clock of the service input by a factor of an integer N to form residual time stamp (RTS) periods [claims 1, 5] | Dividing the timing clock of a service input by a factor of integer N to form residual time stamp (RTS) periods.<br><br>Col. 6, ll. 40-44. | dividing the timing clock of a service input by a factor of integer N to form residual time stamp (RTS) periods<br><br>*See* construction of "the timing clock of a service input" and "the timing clock of the service input" above.<br><br>'633 patent at 4:1-6. |
| residual time stamp (RTS) [claims 1, 5, 11, 33] | The value in a P-bit counter sampled at the end of each RTS period.<br><br>Col. 6, ll. 45-48. | a contiguous p-bit representation of the number of network clock cycles [claims 1, 5]<br><br>a contiguous p-bit representation of the number of derived network clock cycles [claims 11, 33]<br><br>'633 patent at 3:43-65; 4:12-16. |
| counting the network clock cycles [claim 1]<br><br>counting network clock cycles [claim 5] | Counting modulo $2^p$ the cycles of the network clock within an RTS period.<br><br>Col. 3, ll. 53-65;<br>Col. 6, ll. 38-40. | counting the actual number of cycles from the timing reference that synchronizes the source and destination nodes<br><br>'633 patent at Abstract; 3:40-57; 5:8-11; 6:21-28; 6:66-67; 7:29-35. |

| '633 claim term | Telcordia's proposed construction | Defendants' proposed construction |
|---|---|---|
| network clock [claims 1, 5, 11, 33] | The timing reference that synchronizes the SRTS function at the source and destination nodes.<br><br>Col. 6, ll. 22-24. | the timing reference that synchronizes the source and destination nodes<br><br>'633 patent at Abstract; 3:40-57; 5:8-11; 6:21-28; 6:66-67; 7:29-35. |
| network clock cycles [claims 1, 5] | Cycles of the network clock (see above). | the actual number of cycles from the network clock<br><br>'633 patent at Abstract; 3:40-57; 5:8-11; 6:21-28; 6:66-67; 7:29-35. |
| $2^p$ counts uniquely and unambiguously represent the range of possible network clock cycles within an RTS period [claims 1 and 5] | P is chosen so that $2^p$ defines a range of counts that represents each possible RTS period end-point with a different modulo $2^p$ count (bit pattern).<br><br>Col. 3, ll. 59-65;<br>Col. 6, ll. 27-30;<br>Col. 7, ll. 9-22. | This claim limitation is indefinite for failure to satisfy the requirements of 35 U.S.C. § 112(2). |
| transmitting . . . an RTS [claims 1, 5, 11, 33] | Sending an RTS over the network.<br><br>Col. 3, ll. 52-57;<br>Col. 6, ll. 52-57. | the RTS is transmitted in a portion of the overhead other than the convergence sublayer overhead<br><br>'633 patent at Abstract; 2:46-3:38; 4:6-9; 6:53-55. |
| at the end of each RTS period [claims 1, 5] | After each RTS period has ended.<br><br>Col. 6, ll. 52-57. | at the end of each RTS period<br><br>'633 patent at Abstract; 4:6-13. |
| the period between each pulse [claim 1]<br><br>the periods between pulses [claim 5] | The interval between each pair of pulses in the signal produced from the received RTS codes.<br><br>Col. 4, ll. 17-21;<br>Col. 8, ll. 32-42. | the time interval between two pulses<br><br>'633 patent at 4:17-21. |

