**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-874-GMS |
| | ) | |
| ALCATEL USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S
OBJECTIONS TO DEFENDANT
ALCATEL USA, INC.'S FIRST NOTICE OF 30(b)(6) DEPOSITION**

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects to

Defendant Alcatel USA, Inc.'s ("Alcatel") First Notice of 30(b)(6) Deposition to Telcordia.

**OBJECTIONS TO SCHEDULE A**

**GENERAL OBJECTIONS**

1.      Telcordia objects to the time and location of the deposition.  Subject to its

objections, Telcordia will make available representatives at a mutually agreeable time and place.

2.      Telcordia objects to the Deposition Topics as numerous, compound, and as

encompassing multiple depositions under Federal Rule of Civil Procedure 30(a)(2)(A).

3.     Telcordia further objects to the Deposition Topics to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested.  The level and specificity of the knowledge for which Telcordia will be able to prepare a witness to testify is necessarily commensurate in scope with the specificity of the Topics.

4.     Telcordia further objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege and/or work-product immunity, or information otherwise protected from disclosure.

5.     Telcordia further objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Telcordia under confidentiality obligations.

6.     Telcordia further objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Telcordia, or relevant to the claims and defenses in this litigation.

7.     Telcordia further objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Telcordia.

8.     Telcordia further objects to the Deposition Topics to the extent they are cumulative and/or duplicative.

9.     Telcordia further objects to the Deposition Topics to the extent that they call for legal conclusions.

10.     Telcordia further objects to the definitions and instructions set forth in Alcatel's previous discovery requests, which have been incorporated into Alcatel's First Notice of 30(b)(6) deposition including Alcatel's First Set of Requests for the Production of Documents (1-73),

dated April 7, 2005, and Alcatel USA's Second Set of Requests for the Production of Documents (74-152), dated September 29, 2005, to the extent that those definitions and instructions purport to impose obligations on Telcordia that exceed the obligations imposed upon a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

11.    Telcordia further objects to Alcatel's incorporation of the definitions and instructions set forth in Alcatel's previous discovery requests, including Alcatel's First Set of Requests for the Production of Documents (1-73), dated April 7, 2005, and Alcatel USA's Second Set of Requests for the Production of Documents (74-152), dated September 29, 2005, to the extent that those definitions and instructions are inapplicable to a deposition notice under Rule 30(b)(6).

12.    Telcordia incorporates its objections to the definitions and instructions set forth in Telcordia's previous responses to Alcatel's discovery requests as and for its objections to the Deposition Topics.

13.    Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Alcatel, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

14.    Telcordia's responses will be based on Telcordia's present knowledge, information, and belief and may be subject to change or modification based on Telcordia's further discovery, or on facts or circumstances that may come to Telcordia's knowledge. Telcordia assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

15.    Telcordia's responses are made solely for the purposes of this action.

16.    Telcordia objects to the use, including use by other parties, of any testimony from the noticed deposition in separate cases, such as the pending suits against Lucent and Cisco (Telcordia Technologies, Inc. v. Lucent Technologies, Inc., Civil Action No. 04-875-GMS and Telcordia Technologies, Inc. v. Cisco Systems, Inc., Civil Action No. 04-876-GMS).

17.    These general objections apply to all of Telcordia's responses to the Deposition Topics.  To the extent that specific objections are cited in a response, those specific citations are provided because they are believed to be particularly applicable to the specific Deposition Topic and are not to be construed as a waiver of any other general objection applicable to the information falling within the scope of the request.

## OBJECTIONS TO TOPICS OF THE DEPOSITION

**Topic No. 1**

The prosecution of the Telcordia patents-in-suit and any applications leading thereto.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 2**

The making of the inventions described in the Telcordia patents-in-suit.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to this topic as being vague and ambiguous with regard to the phrase "making of the inventions."

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of

Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal

Rules of Civil Procedure.

