IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 04-874-GMS |
| ALCATEL USA, INC., ) | |
| ) | |
| Defendant. ) | |

**FOURTH NOTICE OF 30(b)(6) DEPOSITION TO ALCATEL USA, INC.**

PLEASE TAKE NOTICE that beginning at 9:30 a.m. on May 1, 2006, in the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, or at another time and place agreed upon by the parties, Plaintiff Telcordia Technologies, Inc. ("Telcordia") shall take the deposition upon oral examination of Defendant, Alcatel USA, Inc. Alcatel USA, Inc. is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6), one or more of its officers, directors, managing agents, employees, or other designated persons to testify on its behalf with respect to the subject matters set forth in Schedule A, attached hereto.

Additionally, pursuant to Fed. R. Civ. P. 30(b)(5), Telcordia requests that Alcatel USA, Inc. within 30 days produce the documents and tangible things identified in the attached Schedule B for inspection and copying at the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, or at such time and place as shall be agreed upon by the parties or determined by the Court.

The testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes as provided by the Federal Rules of Civil Procedure and

Evidence. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony may be recorded by sound, visual, or electronic means in addition to stenographic means.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | */s/ Tiffany Geyer Lydon* |
|  | _____ |
|  | Steven J. Balick (I.D. #2114) |
|  | John G. Day (I.D. #2403) |
|  | Tiffany Geyer Lydon (I.D. #3950) |
|  | 222 Delaware Avenue, 17th Floor |
|  | P.O. Box 1150 |
|  | Wilmington, Delaware  19899 |
|  | (302) 654-1888 |
|  | sbalick@ashby-geddes.com |
|  | jday@ashby-geddes.com |
| *Of Counsel:* | tlydon@ashby-geddes.com |
|  | *Attorneys for Plaintiff* |
| Donald R. Dunner | *Telcordia Technologies, Inc.* |
| Don O. Burley |  |
| Steven M. Anzalone |  |
| Richard H. Smith |  |
| Houtan K. Esfahani |  |
| FINNEGAN, HENDERSON, FARABOW, |  |
|   GARRETT & DUNNER, L.L.P. |  |
| 901 New York Ave., N.W. |  |
| Washington, D.C.  20001 |  |
| (202) 408-4000 |  |

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated:  March 16, 2006

167670.1

2

## SCHEDULE A

## DEFINITIONS

1. All definitions and instructions set forth in Telcordia's January 6, 2006 Second Set of Requests for Production of Documents to Alcatel are incorporated as if set forth fully herein.

2. For the purposes of this Deposition Notice, the term "Alcatel" shall mean Alcatel USA, Inc., together with all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of or related to Alcatel USA, Inc., including all parents, divisions, subsidiaries, affiliates, sister entities, and predecessors of Alcatel USA, Inc. The definition of "Alcatel" includes, without limitation, Alcatel S.A., Alcatel USA, Newbridge Networks Inc., Newbridge Networks Corporation, Alcatel Networks, Inc., Alcatel Canada Inc., Xylan Corporation, Alcatel Internetworking, Inc., DSC Communications Corporation, and Ungermann-Bass Networks, Inc.

3. For purposes of this Deposition Notice, the term "person" specifically refers to the present and past officers, employees, counsel, agents, consultants, and/or representatives of Alcatel.

4. The term "document" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronic items such as email, compilations, and databases. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English translation of a requested document shall be deemed a separate document.

5. The term "thing," as used in this Deposition Notice, has the same meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of Alcatel.

6. The term "product" shall mean hardware and/or software and shall include, without limitation, all versions, releases, models, prototypes, and modifications thereof.

7. As used herein, the term "interfacing a switching system" shall refer to, without limitation, allowing or providing access to and/or interfacing with a switching system using an application, such as an Applet or any other application written in Java programming language, to manage, monitor, observe, control and/or configure the switching system.

8. As used herein, the term "Switching System Accessing Product" shall include, without limitation, any system including, but not limited to, hardware and/or software, that is capable of interfacing a switching system.

9. As used herein, the term "Alcatel Switching System Accessing Product" shall include, without limitation, any system including, but not limited to, hardware and/or software, that is capable of interfacing a switching system and that is or has been made, used, offered for sale, offered for license, sold, distributed, licensed, leased, imported or exported in the United States by or on behalf of Alcatel.

10. As used herein, the term "UB Networks Switching System Accessing Product" shall include, without limitation, any system including, but not limited to, hardware and/or software, that is capable of interfacing a switching system and that is or has been made, used, offered for sale, offered for license, sold, distributed, licensed, leased, imported or exported in the United States by or on behalf of Ungermann-Bass Networks, Inc.

11. As used herein, the term "Newbridge Switching System Accessing Product" shall include, without limitation, any system including, but not limited to, hardware and/or software, that is capable of interfacing a switching system and that is or has been made, used, offered for sale, offered for license, sold, distributed, licensed, leased, imported or exported in the United States by or on behalf of Newbridge Networks, Inc. or Newbridge Networks Corporation.

12. As used herein, the term "DSC Switching System Accessing Product(s)" shall include, without limitation, any system including, but not limited to, hardware and/or software, that is capable of interfacing a switching system and that is or has been made, used, offered for sale, offered for license, sold, distributed, licensed, leased, imported or exported in the United States by or on behalf of DSC Communications Corporation.

13. As used herein, the term "the '052 patent" shall refer to U.S. Patent No. 6,247,052 B1.

14. As used herein, the term "the '050 patent" shall refer to U.S. Patent No. 6,286,050 B1.

15. As used herein, the phrase "the '052 Related Patents and Applications" shall mean:

    a. U.S. Patent No. 6,286,050 B1;
    b. U.S. Patent No. 6,266,695 B1;
    c. U.S. Patent No. 6,052,456;
    d. U.S. Patent No. 6,192,361 B1;
    e. U.S. Patent No. 5,495,484;
    f. U.S. Provisional Application Serial No. 60/034,874, filed on January 27, 1997;
    g. all patents and patent applications (abandoned or pending) that claim priority from any of the above identified patents or patent applications;

      h.      all foreign counterparts of any of the above identified patents or patent applications; and/or

      i.      certificates of correction, reissue applications and patents, and reexamination applications and patents, of any of the above identified patents.

## SUBJECTS OF THE DEPOSITION

1. All facts and circumstances relating to where, when, how and by whom the subject matter of the claims of the '052 patent was first alleged to have been invented, including but not limited to the conception and reduction to practice (actual or constructive) of each claim, diligence in reducing to practice, as well as the first time the alleged invention was known or used by others in the United States, patented or described in a printed publication anywhere in the world, put in public use in the United States, offered for sale in the United States, and disclosed to any person not employed by Alcatel. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

2. The filing and prosecution of the patent application that resulted in the issuance of the '052 patent, and any foreign counterparts thereof. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

3. The knowledge of Alcatel regarding UB Networks Switching System Accessing Products or technology, such as NetDirector and NetDirector@Web products, including but not limited to the knowledge of those bearing a duty of candor to the United States Patent and Trademark Office in connection with the filing and prosecution of the application that led to the '052 patent. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

4. The knowledge of Alcatel regarding Newbridge Switching System Accessing Products, such as VIVID and VIVID NetDirector products, including but not limited to the knowledge of those bearing a duty of candor to the United States Patent and Trademark Office in connection with the filing and prosecution of the application that led to the '052 patent. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

5. The identification of all past and present Alcatel Switching System Accessing Products. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

6. The research, development, design, structure, and operation of all past and present Alcatel Switching System Accessing Products or

       technology. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

7. The research, development, design, structure, and operation of all past and present Alcatel Switching System Accessing Products or technology disclosed and/or claimed in the '052 patent. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

8. The research, development, design, structure, and operation of UB Networks Switching System Accessing Products or technology, including but not limited to NetDirector, NetDirector@Web, and EMPower products. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

9. The research, development, design, structure, and operation of Newbridge Switching System Accessing Products or technology, including but not limited to VIVID and VIVID NetDirector products. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

10. The research, development, design, structure, and operation of DSC Switching System Accessing Products or technology. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

11. The use of the alleged invention of the '052 patent by Alcatel. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

12. The factual bases for any alleged secondary indicia of obviousness or nonobviousness regarding the claimed invention of the '052 patent. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

13. The nature, scope, and results of any studies or analyses of past and present Alcatel products or technology performed by Alcatel in connection with the '052 patent. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

14. The nature, scope, and results of any studies or analyses of all past and present Switching System Accessing Products performed by Alcatel in connection with the '052 patent. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

15. All grounds and all facts supporting or otherwise relating to Alcatel's allegations in this litigation of infringement of the '052 patent by Telcordia. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

16. Alcatel's investigation, use, study, or analysis of any Telcordia products or literature prior to filing a counterclaim for the alleged infringement of the '052 by Telcordia and the results of such investigation, use, study, or analysis. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

17. All communications with third parties relating to the '052 patent, including any notices of infringement or offers to license. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

18. The filing and prosecution of the patent applications that led to the '052 Related Patents and Applications, and any foreign counterparts thereof. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

19. All facts and circumstances relating to where, when, how and by whom the subject matters of the claims of the '052 Related Patents and Applications were first alleged to have been reduced to practice as well as the first time the subject matters were known or used by others in the United States, patented or described in a printed publication anywhere in the world, put in public use in the United States, offered for sale in the United States, and disclosed to any person not employed by Alcatel. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

20. The knowledge of Alcatel regarding any products implementing the subject matters disclosed in the '052 Related Patents and Applications, including but not limited to the knowledge of those bearing a duty of candor to the United States Patent and Trademark Office in connection with the filing and prosecution of the applications that led to the '052 Related Patents and Applications. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

21. The research, development, design, structure, and operation of any products implementing the subject matters disclosed in the '052 Related Patents and Applications. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

22. Alcatel's policies, practices, and/or procedures with respect to patent marking requirements. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

23. Alcatel's marking activities relating to the '052 patent. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

24. Alcatel's search and collection of documents in response to Telcordia's January 6, 2006 Second Set of Requests for Production of Documents to Alcatel and Telcordia's March 7, 2006 Third Set of Requests for Production of Documents to Alcatel. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

25. The authenticity of documents and other tangible things constituting evidence relating to the categories set forth in topics 1 through 24 above.

## SCHEDULE B

## DEFINITIONS AND INSTRUCTIONS

All definitions and instructions set forth in Schedule A above, and all definitions and instructions set forth in Telcordia's January 6, 2006 Second Set of Requests for Production of Documents to Alcatel are incorporated as if set forth fully herein.

## DOCUMENT REQUEST

1.  All documents that have been reviewed, considered, referred to, or relied upon by Alcatel's Rule 30(b)(6) designee(s) in preparing for this deposition, or that are the source of information that Alcatel expects to provide in response to this Deposition Notice.

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2006, the attached **FOURTH NOTICE OF 30(b)(6) DEPOSITION TO ALCATEL USA, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Stuart J. Sinder, Esquire<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | <u>VIA FEDERAL EXPRESS</u> |

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon