## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-874-GMS |
| | ) | |
| ALCATEL USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S
### OBJECTIONS TO DEFENDANT
### ALCATEL USA, INC.'S THIRD NOTICE OF 30(b)(6) DEPOSITION

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects to

Defendant Alcatel USA, Inc.'s ("Alcatel") First Notice of 30(b)(6) Deposition to Telcordia.

### OBJECTIONS TO SCHEDULE A

### GENERAL OBJECTIONS

1.      Telcordia objects to the time and location of the deposition.  Subject to its

objections, Telcordia will make available representatives at a mutually agreeable time and place.

2.      Telcordia objects to the Deposition Topics as numerous, compound, and as

encompassing multiple depositions under Federal Rule of Civil Procedure 30(a)(2)(A).

3.      Telcordia further objects to the Deposition Topics to the extent they are vague,

ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable

particularity the matters on which examination is requested.  The level and specificity of the

knowledge for which Telcordia will be able to prepare a witness to testify is necessarily

commensurate in scope with the specificity of the Topics.

4.      Telcordia further objects to the Deposition Topics to the extent they seek

information protected from disclosure by attorney-client privilege and/or work-product

immunity, or information otherwise protected from disclosure.

5.      Telcordia further objects to the Deposition Topics to the extent they seek

confidential and/or proprietary information, including the proprietary information of third parties

provided to Telcordia under confidentiality obligations.

6.      Telcordia further objects to the Deposition Topics to the extent that they assume

facts that are not accurate, known to Telcordia, or relevant to the claims and defenses in this

litigation.

7.      Telcordia further objects to the Deposition Topics to the extent that the

information requested therein is not within the possession, custody, or control of Telcordia.

8.      Telcordia further objects to the Deposition Topics to the extent they are

cumulative and/or duplicative.

9.      Telcordia further objects to the Deposition Topics to the extent that they call for

legal conclusions.

10.     Telcordia further objects to the definitions and instructions set forth in Alcatel's

previous discovery requests, which have been incorporated into Alcatel's Third Notice of

30(b)(6) deposition including Alcatel's First Set of Requests for the Production of Documents

(1-73), dated April 7, 2005, and Alcatel USA's Second Set of Requests for the Production of

Documents (74-152), dated September 29, 2005, to the extent that those definitions and

instructions purport to impose obligations on Telcordia that exceed the obligations imposed upon

a responding party under the Federal Rules of Civil Procedure or the applicable Local Rules.

11.     Telcordia further objects to Alcatel's incorporation of the definitions and

instructions set forth in Alcatel's previous discovery requests, including Alcatel's First Set of

Requests for the Production of Documents (1-73), dated April 7, 2005, and Alcatel USA's

Second Set of Requests for the Production of Documents (74-152), dated September 29, 2005, to the extent that those definitions and instructions are inapplicable to a deposition notice under Rule 30(b)(6).

12.    Telcordia incorporates its objections to the definitions and instructions set forth in Telcordia's previous responses to Alcatel's discovery requests as and for its objections to the Deposition Topics.

13.    Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Alcatel, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

14.    Telcordia objects to the use, including use by other parties, of any testimony from the noticed deposition in separate cases, such as the pending suits against Lucent and Cisco (Telcordia Technologies, Inc. v. Lucent Technologies, Inc., Civil Action No. 04-875-GMS and Telcordia Technologies, Inc. v. Cisco Systems, Inc., Civil Action No. 04-876-GMS).

15.    Telcordia objects to Alcatel's definition of "interfacing a switching system" as vague to the extent that it fails to adequately set forth a definition. Numerous terms and phrases in the definition are undefined, including, for example, "access," "interfacing," "switching system," "application," "applet," "monitor," and "observe." Telcordia further objects to the definition of "interfacing a switching system" as overbroad and overly burdensome to the extent the definition encompasses information that is neither relevant to any claim or defense of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence. Telcordia further objects to the definition of "interfacing a switching system" as premature to the extent it is intended to construe the meaning of any claim term of U.S. Patent No. 6,247,052

("the '052 patent") before the Court rules on claim construction.

16.    Telcordia objects to Alcatel's definition of "switching system accessing product(s)" as vague to the extent that it fails to adequately set forth a definition.  Numerous terms and phrases in the definition are undefined, including, for example, "interfacing" and "switching system."  Telcordia further objects to the definition of "switching system accessing product(s)" as overbroad and overly burdensome to the extent the definition encompasses information that is neither relevant to any claim or defense of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Telcordia further objects to the definition of "interfacing a switching system" as premature to the extent it is intended to construe the meaning of any claim term of the '052 patent before the Court rules on claim construction.

17.    Telcordia objects to Alcatel's definition of "Telcordia switching system accessing product(s)" as vague to the extent that it fails to adequately set forth a definition.  Numerous terms and phrases in the definition are undefined, including, for example, "interfacing" and "switching system."  Telcordia further objects to the definition of "Telcordia switching system accessing product(s)" as overbroad and overly burdensome to the extent the definition encompasses information that is neither relevant to any claim or defense of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Telcordia further objects to the definition of "interfacing a switching system" as premature to the extent it is intended to construe the meaning of any claim term of the '052 patent before the Court rules on claim construction.

18.    These general objections apply to all of Telcordia's responses to the Deposition Topics.  To the extent that specific objections are cited in a response, those specific citations are

provided because they are believed to be particularly applicable to the specific Deposition Topic

and are not to be construed as a waiver of any other general objection applicable to the

information falling within the scope of the request.

## OBJECTIONS TO TOPICS OF THE DEPOSITION

**Topic No. 1:**

Testing, quality assurance and/or verification of each Telcordia switching system accessing product.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing

disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with

depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of

Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal

Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "Telcordia switching system accessing product." Telcordia also objects to this topic as overbroad and unduly burdensome to the extent it seeks identification of "each Telcordia switching system accessing product," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Alcatel, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding "[t]esting, quality assurance, and/or verification" of products that are not accused of infringement. Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof onto Telcordia to the extent Alcatel is seeking testimony related to Telcordia's noninfringment before Alcatel has provided requested discovery that would permit Telcordia to reasonably understand the basis for Alcatel's infringement contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the '052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 2:**

Maintenance relating to each Telcordia switching system accessing product.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "Telcordia switching system accessing product." Telcordia also objects to this topic as overbroad and unduly burdensome to the extent it seeks identification of "each Telcordia switching system accessing product," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding "[m]aintenance" of products that are not accused of infringement. Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof onto Telcordia to the extent Alcatel is seeking testimony related to Telcordia's noninfringment before Alcatel has provided requested discovery that would permit Telcordia to reasonably understand the basis for Alcatel's infringement contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the '052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 3:**
Customer support or service relating to each Telcordia switching system accessing product.

**Response:**
Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "Telcordia switching system accessing product." Telcordia also objects to this topic as overbroad and unduly burdensome to the extent it seeks identification of "each Telcordia switching system accessing product," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding "[c]ustomer support or service" of products that are not accused of infringement. Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof onto Telcordia to the extent Alcatel is seeking testimony related to Telcordia's noninfringment before Alcatel has provided requested discovery that would permit Telcordia to reasonably understand the basis for Alcatel's infringement contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the '052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 4:**

Distribution, sale, licensing and/or lease of Telcordia switching system accessing products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "Telcordia switching system accessing products." Telcordia also objects to

this topic as overbroad and unduly burdensome to the extent it seeks identification of "Telcordia switching system accessing products," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding "[d]istribution, sale, licensing and/or lease " of products that are not accused of infringement.  Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof to Telcordia to the extent Alcatel is seeking testimony related to damages for alleged infringement before Alcatel has provided requested discovery that would permit Telcordia to reasonably understand the basis for Alcatel's infringement and damages contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the '052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 5:**
Pricing of Telcordia switching system accessing products.

**Response:**
Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

11

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "Telcordia switching system accessing products." Telcordia also objects to this topic as overbroad and unduly burdensome to the extent it seeks identification of "Telcordia switching system accessing products," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding "[p]ricing" of products that are not accused of infringement. Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof to Telcordia to the extent Alcatel is seeking testimony related to damages for alleged infringement before Alcatel has provided requested

12

discovery that would permit Telcordia to reasonably understand the basis for Alcatel's

infringement and damages contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding

Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the

'052 patent and submits that discovery relating to Telcordia's legal contentions should be

requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 6:**
> Marketing and promotion of Telcordia switching system accessing
> products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing

disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with

depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of

Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal

Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "Telcordia switching system accessing products." Telcordia also objects to this topic as overbroad and unduly burdensome to the extent it seeks identification of "Telcordia switching system accessing products," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding "[m]arketing and promotion" of products that are not accused of infringement. Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof to Telcordia to the extent Alcatel is seeking testimony related to damages for alleged infringement before Alcatel has provided requested discovery that would permit Telcordia to reasonably understand the basis for Alcatel's infringement and damages contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the '052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 7:**

> Market studies or analyses, strategic and business plans and/or competitive analyses conducted by or on behalf of Telcordia concerning the market in the United States or abroad, for any and all switching system accessing products.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "switching system accessing products." Telcordia also objects to this topic as overbroad and unduly burdensome to the extent it seeks identification of "switching system accessing products," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all switching system accessing products" during the deposition.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding "[m]arket studies or analyses, strategic and business plans and/or competitive analyses" of products that are not accused of infringement. Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof to Telcordia to the extent Alcatel is seeking testimony related to damages for alleged infringement before Alcatel has provided requested discovery that would permit Telcordia to reasonably understand the basis for Alcatel's infringement and damages contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the '052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 8:**

> Identification of each person or entity that has made, purchased, sold, offered for sale, distributed, imported, exported, licensed or leased any Telcordia switching system accessing product.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "Telcordia switching system accessing product." Telcordia also objects to this topic as overbroad and unduly burdensome to the extent it seeks identification of any "Telcordia switching system accessing product," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding products that are not accused of infringement. Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the '052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 9:**
Identification of all products that compete with, or have or will compete with, Telcordia switching system accessing products.

**Response:**
Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "Telcordia switching system accessing products." Telcordia also objects to

this topic as overbroad and unduly burdensome to the extent it seeks identification of "Telcordia switching system accessing products," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding products that are not accused of infringement. Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof to Telcordia to the extent Alcatel is seeking testimony related to damages for alleged infringement before Alcatel has provided requested discovery that would permit Telcordia to reasonably understand the basis for Alcatel's infringement and damages contentions.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the '052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 10:**

> For each year from 1999 to present, the unit sales (actual and projected) for each Telcordia switching system accessing product.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "Telcordia switching system accessing product." Telcordia also objects to this topic as overbroad and unduly burdensome to the extent it seeks identification of each "Telcordia switching system accessing product," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding "unit sales" of products that are not accused of

infringement.  Requiring testimony concerning products that are not accused of infringement is

unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to

shift Alcatel's burden of production and proof to Telcordia to the extent Alcatel is seeking

testimony related to damages for alleged infringement before Alcatel has provided requested

discovery that would permit Telcordia to reasonably understand the basis for Alcatel's

infringement and damages contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding

Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the

'052 patent and submits that discovery relating to Telcordia's legal contentions should be

requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 11:**

For each year from 1999 to present, the revenue and profits (actual and
projected) for each Telcordia switching system accessing product.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails to adequately define "Telcordia switching system accessing product." Telcordia also objects to this topic as overbroad and unduly burdensome to the extent it seeks identification of each "Telcordia switching system accessing product," since information about products which cannot be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding "revenue of profits" of products that are not accused of infringement. Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof to Telcordia to the extent Alcatel is seeking testimony related to damages for alleged infringement before Alcatel has provided requested discovery that would permit Telcordia to reasonably understand the basis for Alcatel's infringement and damages contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding

Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the

'052 patent and submits that discovery relating to Telcordia's legal contentions should be

requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 12:**

> For each year from 1999 to present, the expenses and costs (actual and
> projected), including fixed and variable costs, for each Telcordia
> switching system accessing product.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing

disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with

depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of

Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal

Rules of Civil Procedure.

Telcordia objects to this topic as vague, ambiguous, and overly broad to the extent it fails

to adequately define "Telcordia switching system accessing product." Telcordia also objects to

this topic as overbroad and unduly burdensome to the extent it seeks identification of each

"Telcordia switching system accessing product," since information about products which cannot

be accused of infringement is not relevant to Alcatel's claims in this action nor reasonably

calculated to lead to the discovery of admissible evidence.

Telcordia further objects to this topic as overly broad and unduly burdensome to the

extent it seeks information regarding "expenses and costs" of products that are not accused of

infringement.  Requiring testimony concerning products that are not accused of infringement is

unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to

shift Alcatel's burden of production and proof to Telcordia to the extent Alcatel is seeking

testimony related to damages for alleged infringement before Alcatel has provided requested

discovery that would permit Telcordia to reasonably understand the basis for Alcatel's

infringement and damages contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding

Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the

'052 patent and submits that discovery relating to Telcordia's legal contentions should be

requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 13:**
Telcordia's patent, technology, and know-how licensing policies.

**Response:**
Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia further objects to this topic as overly broad and unduly burdensome to the extent it seeks information regarding "Telcordia's patent, technology, and know-how policies" for products that are not accused of infringement.  Requiring testimony concerning products that are not accused of infringement is unfair and unduly burdensome.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof to Telcordia to the extent Alcatel is seeking testimony related to damages for alleged infringement before Alcatel has provided requested discovery that would permit Telcordia to reasonably understand the basis for Alcatel's infringement and damages contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the

'052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 14:**

Telcordia's first knowledge of the '052 patent.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to this topic as vague and ambiguous with regard to the phrase "first knowledge."

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the

'052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 15:**

Telcordia's policy and/or practice for investigating and/or reviewing the patents of other entities.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**Topic No. 16:**

Any investigation and/or review by or on behalf of Telcordia relating to the '052 patent and/or other patents issued, owned or assigned to Alcatel.

**<u>Response:</u>**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to this topic as premature, overbroad, and improperly attempting to shift Alcatel's burden of production and proof to Telcordia to the extent Alcatel is seeking testimony related to damages for alleged infringement before Alcatel has provided requested discovery that would permit Telcordia to reasonably understand the basis for Alcatel's infringement and damages contentions.

Telcordia objects to this topic to the extent that Alcatel is seeking testimony regarding Telcordia's legal contentions in response to Alcatel's allegations of patent infringement of the '052 patent and submits that discovery relating to Telcordia's legal contentions should be requested through contention interrogatories rather than a Rule 30(b)(6) deposition.

**Topic No. 17:**

Telcordia's search and collection of documents in response to Alcatel's document requests and Notices of Deposition, including but not limited to the persons involved in the search, the locations and document repositories searched, and the sources of the documents produced by Telcordia in this action.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Alcatel's Notices of Deposition would cause Alcatel to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

Telcordia objects to designating a deponent to merely identify specific items where such information can and should be obtainable more efficiently by other methods of discovery.

## OBJECTIONS TO SCHEDULE B

## GENERAL OBJECTIONS

1.      Telcordia incorporates its objections to Schedule A as and for its objections to Schedule B.

2.      Telcordia incorporates its objections to the definitions and instructions as set forth above with regard to Schedule A and in Telcordia's previous responses to Alcatel's discovery requests as and for its objections to the Instructions and Definitions set forth in Schedule B.

## OBJECTIONS TO DOCUMENT REQUEST

**Document Request No. 1:**

All documents not previously produced that have been reviewed or considered by Telcordia in preparing for this deposition.

**Response:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this request to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this request to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Alcatel.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: March 30, 2006
168163.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2006, the attached **PLAINTIFF**

**TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT ALCATEL**

**USA, INC.'S THIRD NOTICE OF 30(b)(6) DEPOSITION** was served upon the below-

named counsel of record at the address and in the manner indicated:

Josy W. Ingersoll, Esquire                           <u>HAND DELIVERY</u>
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street
Wilmington, DE 19801

Stuart J. Sinder, Esquire                             <u>VIA FEDERAL EXPRESS</u>
Kenyon & Kenyon
One Broadway
New York, NY 10004

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

150908.1