IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 04-874-GMS |
| ) | |
| ALCATEL USA, INC., ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**FIFTH NOTICE OF RULE 30(b)(6) DEPOSITION TO ALCATEL**

PLEASE TAKE NOTICE that beginning at 9:00 a.m. on April 28, 2006, in the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, or at another time and place agreed upon by the parties, Plaintiff Telcordia Technologies, Inc. ("Telcordia") shall take the deposition upon oral examination of Defendant, Alcatel USA, Inc. ("Alcatel"). Alcatel is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6), one or more of its officers, directors, managing agents, employees, or other designated persons to testify on its behalf with respect to the subject matters set forth in Schedule A, attached hereto.

The testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes as provided by the Federal Rules of Civil Procedure and Evidence. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony may be recorded by sound and visual means in addition to stenographic means.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: March 30, 2006

## SCHEDULE A

## DEFINITIONS

1. All definitions and instructions set forth in Telcordia's previous discovery requests (*see, e.g.*, Telcordia's April 7, 2005, Requests for Production; Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Alcatel) are incorporated as if set forth fully herein.

2. For purposes of this Deposition Notice, the term "person" specifically refers to the present and past officers, employees, counsel, agents, consultants, and/or representatives of Alcatel.

3. For the purposes of this Deposition Notice, the term "Alcatel" shall mean Alcatel USA, Inc., together with all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of or related to Alcatel USA, Inc., including all parents, divisions, subsidiaries, affiliates, sister entities, and predecessors of Alcatel USA, Inc. The definition of "Alcatel" includes, without limitation, Alcatel S.A., Alcatel USA, Newbridge Networks Inc., Newbridge Networks Corporation, Alcatel Networks, Inc., Alcatel Canada Inc., Xylan Corporation, Alcatel Internetworking, Inc., and DSC Communications Corporation.

4. The term "document" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronic items such as email, compilations, and databases. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English translation of a requested document shall be deemed a separate document.

5. The term "thing," as used in this Deposition Notice, has the same meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of Alcatel.

6. The term "accused product" means any Alcatel product accused by Telcordia of infringing U.S. Patent No. 4,893,306 and U.S. Patent Re. 36,633.

7. The term "the '052 patent" means U.S. Patent No. 6,247,052 B1.

## SUBJECTS OF THE DEPOSITION

1. The dates on which Alcatel first made, used, offered for sale, and sold in the United States each of the accused products.

3

2. The dates on which any company or entity that was acquired by Alcatel first made, used, offered for sale, and sold in the United States each of the accused products.

3. On an annual basis since their introduction into the United States, Alcatel's (1) sales of the accused products and (2) understanding and interpretations of any increases, decreases, or other trends in the sales of the accused products and other networking products.

4. Alcatel's accounting system(s) and methodologies, databases, and reports pertinent to the manufacture/procurement, importation into the United States, transfer pricing, orders by customers, sales, distribution, and installation of networking products, including the accused products.

5. Alcatel's accounting system(s) and methodologies, databases, and reports pertinent to (1) tracking direct costs of Alcatel's networking products, including the accused products, for the computation of gross margin and (2) tracking and allocating indirect costs/overhead, such as sales and general administrative costs (including commissions and other selling and distribution related costs), to networking products, including the accused products, for the computation of operating profit.

6. Identification and explanation of Alcatel's cost reports for networking products and the accused products, including cost of goods sold reports, divisional cost reports, product line cost reports, and bill of material costs.

7. On an annual basis since the introduction of the accused products into the United States, Alcatel's (1) gross margin (both percentage and dollar amounts) and (2)

operating profit (both percentage and dollar amounts) from the sale of (1) all products, (2) all networking products, and (3) the accused products.

8. Identification and explanation of Alcatel's internal and external financial statements, including (1) Alcatel's overall, company-wide financial statements, (2) all financial statements concerning Alcatel's networking products, and (3) all financial statements including or referring to the accused products.

9. Identification and explanation of all sales, cost, and profitability forecasts and projections prepared by or for Alcatel concerning (1) networking products or (2) any of the accused products.

10. Identification and explanation of all reports provided to Alcatel's management, including the corporate board, that refer or relate to sales, costs, sales and cost trends, sales and cost forecasts, sales and cost projections, and financial performance of (1) networking products or (2) any of the accused products.

11. Since the introduction of the accused products into the United States, (1) the pricing of Alcatel's networking products, including the accused products, (2) Alcatel's understanding, beliefs, and interpretations concerning the causes of price increases/decreases or other pricing trends, and (3) pricing and pricing trends of products that compete with Alcatel's switching/router products.

12. Alcatel's licensing (both inbound and outbound) of telecommunications-related technologies, including but not limited to (1) the nature, terms, and scope of each license and each offer to license; (2) all facts and circumstances relating to such license or offer to license; (3) all facts and circumstances relating to any discussion or

communication (both within Alcatel's organizations and with actual or potential licensors/licensees) concerning the license or offer to license.

13. Alcatel's licensing policies and practices concerning licensing patents, trade secrets, and other intellectual property, including but not limited to any standard or preferred terms for license agreements, payment/computation of royalties, and reporting of royalties.

14. On an annual basis prior to the launch of each accused product, (1) amounts budgeted by Alcatel for researching and developing the accused product and (2) Alcatel's investment in researching and developing the accused product and any planned design around of any technology disclosed in the patents in suit, including the costs of raw materials, labor, design, retooling, interruption of business activities, and certification of new designs.

15. Alcatel's acquisition of or merger with any third-party entity that developed and/or sold any accused product(s), including (1) all consideration paid in connection with the acquisition or merger, (2) all valuations of the business units that developed and/or sold the accused product(s), (3) all forecasts and projections concerning the accused product(s), and (4) the percentage contribution of revenues from the third-party entity's sale of the accused product(s) to the third-party entity's overall, company-wide revenues prior to the acquisition or merger.

16. Identification of product(s) sold in connection with the accused products, including but not limited to software, add-ons, upgrades, warranties, service agreements, etc., either at the time of sale or throughout the life of the product.

17. Identification and explanation of Alcatel's business plans, market studies, and market share studies, concerning switching/router products, including the accused products and competitors' products.

18. Identification and explanation of Alcatel's promotional material and other literature concerning the features and benefits of the accused products.

19. Identification of all Alcatel products that use technology covered by the `052 patent, including an explanation of the form in which such products are sold, licensed, or otherwise transferred.

20. Alcatel's sales (in units and dollars), profits (including gross profit, operating profit, and incremental profit), prices, pricing trends, and pricing policies for all Alcatel products that use technology covered by the `052 patent.

21. Alcatel's direct and indirect costs and cost accounting methodology for all Alcatel products that use technology covered by the `052 patent, including methods for allocating costs among product groups.

22. Alcatel's sales of products that use technology covered by the `052 patent, including (1) accounting methodologies for those sales, (2) normal course of business reports provided to management concerning those sales, and (3) projections, forecasts, and business plans related to such sales.

23. Identification and explanation of all products and services sold in combination with any Alcatel product that uses technology covered by the `052 patent, including the frequency of such sales, quantities sold, and sales prices.

24. Identification and explanation of all circumstances and instances where Alcatel's sales force has competed with Telcordia for the sale of products that allegedly use technology covered by the `052 patent.

25. Alcatel's assessments or analyses of the competitive market and/or markets for products that use technology covered by the `052 patent and size of the market(s), including but not limited to numbers and identities of competitors, market shares of Alcatel and its competitors, comparison of Alcatel's and its competitors' products, demand, and commercially-available alternatives to the products that use the technology covered by the `052 patent.

26. Alcatel's advertising, marketing, selling, and distribution of products that use technology covered by the `052 patent, including the identification of all features or alleged benefits promoted through the advertising or marketing of those products.

27. Alcatel's capacity to sell, lease, license, and provide maintenance or customer support for products that use technology covered by the `052 patent.

28. Alcatel's licensing, including licensing policies, practices, negotiations, royalty rates, and other terms relating to the licensing of telecommunications software and/or the `052 patent.

29. Identification and explanation of all valuations of the `052 patent and any Alcatel patents relating to telecommunications software.

30. Identification and explanation of Alcatel's marking practices from December 23, 1997 to the present for each Alcatel product that uses technology covered by the `052 patent.

31. Identification and explanation of the databases, documents, reports, and information created, kept, or maintained by Alcatel, its contractors, and/or agents concerning or relating to the subject matter of the foregoing topics.

168166.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2006, the attached **FIFTH NOTICE OF RULE 30(b)(6) DEPOSITION TO ALCATEL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| Stuart J. Sinder, Esquire<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | VIA ELECTRONIC MAIL |

/s/ John G. Day
_____
John G. Day

150908.1