# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 17, 2006

The Honorable Gregory M. Sleet　　　　　　　　　　　　VIA ELECTRONIC FILING
United States District Court
844 North King Street
Wilmington, DE 19801

　　　　　　Re:　*Telcordia Technologies, Inc. v. Alcatel U.S.A., Inc.*
　　　　　　　　C.A. No. 04-874-GMS

Dear Judge Sleet:

　　　　We write on behalf of Plaintiff Telcordia Technologies, Inc. ("Telcordia") to oppose the April 12, 2006 attempt by Alcatel USA, Inc ("Alcatel") to stay its own counterclaim against Telcordia for infringement of the '052 patent.

　　　　While Alcatel has styled its pleading as a simple "notice of withdrawal" of its opposition to a motion that Telcordia filed nearly seven months ago, Alcatel's new filings are wholly unrelated to the issues underlying Telcordia's earlier motion. Telcordia's motion was based, *inter alia*, on the fact that after the defendants in the three pending cases persuaded the Court to set an early amendment of pleadings deadline so that there would be certainty as to precisely which patents were being litigated, Alcatel unfairly added its counterclaim patent to the case long after that early amendment deadline. However, Alcatel's sudden desire to stay its own counterclaim has nothing to do with Telcordia's motion, but rather represents an eleventh hour strategic decision by Alcatel to put its counterclaim on hold while it returns to the Patent & Trademark Office ("PTO") to try to correct obvious flaws in its patent. Now that fact discovery is nearly over, and Telcordia has expended enormous amounts of time and money litigating Alcatel's counterclaim, Telcordia respectfully opposes Alcatel's self-serving request and urges the Court to find that it comes too late.

　　　　As Telcordia has told Alcatel, the only claims of the '052 patent being asserted in this case are invalid because they are anticipated by the prior art, including Alcatel's own prior U.S. Patent No. 6,286,050, Alcatel's own prior NetDirector commercial products, as well as a number of other items of prior art. Moreover, Alcatel now appears to recognize these validity problems. In its April 12, 2006 letter to the Court, Alcatel says it intends to ask the PTO to "reissue the '052 patent." This procedure, however, is permitted by 35 U.S.C. § 251 only if the patent is "deemed wholly or partly inoperative or invalid."

　　　　Alcatel has forced Telcordia to expend extraordinary amounts of effort and money to defend against a counterclaim that Alcatel now implicitly concedes should never have been filed. In connection with the litigation on Alcatel's counterclaim, Telcordia: searched for and produced

The Honorable Gregory M. Sleet
April 17, 2006
Page 2

over 1.4 million documents requested by Alcatel; independently has searched for and identified invalidating prior art, including Alcatel's own prior patents and commercial products; retained and consulted with a technical expert; provided detailed noninfringement and invalidity contentions in response to Alcatel's interrogatories; identified, communicated with, and subpoenaed several third parties who are sources of additional invalidating prior art; noticed Alcatel and the alleged inventors for depositions; and prepared and filed opening and answering *Markman* briefs.

In contrast, Alcatel submitted its April 12 request for a stay at a time when it had still failed to produce admittedly relevant documents related to the '052 patent. For example, even though its lawyers had specifically promised to complete their production to Telcordia by March 31st, Alcatel waited until today to indicate that it would finally produce discovery that Telcordia repeatedly and specifically requested, such as documentation concerning Alcatel's prior art NetDirector products and prosecution records concerning Alcatel's patent applications.

Moreover, while Alcatel claims that the validity problems with its '052 patent were only "recently discovered," even if true, Alcatel has no one to blame but itself. The fact that the '052 patent is anticipated by a number of prior art references, such as Alcatel's own U.S. Patent No. 6,286,050 and its prior NetDirector commercial products, was independently determined by Telcordia (with no assistance from Alcatel) and formally disclosed to Alcatel in February. These same facts could and would have been known by Alcatel before its counterclaim was asserted if it first had conducted an adequate investigation.

After needlessly subjecting Telcordia to seven months of litigation on its invalid patent, it is completely unreasonable for Alcatel to suddenly announce it has decided to put that counterclaim on hold while it commences a process that it admits can "take up to two years," if not longer. Indeed, staying the proceedings on Alcatel's counterclaim would unfairly punish Telcordia for Alcatel's failures and omissions.

Telcordia therefore respectfully requests that the Court deny Alcatel's request for a stay. With discovery soon to close and the enormous resources that have been expended, Alcatel either should be required to litigate its counterclaim, or dismiss its counterclaim with prejudice.

Respectfully,

/s/ *Steven J. Balick*

Steven J. Balick (I.D. #2114)

SJB: dmf
cc:   Josy W. Ingersoll, Esquire (by hand)
      Stuart J. Sinder, Esquire (via electronic mail)
      Donald R. Dunner, Esquire (via electronic mail)