# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | |
|---|---|---|---|
| BRUCE M. STARGATT | NEILLI MULLEN WALSH | THE BRANDYWINE BUILDING | ATHANASIOS E. AGELAKOPOULOS | KAREN E. LANTZ |
| BEN T. CASTLE | JANET Z. CHARLTON | 1000 WEST STREET, 17TH FLOOR | LISA A. ARMSTRONG | TIMOTHY E. LENGKEEK |

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801
P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391
(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL:  302-571-6672
DIRECT FAX:  302-576-3301
jingersoll@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

KAREN E. LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JULIE C. PANARO
ADAM W. POFF
SETH J. REIDENBERG
MICHELE SHERRETTA
MONTE T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

April 18, 2006

**BY CM/ECF AND HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

Re:     *Telcordia Technologies, Inc. v. Alcatel USA, Inc.*
          Civil Action No. 04-874-GMS

Dear Judge Sleet:

Telcordia's April 17, 2006 letter puts Telcordia in the conflicting position of opposing a stay requested in its own pending motion. Telcordia has never withdrawn that motion, and until a few months ago, refused to engage in any discovery related to the '052 patent because its motion was still pending. The Court could well have been devoting effort to considering that motion. Telcordia should not be permitted to have it both ways: on the one hand, continue to maintain its motion in hopes of a stay, and then oppose a stay when Alcatel agrees to accept one, because Telcordia fears the result of the reissue process.

Telcordia's letter focuses entirely on its efforts expended to date, but fails even to address the unnecessary burden that continuing the litigation on the '052 patent would place upon the Court and the parties. Alcatel's reissue application should result in an earlier effective filing date for the patent, and could also result in changes or additions to the asserted claims. If the '052 patent counterclaim were to proceed, the Court would have to devote unnecessary time and resources to construing claims that could well change, to dealing with infringement issues which could change by virtue of changes in the claims, to adjudicating discovery and other pre-trial issues relating to the patent, and to judging validity issues based on references that will be removed as prior art by virtue of the earlier priority date for the patent, not to mention additional time for a trial and needless work for a jury on those same issues. For just one example, the '050

# Young Conaway Stargatt & Taylor, LLP

The Honorable Gregory M. Sleet
April 18, 2006
Page 2

patent on which Telcordia erroneously relies for invalidity will no longer even be considered prior art when Alcatel obtains its proper priority date from the PTO in the reissue.

Telcordia's assertions regarding its efforts expended to date are also exaggerated and misleading. Because Telcordia refused to provide or even engage in discovery on the '052 patent until January of 2006, discovery relating to that claim has been ongoing for only about three months. Not a single deposition has yet been taken on the patent, the Markman hearing (although briefed) has not been held, expert reports have not yet been prepared nor expert discovery taken, and no discovery disputes or substantive motions have yet come before the Court relating to this patent. Further, trial of this action is not scheduled until April 2007, an entire year from now.[1] While Telcordia did dump a mountain of documents on Alcatel, as the Court is well aware, the number of documents does not tell the entire story of the burden, because the great bulk of Telcordia's documents are largely irrelevant and many are duplicates. Indeed, the burden has fallen more greatly on Alcatel, which had to review all of them and work to cull out sometimes over ten copies of the same document. Moreover, when the patent is reissued, and the case is reactivated, Telcordia's document production, its research analyses, expert consultation, etc. will once again all be put to good use.

More importantly, Telcordia focuses on the wrong issue. The issue at hand is the appropriate course of action going forward, not what has been expended so far. Alcatel respectfully submits that the only sensible thing to do is to stay the proceedings relating to the '052 patent counterclaim pending the reissue process.

Telcordia is evidently concerned that the reissue will strengthen Alcatel's patent, so Telcordia wants Alcatel's counterclaim to proceed in the hope of pre-empting the PTO process. The statutory scheme is precisely the opposite. The PTO should first decide the issues raised by Alcatel's reissue application, before the patent is litigated in Court. Although Telcordia accuses Alcatel of wanting to return to the PTO to correct flaws in its patent, that is precisely the result for which the reissue process is intended. The Court cannot confer a new filing date to a patent, so the pendency of Alcatel's reissue application presents an even more compelling reason for a stay of court proceedings than does a reexamination, which involves only an evaluation of prior art. Wherever possible, the PTO should have the first opportunity to judge the patent against the relevant prior art, and to do so in light of the proper priority date to which the patent is entitled.

Telcordia's suggestion of a dismissal with prejudice is also without merit. Alcatel is unaware of any authority which would support such relief, nor does Telecordia cite any. Indeed, Telcordia's request is tantamount to asking the court to grant it summary judgment, without briefing or argument and on a schedule which is untimely under the Court's Scheduling Order. It is well settled that seeking a reissue patent does not constitute any admission or concession that the patent is invalid. Nor does Alcatel's reissue request make any such

---

[1] Alcatel brought this matter to the Court's attention promptly after learning of the provisional application just last month during discovery, and after Alcatel determined that it could properly still claim priority to that application during reissue.

063535.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
April 18, 2006
Page 3

admissions. Alcatel's reissue request under 35 U.S.C. §251, if it concedes anything only concedes that the '052 patent is "inoperative" to provide the earlier effective filing date to which the patent is entitled, because the patent failed to claim it. This is fully consistent with the statutory purpose of correcting a patent 'claiming…less than [it] had a right to claim." Moreover, the PTO Rules specifically authorize reissue applications for this purpose. Manual of Patent Examining Procedure (MPEP), §1402. Indeed, correction of a reference to a prior co-pending application is among the most common bases for filing a reissue application. *Id.*

The Courts have long followed "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings". *ACS II Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *accord*, *Dennco, Inc. v. Dominick Cirone* 1995 U.S. Dist. Lexis 9988 (D.N.H. 1995). For the foregoing reasons, and in the interest of justice and judicial economy, Alcatel respectfully requests that the Court grant a stay of its counterclaim relating to the '052 patent as sought in Telcordia's pending motion, and as requested in Alcatel's April 12, 2006 letter.

Respectfully submitted,

Josy W. Ingersoll (No. 1088)

SJS:dd
cc:     Clerk of the Court (by e-filing and hand delivery)
        Steven J. Balick, Esquire (by e-filing and e-mail)
        Donald R. Dunner, Esquire (by e-mail)
        Don O. Burley, Esquire (by e-mail)
        Richard J. Smith, Esquire (by e-mail)
        Vincent P. Kovalick, Esquire (by e-mail)
        Stuart J. Sinder, Esquire (by e-mail)