IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-874-GMS |
| | ) | |
| ALCATEL S.A. and ALCATEL USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REVISED FIFTH NOTICE OF 30(b)(6) DEPOSITION TO ALCATEL

PLEASE TAKE NOTICE that beginning at 9:00 am on May 8, 2006, in the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, or at another time and place agreed upon by the parties, Plaintiff Telcordia Technologies, Inc. ("Telcordia") shall take the deposition upon oral examination of Defendant Alcatel USA, Inc. ("Alcatel"). The Revised Fifth Notice of 30(b)(6) Deposition to Alcatel supersedes and replaces plaintiff's Fifth Notice of 30(b)(6) Deposition to Alcatel, served on March 30, 2006. Alcatel is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6), one or more of its officers, directors, managing agents, employees, or other designated persons to testify on its behalf with respect to the subject maters set forth in Schedule A, attached hereto.

The testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes as provided by the Federal Rules of Civil Procedure and Evidence. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony may be recorded by sound, visual, or electronic means in addition to stenographic means.

ASHBY & GEDDES

/s/ John G. Day
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Square
Reston, VA  20190-5675
(650) 849-6600

Dated: April 20, 2006
168728.1

**SCHEDULE A**

## DEFINITIONS

1.  All definitions and instructions set forth in Telcordia's previous discovery requests (*see, e.g.,* Telcordia's April 7, 2005 Requests for Production; Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Alcatel) are incorporated as if set forth fully herein.

2.  For purposes of this Deposition Notice, the term "person" specifically refers to the present and past officers, employees, counsel, agents, consultants, and/or representatives of Alcatel.

3.  For the purposes of this Deposition Notice, the term "Alcatel" shall mean Alcatel USA, Inc., together with all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of or related to Alcatel USA, Inc., including all parents, divisions, subsidiaries, affiliates, sister entities, and predecessors of Alcatel USA, Inc. The definition of "Alcatel" includes, without limitation, Alcatel S.A., Alcatel USA, Newbridge Networks Inc., Newbridge Networks Corporation, Alcatel Networks, Inc., Alcatel Canada Inc., Xylan Corporation, Alcatel Internetworking, Inc., and DSC Communications Corporation.

4.  The term "document" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronic items such as email, compilations and databases. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English translation of a requested document shall be deemed a separate document.

5. The term "thing" as used in this Deposition Notice, has the same meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of Alcatel.

6. The term "accused product" means any Alcatel product accused by Telcordia of infringing U.S. Patent No. 4,893,306 and U.S. Patent RE. 36,633.

7. The term "the '052 patent" means U.S. Patent No. 6,247,052 B1.

## SUBJECTS OF THE DEPOSITION

1. The dates on which Alcatel, and the dates on which any company or entity acquired by Alcatel, first made, used, offered for sale, and sold in the United States each of the accused products.

2. Identification and explanation of the information contained in Alcatel's periodic sales, cost, and profit reports for each of the accused products.

3. Explanation of the accounting methodology employed by Alcatel for the computation of net revenue, direct costs and cost of goods sold, gross margin, allocated or indirect costs and overhead, and operating profit for its networking products, including the accused products.

4. On an annual basis since the introduction of the accused products into the United States, comparison of Alcatel's gross margin and operating profit from the sale of the accused products with gross margin and operating profit from the sale of Alcatel's other networking products.

5. Alcatel's licensing policies and practices and licenses (both inbound and outbound) with respect to networking products, including the accused products.

14. The dates on and circumstances under which Alcatel first learned of the existence of each of the patents-in-suit, including any actions Alcatel took in response; Alcatel's knowledge of Telcordia's litigations against FORE Systems and Marconi Communications involving one or more the patents-in-suit; and Alcatel's knowledge of Telcordia's attempts to license one or more of the patents-in-suit to Alcatel or any other company.

15. The extent to which Alcatel has, since Telcordia's filing of this lawsuit, modified any of the accused products in response to Telcordia's infringement claims, and any facts showing whether or not Alcatel would have acted differently if Telcordia had filed this lawsuit sooner.

16. Any facts showing that Alcatel purchased, made, offered to sell, or sold any accused product pursuant to any license or "have made" rights under any of the patents-in-suit, including but not limited to (a) the circumstances relating to any license granted by Telcordia to Newbridge Networks and the performance of the licensee's obligations under any such license, and (b) the circumstances relating to any assertion that Alcatel received a license to any of the patents-in-suit as the result of any involvement in a GRPA.

17. Any facts showing whether or not Telcordia and/or its licensees marked any accused products under any of the patents-in-suit, and any facts showing whether or not Telcordia made efforts to require its licensees to mark their products.

18. Any facts showing Alcatel's awareness of, communications with, or participation in any standards organization or the ATM Forum concerning Telcordia or any of the patents-in-suit.

19. Any communications between Alcatel and Telcordia concerning licensing or any of the patents-in-suit.

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2006, the attached **REVISED FIFTH NOTICE OF 30(b)(6) DEPOSITION TO ALCATEL** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE  19801 | <u>VIA HAND DELIVERY</u> |
| Stuart J. Sinder, Esquire<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY  10004 | <u>VIA FEDERAL EXPRESS</u> |

/s/ *John G. Day*
_____
John G. Day