IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-874 GMS |
| | ) | |
| ALCATEL USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

1. On July 16, 2004, the plaintiff, Telcordia Technologies, Inc. ("Telcordia"), filed this action against Alcatel S.A. ("Alcatel S.A.")[1] and Alcatel USA, Inc. ("Alcatel USA") (collectively, "Alcatel"), alleging infringement of U.S. Patent No. 4,893,306 (the "'306 patent").[2]

2. On December 2, 2004, Alcatel filed its answer and counterclaims. (D.I. 13.) Alcatel raised seven declaratory judgment counterclaims including Patent Non-Infringement (First Counterclaim), Patent Invalidity (Second Counterclaim), Patent Unenforceability (Third Counterclaim), Latches (Fourth Counterclaim), License/Acquiescence (Fifth Counterclaim), Equitable Estoppel (Sixth Counterclaim), and Unclean Hands (Seventh Counterclaim). (Id. at Alcatel's Counterclaims ¶¶ 9-35.)

3. On April 14, 2005, the court held a scheduling conference, during which Telcordia indicated the possibility of adding more patents to the case against Alcatel. Telcordia requested the court to set November 18, 2005 as the cut-off for amended pleadings so that it would have sufficient time to determine which, if any, additional patents to bring into the case. (See

---

[1] Alcatel S.A. was subsequently dismissed from the case on May 27, 2005.

[2] On July 16, 2004, Telcordia also filed patent infringement actions against Lucent Technologies, Inc. and Cisco Systems, Inc.

Transcript of Rule 16.2(b) Conference ("Tr."), dated April 14, 2005, at 40:17-20.) In response, Alcatel argued that the court should deny the request, because it would suffer prejudice if Telcordia was permitted to add any new patents into the case. (Id. at 31:21-32:25; 44:14-19.) The court agreed that Alcatel would be prejudiced if it granted Telcordia's request to set the amendment cut-off as November 18, 2005. However, the court decided not to prohibit Telcordia from amending its pleadings. Instead, the court set June 14, 2005 as the amendment cut-off date for all parties, giving Telcordia sixty days to complete its research and determine which patents, if any, it would add to the case. (Id. at 47:6-10; 48:22-23.)

4.  On June 14, 2005, Telcordia filed an amended complaint (D.I. 42, Ex. A), asserting the '306 patent and U.S. Patent No. Re. 36,633 (the "'633 patent") against Alcatel. Pursuant to the parties' agreement (see D.I. 47), Alcatel was to file its answer to the amended complaint on August 10, 2005. On August 10, 2005, Alcatel filed its answer and counterclaims to the amended complaint. (D.I. 49.) Alcatel's answer asserted eleven counterclaims, including the seven counterclaims it had previously asserted. In addition, Alcatel asserted counterclaims for Intervening Rights (Eighth Counterclaim), Breach of Contract (Ninth Counterclaim and Tenth Counterclaim), and Infringement of U.S. Patent No. 6,247,052 (Eleventh Counterclaim).

5.  On September 29, 2005, Telcordia filed a Motion to Dismiss or, in the Alternative, Sever and Stay Alcatel's Patent Infringement Counterclaim (D.I. 54). It is this motion that is presently before the court.

6.  Telcordia contends that the court should dismiss Alcatel's patent infringement counterclaim

because it is untimely. That is, Telcordia contends that Alcatel's infringement counterclaim, filed on August 10, 2005, does not comply with the Scheduling Order (D.I. 33), which set June 14, 2005 as the cut-off date for amending pleadings. In response, Alcatel asserts that Telcordia agreed that it would not oppose counterclaims on the ground that they had to be asserted by the amendment cut-off date. Alcatel further asserts that even if there was no agreement by Telcordia, its motion to dismiss should be denied because the Scheduling Order imposes a deadline only for a "motion" to amend the pleadings, not an answer to the amended complaint.

7. After having considered the parties submissions (D.I. 54, 55, 58), as well as the transcript of the scheduling conference, the court concludes that Alcatel's patent infringement counterclaim is untimely and, therefore, will dismiss the claim without prejudice to Alcatel's ability to assert it in another action.

8. At the April 14, 2005 scheduling conference, Alcatel vigorously opposed Telcordia's indication that it might add more patents to the case. Specifically, Alcatel asserted "[w]e're going to have to send people, search for documents, interview potential witnesses and four or five months from now or seven months from now, I don't want to do it again with a new patent. I think that is really prejudicial." (Tr. at 32:16-20.) Alcatel further asserted that it would be "extremely prejudicial . . . to have to go through the process of responding to [discovery] a second or third time as patents get added. I think that should be taken into consideration very heavily." (Id. at 44:15-19.) Thus, Alcatel requested the court to give Telcordia "ten days or two weeks to decide what [patents] they want to add [to the case]." (Id. at 45:6-7.) The court partly acceded to Alcatel's request, giving all parties sixty days

to amend the pleadings to add new patents.

9. Now, after having filed a patent infringement counterclaim almost two months after the amendment cut-off, Alcatel asserts that its counterclaim does not meet the formal "motion" to amend requirement imposed by the scheduling order. While this may technically be true, the court believes that Alcatel is clearly raising form over substance. As previously discussed, Alcatel originally objected to Telcordia's indication that it might add more patents to the case because it would be prejudiced by having to go through the discovery process a second time. When the court agreed and set June 14, 2005 as the amendment cut-off date, it directly pointed out that the deadline would apply to all parties. (Tr. at 48:18.) That is, everyone participating in the scheduling conference knew that the court was imposing an early deadline to prevent parties from adding more patents to the case at a late juncture. Given the court's resolution of the issue, it seems disingenuous for Alcatel to assert that its counterclaim was responsive to the amended complaint. In other words, the court believes that Alcatel is using its counterclaim as a technical loophole to get around the court's amendment deadline. As such, the court will dismiss the counterclaim.

Therefore, IT IS HEREBY ORDERED that:

1. Telcordia's Motion to Dismiss (D.I. 54) is GRANTED.

2. Alcatel's patent infringement counterclaim against Telcordia shall be dismissed without prejudice.

Dated: April 21, 2006               /s/ Gregory M. Sleet
                                    UNITED STATES DISTRICT JUDGE