| '633 claim term | Telcordia's proposed construction | Defendants' proposed construction |
|---|---|---|
| derived network clock frequency $f_{nx}$ [claims 11, 33] | The frequency of the network clock signal $f_n$ expressed as a factor of x (where x may be 1).<br><br>Col. 6, ll. 6-11;<br>Col. 6, ll. 25-28. | *See* construction of "derived network clock" below. |
| derived network clock [claims 11, 33] | *See* construction of "derived network clock frequency $f_{nx}$" above. | a clock derived by dividing the network clock by a rational number<br><br>'633 patent at 3:66-4:1; 4:1-6; 4:9-12; 5:8-11; 6:21-28; 6:39-41; 7:29-35. |
| dividing means [claim 5] | The function is "dividing the timing clock of the service input by a factor of an integer N to form residual time stamp (RTS) periods."<br><br>The corresponding structure is Divide-By-N circuit 14 (Fig. 2).<br><br>Fig. 2;<br>Col. 6, ll. 40-44. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).<br><br>The claimed function is "dividing the timing clock of the service input by a factor of an integer N to form residual time stamp (RTS) periods."<br><br>The corresponding structure is Divide-By-N circuit 14.<br><br>'633 patent at 6:41-44; Fig. 2. |

| '633 claim term | Telcordia's proposed construction | Defendants' proposed construction |
|---|---|---|
| counting means [claim 5] | | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6). |
| | The function is "counting network clock cycles modulo $2^P$, where $2_P$ is less than the number of network clock cycles within an RTS period and P is chosen so that the $2_P$ counts uniquely and unambiguously represent the range of possible network clock cycles within an RTS period." | The claimed function is "counting network clock cycles modulo $2^P$, where $2^P$ is less than the number of network clock cycles within an RTS period and P is chosen so that the $2^P$ counts uniquely and unambiguously represent the range of possible network clock cycles within an RTS period." |
| | The corresponding structure is P-Bit counter 12 (Fig. 2). | This claim limitation is indefinite for failure to satisfy the requirements of 35 U.S.C. § 112(2) because the specification does not describe any structure for performing the claimed function. |
| | Fig. 2; Col. 6, ll. 38-51. | '633 patent at 6:39-41; Fig. 2. |
| transmitting means [claim 5] | | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6). |
| means for transmitting from the source node an RTS that is equal to the modulo 16 count of derived network clock cycles in the RTS period [claim 11] | The function is "transmitting over the telecommunications network an RTS at the end of each RTS period that is equal to the modulo $2^p$ count of network clock cycles at that time." | The claimed function is "transmitting over the telecommunications network an RTS at the end of each RTS period that is equal to the modulo $2^p$ count of network clock cycles at that time." |
| | The corresponding structure is ATM Assembler 17, including a transmission framer circuit required to insert ATM cells into a transmission stream for transmission over network 18 (Fig. 2). | This claim limitation is indefinite for failure to satisfy the requirements of 35 U.S.C. § 112(2) because the specification does not describe any structure for performing the claimed function. |
| | Fig. 2; Col. 6, ll. 52-57. | '633 patent at 6:52-57. |

| '633 claim term | Telcordia's proposed construction | Defendants' proposed construction |
|---|---|---|
| receiving means [claim 5] | The function is "receiving the RTSs transmitted over the telecommunications network by said transmitting means." <br><br> The corresponding structure is ATM Disassembler 32, including a receiving framer that receives the transmission signal and extracts the ATM cells, and AAL Overhead Processor 33 that extracts the RTS codes (Fig. 3). <br><br> Fig. 3; Col. 7, ll. 36-42. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6). <br><br> The claimed function is "receiving the RTSs transmitted over the telecommunications network by said transmitting means." <br><br> This claim limitation is indefinite for failure to satisfy the requirements of 35 U.S.C. § 112(2) because the specification does not describe any structure for performing the claimed function. <br><br> '633 patent at 7:36-42. |
| converting means [claim 5] | The function is "converting the received RTSs into a pulse signal in which the periods between pulses are determined from the numbers of network clock cycles associated with the counts of network clock cycles within said RTS periods." <br><br> The corresponding structure is FIFO 34, P-Bit Comparator 35, P-Bit Counter 36 and gating circuitry 37 (Fig 3). <br><br> Fig. 3; Col. 7, l. 42 - Col. 8, l. 35. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6). <br><br> The claimed function is "converting the received RTSs into a pulse signal in which the periods between pulses are determined from the numbers of network clock cycles associated with the counts of network clock cycles within said RTS periods." <br><br> This claim limitation is indefinite for failure to satisfy the requirements of 35 U.S.C. § 112(2) because the specification does not describe any structure for performing the claimed function. <br><br> '633 patent at 7:42-60; 7:66-8:42; Fig. 3. |

| '633 claim term | Telcordia's proposed construction | Defendants' proposed construction |
|---|---|---|
| means for multiplying the frequency of the pulse signal generated by said converting means by the same factor of an integer N used in said dividing means for recovering the timing clock of the service input [claim 5] | The function is "multiplying the frequency of the pulse signal generated by said converting means by the same factor of an integer N used in said dividing means for recovering the timing clock of the service input."<br><br>The corresponding structure is PLL 41 (Fig. 3).<br><br>Fig. 3;<br>Col. 8, ll. 42-47. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).<br><br>The claimed function is "multiplying the frequency of the pulse signal generated by said converting means by the same factor of an integer N used in said dividing means for recovering the timing clock of the service input."<br><br>The corresponding structure is PLL 41.<br><br>'633 patent at 8:42-45. |
| means, at the source node, for defining a residual time stamp (RTS) period as an integral number N of source-node service clock signals [claim 11] | The function is "defining a residual time stamp (RTS) period as an integral number N of source-node service clock signals."<br><br>The corresponding structure is divide by N circuit 14 (Fig. 2).<br><br>Fig. 2;<br>Col. 6, ll. 40-44. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).<br><br>The claimed function is "defining a residual time stamp (RTS) period as an integral number N of source-node service clock cycles."<br><br>The corresponding structure is Divide-By-N circuit 14.<br><br>'633 patent at 6:23-28; Fig. 2. |

| '633 claim term | Telcordia's proposed construction | Defendants' proposed construction |
|---|---|---|
| means, at the source node, for defining a derived network clock frequency $f_{nx}$ from a network frequency $f_n$ where $f_{nx} = f_n/x$, x is a rational number, and $f_{nx}$ is less than or equal to twice the service clock frequency [claim 11] | The function is "defining a derived network clock frequency $f_{nx}$ from a network frequency $f_n$ where $f_{nx} = f_n/x$, x is a rational number, and $f_n/x$ is less than or equal to twice the service clock frequency."<br><br>The corresponding structure is divide by x circuit 11 (Fig. 2), or a direct connection to the network clock when x=1, or a multiplier (PPL) when x is less than 1.<br><br>Fig. 2;<br>Col. 4, ll. 54-64;<br>Col. 6, ll. 6-11. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).<br><br>The function is "defining a derived network clock frequency $f_{nx}$ from a network frequency $f_n$."<br><br>The corresponding structure is divide by x circuit 11.<br><br>'633 patent at 6:23-28; Fig. 2. |
| means, at the source node, for counting the derived network clock cycles modulo 16 in an RTS period [claim 11] | The function is "counting the derived network clock cycles modulo 16 in an RTS period."<br><br>The corresponding structure is P-Bit Counter 12 (Fig. 2).<br><br>Fig. 2;<br>Col. 6, ll. 38-51;<br>Col. 6, ll. 58-59. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).<br><br>The function is "counting the derived network clock cycles modulo 16 in an RTS period."<br><br>The corresponding structure P-Bit Counter 12 (where P=4) and Latch 15.<br><br>'633 patent at 6:38-51; Fig. 2. |

**U.S. Patent No. 4,835,763, claims 1, 2, 7, and 8 (at issue in Telcordia v. Cisco and Telcordia v. Lucent cases)**

| '763 claim term | Telcordia's proposed construction | Defendants' (Cisco and Lucent) proposed construction |
|---|---|---|
| a communications network having a plurality of nodes interconnected in a ring configuration [claims 1 and 7] | A communications network in which a plurality of nodes are connected to form a loop.<br><br>Fig. 1;<br>Fig. 3;<br>Fig. 4;<br>Col. 1, ll. 10-17;<br>Col. 2; ll. 19-41;<br>Col. 3; ll. 61-65;<br>Col. 4, ll. 21-26;<br>Col. 4, ll. 49-51. | a communications network in which all of the nodes are connected one after another to form a closed loop<br><br>'763 patent at Title; Abstract; 1:5-7; 1:10-22; 1:40-42; 2:4-7; 3:61-63; 4:21-23; 4:38-40; 5:54-57; 1:27-33.<br><br>April 29, 1988 Paper #2 at 2. |
| multiplexed subrate communication[s] [claims 1 and 7] | Constituent channels of a main signal.<br><br>Col. 1, ll. 41-44;<br>Col. 3, ll. 4-6;<br>Col. 4, ll. 49-51;<br>January 30, 1989, Notice of Allowability. | a high-level signal that can be separated into its constituent channels<br><br>'763 patent at Abstract; 1:41-44; 2:35-38; 2:58-61; 3:25-27; 5:13-15; 5:34-36. |
| evaluating the integrity of the multiplexed subrate communications [claims 1 and 7] | Determining if a defect exists with the multiplexed subrate communications.<br><br>Col. 1, ll. 41-44;<br>Col. 3, ll. 4-6;<br>Col. 4, ll. 49-51;<br>January 30, 1989, Notice of Allowability. | detecting whether each high-level signal is defective (e.g., whether there is a cut link or a failed node)<br><br>'763 patent at Abstract; 1:18-22; 1:34-37; 1:52-66; 3:4-11 ; 3:28-30; 3:49-54. |

| '763 claim term | Telcordia's proposed construction | Defendants' (Cisco and Lucent) proposed construction |
|---|---|---|
| associated with the first ring and the second ring [claim 1] | Related to the first ring and the second ring.<br><br>Col. 1, ll. 59;<br>Col. 2, ll. 29-35;<br>Col. 2, l. 46;<br>Col. 2, l. 55;<br>Col. 2, l. 61;<br>Col. 3, ll. 4-27;<br>Col. 4, l. 11;<br>Col. 4, ll. 49-51;<br>Col. 4, ll. 60-61;<br>Col. 4, l. 67;<br>Col. 5, ll. 7-8;<br>Col. 5, l. 39;<br>Col. 5, l. 46. | shared by both the first ring and the second ring<br><br>'763 patent at 3:4-15.<br><br>October 6, 1988 Office Action at 2; January 10, 1989 Response at 1-6. |
| associated with both the first ring and the second ring [claim 7] | Related to the first ring and the second ring.<br><br>Col. 1, ll. 59;<br>Col. 2, ll. 29-35;<br>Col. 2, l. 46;<br>Col. 2, l. 55;<br>Col. 2, l. 61;<br>Col. 4, ll. 4-27;<br>Col. 4, l. 11;<br>Col. 4, ll. 49-51;<br>Col. 4, ll. 60-61;<br>Col. 4, l. 67;<br>Col. 5, ll. 7-8;<br>Col. 5, l. 39;<br>Col. 5, l. 46. | shared by both the first ring and the second ring<br><br>'763 patent at 3:4-15.<br><br>October 6, 1988 Office Action at 2; January 10, 1989 Response at 1-6. |

| '763 claim term | Telcordia's proposed construction | Defendants' (Cisco and Lucent) proposed construction |
|---|---|---|
| inserting an error signal on designated ones of said [the] subrate communications [claims 1 and 7] | Inserting an error signal on subrate signals for which a defect is detected.<br><br>Col. 3, ll. 9-17;<br>Col. 4, ll. 49-51;<br>January 30, 1989, Notice of Allowability. | inserting an error signal on the channels following the demultiplexing<br><br>'763 patent at Abstract; 1:41-44; 1:52-54; 2:42-45; 3:9-13; 3:28-30; 3:32-33; 5:39-41. |
| the detection of said error signal on said at least one of the subrate communications [claim 8]<br><br>the detection of said error signal on one of the subrate communications [claim 2] | Detection of an error signal inserted into at least one of the subrate signals.<br><br>Col. 2, ll. 47-50;<br>Col. 3, ll. 18-22;<br>Col. 4, ll. 49-51. | detecting an error signal on one or more of the channels following the demultiplexing<br><br>'763 patent at 1:54-60; 2:42-45; 3:28-30. |

| '763 claim term | Telcordia's proposed construction | Defendants' (Cisco and Lucent) proposed construction |
|---|---|---|
| monitoring means, associated with the first ring and the second ring, for evaluating the integrity of the multiplexed subrate communications on the first ring and the second ring [claim 1] | The function is "evaluating the integrity of the multiplexed subrate communications on the first ring and the second ring."<br><br>The corresponding structure for the monitoring means is the circuitry at a controller that determines if a defect exists with the multiplexed subrate communications.<br><br>Col. 2, ll. 30-35;<br>Col. 2, ll. 42-47;<br>Col. 3, ll. 4-9;<br>Col. 4, ll. 49-51;<br>Draft of American National Standard for Telecommunications Digital Hierarchy Optical Interface Rates and Formats Specifications, Figures 30 and 31, pages 11-12, 18-20, 24-26 (Dec. 11, 1987). | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).<br><br>The claimed function is "evaluating the integrity of the multiplexed subrate communications on the first ring and the second ring."<br><br>This claim limitation is indefinite for failure to satisfy the requirements of 35 U.S.C. § 112(2) because the specification does not describe any structure for performing the claimed function.<br><br>'763 patent at 1:52-60; 3:4-15. |
| monitoring means [claim 7] | This claim element should not be construed in accordance with 35 U.S.C. § 112, ¶ 6.<br><br>Circuitry for determining if a defect exists with the multiplexed subrate communications.<br><br>Col. 2, ll. 30-35;<br>Col. 2, ll. 42-47;<br>Col. 3, ll. 4-9;<br>Col. 4, ll. 49-51. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).<br><br>The claimed function is "evaluating the integrity of the multiplexed subrate communications on the first ring and the second ring."<br><br>This claim limitation is indefinite for failure to satisfy the requirements of 35 U.S.C. § 112(2) because the specification does not describe any structure for performing the claimed function.<br><br>'763 patent at 1:52-60; 3:4-15. |

| '763 claim term | Telcordia's proposed construction | Defendants' (Cisco and Lucent) proposed construction |
|---|---|---|
| insertion means [claim 1] | The function is "inserting an error signal on designated ones of the subrate communications in response to said monitoring means detecting a lack of integrity on the multiplexed subrate communications on the first ring or the second ring or both the first ring and the second ring."<br><br>The corresponding circuitry for the insertion means is the circuitry at a controller that inserts an error signal into a designated demultiplexed subrate signal in response to the monitoring means detecting a lack of integrity on the subrate signal.<br><br>Col. 3, ll. 9-17;<br>Col. 4, ll. 49-51;<br>January 30, 1989, Notice of Allowability;<br>Draft of American National Standard for Telecommunications Digital Hierarchy Optical Interface Rates and Formats Specifications, Figures 30 and 31, pages 11-12, 18-20, 24-26 (Dec. 11, 1987).*<br><br>*Defendants' argument on this point is in violation of the parties' agreement that "[t]here will be no explicit advocacy in the joint claim chart. The parties will simply provide cites to intrinsic evidence in support of their respective positions." Moreover, this document was not in Telcordia's files at the time of Cisco's request or Telcordia's response. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).<br><br>The claimed function is "inserting an error signal on designated ones of the subrate communications in response to said monitoring means detecting a lack of integrity on the multiplexed subrate communications on the first ring or the second ring or both the first ring and the second ring."<br><br>This claim limitation is indefinite for failure to satisfy the requirements of 35 U.S.C. § 112(2) because the specification does not describe sufficient structure for performing the claimed function.<br><br>'763 patent at 3:4-15; 4:7-14.<br><br>* Defendants object to Telcordia's inclusion of the Draft American National Standard of Telecommunications Digital Hierarchy Optical Interface Rates and Formats Specifications in this submission. Defendant Cisco specifically requested a copy of this document on December 29, 2005. In a February 8, 2006 letter to Cisco, Telcordia represented "Cisco alleges that 'Telcordia's production appears to be missing the ANSI SONET document cited in column 2 of the '763 patent.' The document in question is a draft document nearly 20 years old. Based upon a reasonably diligent search of Telcordia's files, it is not in Telcordia's possession, custody or control." |

| '763 claim term | Telcordia's proposed construction | Defendants' (Cisco and Lucent) proposed construction |
|---|---|---|
| selector means [claim 2] | The function is "selecting, in response to the detection of said error signal on one of the subrate communications, another of the subrate communications that does not contain said error signal."<br><br>The corresponding circuitry for the selector means is the selector, e.g., selector 119 of node 1, which receives from a controller a demultiplexed subrate signal from each ring.<br><br>Col. 2, ll. 47-50;<br>Col. 3, ll. 18-22;<br>Col. 4, ll. 49-51. | This claim element is a means-plus-function limitation pursuant to 35 U.S.C. § 112(6).<br><br>The claimed function is "selecting, in response to the detection of said error signal on one of the subrate communications, another of the subrate communications that does not contain said error signal."<br><br>This claim limitation is indefinite for failure to satisfy the requirements of 35 U.S.C. § 112(2) because the specification does not describe sufficient structure for performing the claimed function.<br><br>'763 patent at 1:54-60; 3:18-22; 3:32-42; 4:2-4; 4:7-14; 4:29-35. |

*U.S. Patent Number 6,247,052, claims 17, 18, 19, and 24  (at issue in Telcordia v. Alcatel case only)*

| '052 claim term | Alcatel's proposed construction | Telcordia's proposed construction |
|---|---|---|
| telecommunications switching system [claims 17 and 18] | A telecommunication system for establishing and releasing connections among telecommunication transmission paths.<br><br>*See, e.g.*, '052 Patent, col. 3, lines 36-38;<br><br>col. 4, lines 11-13, line 39-42; col. 5, lines 21-27; Figure 14 | A system that includes one or more switch fabrics for processing call information and a central unit for control and management of the calls.<br><br>Fig. 1;<br><br>Fig. 14;<br><br>Col. 1, ll. 14-50;<br><br>Col. 2, ll. 60-62;<br><br>Col. 3, ll. 38-54;<br><br>Col. 4, ll. 8-13;<br><br>Col. 4, ll. 47-54;<br><br>Col. 5, ll. 5-7.<br><br>U.S. Patent No. 5,495,484 (incorporated by reference in the '052 patent);<br><br>November 6, 2000, Response to Examiner's Action at 9. |

| '052 claim term | Alcatel's proposed construction | Telcordia's proposed construction |
|---|---|---|
| remote computer [claims 17 and 18] | A computer that is separate from the telecommunications switching system.<br><br>*See, e.g.*, '052 Patent, Abstract; Figure 1; col. 1, lines 47-50; col. 2, lines 35-42, lines 64-66; col. 5, lines 41-45; col. 6, lines 18-21 | A computer at a location that is remote from the telecommunication switching system being monitored.<br><br>Col. 2, ll. 34-37;<br><br>Col. 5, ll. 38-50; |
| accessing a server with said browser [claim 17] | Communicating with a server using a browser.<br><br>*See, e.g.*, '052 Patent, col. 2, lines 22-24;<br><br>col. 5, lines 21-25, lines 53-56; col. 6, lines 22-24, lines 29-32; claim 1 and claim 27 | Using the browser to access a server through a first communications link.<br><br>Col. 5, ll. 17-24;<br><br>Col. 6, ll. 8-9;<br><br>November 10, 1999, Response to Examiner's Action at 2-9;<br><br>April 10, 2000, Response to Examiner's Final Action at 2-10;<br><br>November 6, 2000, Response to Examiner's Action at 2-9. |

| '052 claim term | Alcatel's proposed construction | Telcordia's proposed construction |
|---|---|---|
| providing a copy of the application program from said server to said remote computer [claim 17] | Plain and ordinary meaning; does not require additional construction. | Providing an application program from the server to the remote computer through the first communications link. |
| | *See, e.g.*, '052 Patent, col. 6, lines 29-33; claim 1 and claim 27 | Col. 5, ll. 24-27;<br><br>Col. 6, ll. 8-9;<br><br>November 10, 1999, Response to Examiner's Action at 2-9;<br><br>April 10, 2000, Response to Examiner's Final Action at 2-10;<br><br>November 6, 2000, Response to Examiner's Action at 2-9. |

| '052 claim term | Alcatel's proposed construction | Telcordia's proposed construction |
|---|---|---|
| accessing said telecommunications switching system with said application program from said remote computer [claim 17] | Plain and ordinary meaning; does not require additional construction.<br><br><br>*See, e.g.*, '052 Patent, col. 5, lines 21-27; claim 1 and claim 27 | Using the application program at the remote computer to directly and independently access the telecommunication switching system through a separate second communication link.<br><br><br>Fig. 1;<br><br>Col. 2, ll. 6-9;<br><br>Col. 5, ll. 50-60;<br><br>Col. 6, ll. 3-5;<br><br>November 6, 2000, Response to Examiner's Action at 9;<br><br>April 10, 2000, Response to Examiner's Final Action at 9-10;<br><br>November 10, 1999, Response to Examiner's Action at 2-9. |

| '052 claim term | Alcatel's proposed construction | Telcordia's proposed construction |
|---|---|---|
| system manager building block [claim 17] | A message passage and handling system.<br><br><br><br>*See, e.g.*, '052 Patent, col. 4, lines 54-59; col. 5, lines 31-33; col. 6, lines 14-16;  col. 8, lines 36-42. | Software resident in the telecommunications switching system used to manage the telecommunications switching system, including establishing communications with between the remote computer and the telecommunications switching system.<br><br>Col. 2, ll. 6-20;<br><br>Col. 2, ll. 61-62;<br><br>Col. 4, l. 47 - Col. 5, l. 4;<br><br>Col. 5, ll. 12-13;<br><br>Col. 5, ll. 29-33;<br><br>Col. 6, ll. 14-16;<br><br>Col. 6, ll. 35-50;<br><br>Col. 7, ll. 7-17;<br><br>Col. 8, ll. 31-42;<br><br>Col. 10, l. 43 - Col. 11, l. 4;<br><br>Col. 14, l. 38 - Col. 15, l. 47. |

| '052 claim term | Alcatel's proposed construction | Telcordia's proposed construction |
|---|---|---|
| communicating with a system manager building block of the telecommunications switching system from said remote computer [claim 17] | The remote computer communicates with a message passage and handling system of the telecommunications switching system.<br><br>*See, e.g.*, '052 Patent, col. 4, lines 54-59; col. 5, lines 31-33; col. 6, lines 14-16; col. 8, lines 36-42; claim 1 and claim 27 | Communicating from the remote computer to the system manager building block through the second communications link.<br><br>Col. 5, ll. 29-33;<br><br>November 6, 2000, Response to Examiner's Final Action at 9-10. |

| '052 claim term | Alcatel's proposed construction | Telcordia's proposed construction |
|---|---|---|
| monitoring [claim 17] | Plain and ordinary meaning; does not require additional construction. | Obtaining performance status information from elements of the telecommunications switching system.<br><br>Fig. 4;<br><br>Fig. 5;<br><br>Fig. 6;<br><br>Fig. 8;<br><br>Col. 5, ll. 45-49;<br><br>Col. 7, ll. 49-52;<br><br>Col. 8, ll. 22-31;<br><br>Col. 10, ll. 1-9;<br><br>Col. 15, l. 59 - Col. 16, l. 5;<br><br>Col. 16, l. 59 - Col. 17, l. 33; |

| '052 claim term | Alcatel's proposed construction | Telcordia's proposed construction |
|---|---|---|
| hypertext markup language (HTML) server [claim 19] | A server that handles hypertext markup language.<br><br>*See, e.g.*, '052 Patent, col. 2, lines 28-29;<br><br>col. 6, line 66 to col. 7, line 3 | A server that provides information in hypertext markup language.<br><br><br>Col. 2, ll. 28-30;<br><br>Col. 5, l. 66 - Col. 6, l. 2. |
| Java Applet [claim 24] | A computer program, which is written in the Java language.<br><br><br>*See, e.g.*, '052 Patent, col. 2, lines 4-6 | An application program written in Java program code that is invoked by the web-browser and that runs within the web-browser.<br><br><br>Fig. 4;<br><br>Fig. 5;<br><br>Fig. 6;<br><br>Fig. 8;<br><br>Fig. 9;<br><br>Fig. 11;<br><br>Fig. 12;<br><br>Fig. 13;<br><br>Col. 5, ll. 27-29. |

ASHBY & GEDDES

/s/ *Steven J. Balick*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888

***On Behalf of All Parties in All Three Actions***


ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Donald R. Dunner
Don O. Burley
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER
Two Freedom Square
11955 Freedom Square
Reston, VA  20190-5675
(650) 849-6600

***Attorneys for Plaintiff***
***Telcordia Technologies, Inc***.

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
Josy W. Ingersoll (I.D. #1088)
Adam W. Poff (I.D. #3990)
Andrew A. Lundgren (I.D. #4429)
The Brandywine Building
1000 West Street
Wilmington, DE  19801
Telephone:  (302) 571-6600
Facsimile:  (302) 576-3334
jingersoll@ycst.com
apoff@ycst.com
alundgren@ycst.com

Stuart J. Sinder
Mark A. Hannemann
Michelle Carniaux
Clement J. Naples
KENYON & KENYON LLP
One Broadway
New York, NY  10004
Telephone:  (212) 425-7200
Facsimile:  (212) 425-5288

***Attorneys for Defendant Alcatel USA, Inc. in***
***C.A. No. 04-874-GMS***

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
John W. Shaw (I.D. #3362)
Karen E. Keller (I.D. #4489)
Monté T. Squire (I.D. #4764)
The Brandywine Building
1000 West Street
Wilmington, DE  19801
Telephone:  (302) 571-6600
Facsimile:  (302) 576-3334
jshaw@ycst.com
kkeller@ycst.com
msquire@ycst.com

Steven C. Cherny
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022
Telephone:  (212) 906-1200
Facsimile:  (212) 571-4864

David A. Nelson
Israel Sasha Mayergoyz
David C. McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
Chicago, IL  60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

***Attorneys for Defendant Lucent Technologies Inc.
in C.A. No. 04-875-GMS***

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (I.D. #1014)
Leslie A. Polizoti (I.D. #4299)
1201 North Market Street
Wilmington, DE  19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
jblumenfeld@mnat.com
lpolizoti@mnat.com

Matthew D. Powers
Edward R. Reines
Jessica Davis
Sonal N. Mehta
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100

Ryan Owens
WEIL, GOTSHAL & MAGES, LLP
767 Fifth Avenue
New York, NY  10153

***Attorneys for Defendant Cisco Systems, Inc.
in C.A. No. 04-876-GMS***

Dated: February 17, 2006