**Topic No. 3**

> Telcordia's first knowledge and awareness that any Alcatel product,
> including, but not limited to, each of the Accused Products, was:

> (a)    allegedly infringing either of the Telcordia patents-in-suit;

> (b)    compliant with ANSI Standard TI .630, ATM Forum Circuit
> Emulation Service Interoperability Specification, Version 2.0, af-
> vtoa-0078.000, and/or ITU-T Standard 1.363,1;

> (c)    capable of performing SRTS function(s); and/or

> (d)    capable of transmitting packetized data over a synchronous bit
> steam.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "first

knowledge and awareness."

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing

disclosure to Alcatel.

Telcordia objects to identifying witnesses or providing testimony concerning information

that was provided or learned as a result of any OSMINE or certification process because third parties, including Alcatel, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## Topic No. 4

All products or parties known to Telcordia since the issuance of the Telcordia patents-in-suit that practice any of the alleged inventions claimed in those patents, including Telcordia' s knowledge or awareness of such products or parties.

## Response :

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all products" during the deposition.

Telcordia objects to this topic as vague and ambiguous with regard to the phrase "knowledge and awareness."

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Alcatel, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 5**

The operation and marketing of products made, used, sold or offered for sale by Telcordia that are described in one or more claims of the Telcordia patents-in-suit.

**Response**:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to this topic as vague and ambiguous with regard to the term "operation."

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## Topic No. 6

All pre-filing date sales and/or offers for sale or use of any system described in either of the Telcordia patents-in-suit.

## Response:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 7**

Discussions, negotiations, correspondence and/or interactions between or concerning Telcordia and any Standards Development Organization relating to the subject matter described in either of the Telcordia patents-in-suit.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## Topic No. 8

Telcordia's compliance with the patent policies of any Standards Development Organizations of which Telcordia is or has been a member (such as, without limitation, the ATM Forum, ANSI and IR)), including Telcordia's policy of making its "patents. . . available for licensing on a non-exclusive and nondiscriminatory basis and at reasonable royalties" as set forth in, *e.g.,* Bellcore's ATM Forum Patent Declaration dated February 3, 1995.

## Response:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

11

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 9**

The development and use of GR-253, including:

(a)     all discussions, negotiations, correspondence and/or interactions between or concerning Telcordia and any third parties, including Alcatel, related to GR-253;

(b)     all Technical Advisories related to the subject matter described or disclosed in GR-253; and/or

(c)     Telcordia's knowledge of any product that is capable of transmitting packetized data over a synchronous bit steam and is compliant with any section of GR-253.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all discussions, negotiations, correspondence and/or interactions" during the deposition.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Alcatel, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## Topic No. 10

Telcordia's licenses and licensing practices, including:

(a)     all licenses and attempts to license any patents relating to ATM and/or SONET equipment;

(b)     all proposed or executed license agreements, settlement agreements or other agreements referring or relating to either of the Telcordia patents-in-suit;

(c)     all discussions, negotiations, correspondence and/or interactions
        related to the Fleischer Patent License, the GR-253 License and the
        GR-1400 License; and/or

(d)     any Alcatel license, express or implied, arising from Telcordia's
        OSMINE process or GFDS.

**<u>Response</u>:**

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing

disclosure to Alcatel.

Telcordia objects to this topic to the extent it seeks information regarding settlement

discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it

requires identification of "all licensing and attempts to license," "all proposed or executed

license agreements, settlement agreements or other agreements," and "all discussions,

negotiations, correspondence and/or interactions" during the deposition.

Telcordia objects to identifying witnesses or providing testimony concerning information

that was provided or learned as a result of any OSMINE or certification process because third

parties, including Alcatel, have placed certain restrictions on Telcordia's use of this information

for purposes other than OSMINE or certification.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 11**

Telcordia's testing and certification processes and services as those processes and services relate to any Alcatel product, including:

(a)    Telcordia's OSMINE process;

(b)    Telcordia's GFDS; and/or

(c)    all testing by Telcordia for performance of SRTS functions and/or compliance with any section or aspect of GR-253 or GR-1400.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third

parties, including Alcatel, have placed certain restrictions on Telcordia's use of this information

for purposes other than OSMINE or certification.

Telcordia objects to the extent that a deposition on this topic in combination with

depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of

Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal

Rules of Civil Procedure.

**Topic No. 12**

> Telcordia's products that interface with any Alcatel product, including,
> without limitation, the Accused Products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing

disclosure to Alcatel.

Telcordia objects to this topic as vague and ambiguous with regard to the term

"interface."

Telcordia objects to identifying witnesses or providing testimony concerning information

that was provided or learned as a result of any OSMINE or certification process because third

parties, including Alcatel, have placed certain restrictions on Telcordia's use of this information

for purposes other than OSMINE or certification.

Telcordia objects to the extent that a deposition on this topic in combination with

depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of

Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal

Rules of Civil Procedure.

**Topic No. 13**

All efforts by Telcordia to market, sell, and/or use any Alcatel product that
is capable of transmitting packetized data over a synchronous bit stream
and/or performing SRTS.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing

disclosure to Alcatel.

Telcordia objects to this topic as vague and ambiguous with regard to the phrases "[a]ll

efforts."

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 14**

The facts known to Telcordia at the time it filed its Complaint and First Amended Complaint against Alcatel in this action, Lucent in 04-C V-875 and Cisco in 04-CV-876, related to the allegations set forth in ¶¶ 13-l7 of the Complaint against Alcatel, ¶¶ 12-16 of each Complaint against Lucent and Cisco, ¶¶ 20-24 of the Complaint against Cisco, ¶¶ 12-16 and ¶¶ 20-24 of each First Amended Complaint, and ¶¶ 28-31 of each First Amended Complaint against Lucent and Cisco.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 15**

The marking of products and/or systems covered by one or more claims of either of the Telcordia patents-in-suit pursuant to *35* U.S.C. § 287.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrase "pursuant to 35 U.S.C. § 287."

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with

depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 16**

> For each year from 1987 to present, the organizational structure of Telcordia, including, without limitation, divisions or departments relating to research and development, engineering, marketing, sales and customer service, and the officers, managers and/or personnel of such divisions or departments.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of organizational information, including supervisors and managers, over a nineteen year period.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal

Rules of Civil Procedure.

**Topic No. 17**

    Telcordia's document retention policies, including, without limitation, the circumstances under which Telcordia retains and destroys documents and things.

**Response:**

    Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

    Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

    Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

    Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

    Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 18**

    Telcordia's search and collection of documents in response to Alcatel's document requests and this Notice of Deposition, including but not limited to the persons involved in the search, the locations and document repositories searched, and the sources of the documents produced by Telcordia in this action.

**<u>Response</u>:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notice of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

<u>**OBJECTIONS TO SCHEDULE B**</u>

<u>**GENERAL OBJECTIONS**</u>

1.      Telcordia incorporates its objections to Schedule A as and for its objections to Schedule B.

2.      Telcordia incorporates its objections to the definitions and instructions as set forth above with regard to Schedule A and in Telcordia's previous responses to Alcatel's discovery requests as and for its objections to the Instructions and Definitions set forth in Schedule B.

## OBJECTIONS TO DOCUMENT REQUEST

**Document Request No. 1:**

All documents not previously produced that have been reviewed or considered by Telcordia in preparing for this deposition.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this request to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this request to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: March 10, 2006

167498.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2006, the attached **PLAINTIFF**

**TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT ALCATEL**

**USA, INC.'S FIRST NOTICE OF 30(b)(6) DEPOSITION** was served upon the below-named

counsel of record at the address and in the manner indicated:


Josy W. Ingersoll, Esquire                                    <u>HAND DELIVERY</u>
Young Conaway Stargatt & Taylor, LLP
      The Brandywine Building
1000 West Street
Wilmington, DE  19801

Stuart J. Sinder, Esquire                                    <u>VIA ELECTRONIC MAIL</u>
Kenyon & Kenyon
One Broadway
New York, NY  10004



*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon