IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-874-GMS |
| | ) | |
| ALCATEL USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**TELCORDIA'S NOTICE OF DEPOSITION AND SUBPOENA
DIRECTED TO APPLIED MICRO CIRCUITS CORPORATION (AMCC)**

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Telcordia Technologies, Inc. ("Telcordia") will take the deposition of Applied Micro Circuits Corporation (AMCC). by oral examination using videotape, audiotape, and/or stenographic means.  The deposition will be at 9:00 am on May 27, 2006, at the offices of Atkinson-Baker, Inc., 610 West Ash Street, Suite 901, San Diego, California  92101, or such other date and location as mutually agreeable to the parties, and will continue from day to day until completed.  The deposition will be taken before a Notary Public or other officer authorized by law to administer oaths.

You are invited to attend and examine the witness.

**NOTICE IS FURTHER GIVEN THAT** Applied Micro Circuits Corporation (AMCC) is instructed to produce documents, identified in the attached Subpoena, at the offices of Atkinson-Baker, Inc., 610 West Ash Street, Suite 901, San Diego, California  92101, by 9:00 A.M. on May 10, 2006.

**NOTICE IS FURTHER GIVEN THAT** pursuant to the Federal Rules of Civil Procedure, Telcordia will serve upon Applied Micro Circuits Corporation (AMCC) a Subpoena in a Civil Case. Attached hereto is a true and correct copy of that Subpoena.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

Of Counsel:

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: May 5, 2006
169230.1

2

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., <br> v. <br> ALCATEL USA INC. | **SUBPOENA IN A CIVIL CASE** <br><br> CASE NUMBER: 04-CV-874 GMS |

TO:  Applied Micro Circuits Corporation (AMCC)
     c/o  CT Corp System
          818 W. 7th St.
          Los Angeles, CA 90017
     6290 Sequence Drive
     San Diego, CA 92121

Case pending in United States District Court, District of Delaware

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case. See Topics of Examination in Schedule A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Atkinson-Baker, Inc. <br> 610 West Ash Street, Ste. 901 <br> San Diego, CA 92101-3347 | May 17, 2006; 9:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Schedule B.

| PLACE | Atkinson-Baker, Inc. <br> 610 West Ash Street, Ste. 901 <br> San Diego, CA 92101-3347 | DATE AND TIME |
|---|---|---|
| | | May 10, 2006; 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] <br> Geoffrey C. Mason, Attorney for Plaintiff Telcordia, Technologies, Inc. | 5/5/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Geoffrey C. Mason
Finnegan, Henderson, Farabow, Garrett, & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
202 408 4125

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

GF:112

AO 88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
                            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

10/94

## SCHEDULE A

### **DEFINITIONS**

1. All definitions and instructions set forth in Telcordia's previous discovery requests (*see, e.g.*, Telcordia's Subpoena to AMCC dated August 9, 2005) are incorporated as if set forth fully herein.

2. For purposes of this Deposition Notice, the term "person" specifically refers to the present and past officers, employees, counsel, agents, consultants, and/or representatives of AMCC.

3. For the purposes of this Deposition Notice, the term "AMCC" shall mean Applied Micro Circuits Corporation, together with all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of or related to Applied Micro Circuits Corporation, including all parents, divisions, subsidiaries, affiliates, sister entities, and predecessors of Applied Micro Circuits Corporation.

4. The term "document" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronic items such as email, compilations, and databases. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English translation of a requested document shall be deemed a separate document.

5. The phrase "integrated circuit" includes at least semiconductor circuits, ASICs (application specific integrated circuits), and gate arrays (including field programmable gate arrays).

6. The term "thing," as used in this Deposition Notice, has the same meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of AMCC.

7. "Packetized Data" includes data formatted with a header field and an information field (see U.S. Patent No. 4,893,306 patent, 7:2-13) including, without limitation:

    a. Frame Relay frames (see, e.g., Broadband Telecommunications Handbook, p. 159, Fig. 10-4);
    b. Ethernet frames (see, e.g., IEEE WG 802.3; Broadband Telecommunications Handbook, p. 160, Fig. 10-5);
    c. ATM cells (see, e.g., ITU-T I.361 Figs. 1 and 2);
    d. RFC 1662 frames (see, e.g., IETF RFC 1662 at Section 3.1);

    e.    ITU-T X.86 LAPS frames (see, e.g., ITU-T X.86 Figs. 6 and 7);

    f.    ITU-T G.7041 GFP frames (see, e.g., ITU-T G.7041 at Figs. 6-1 to 6-5); or

    g.    MPLS packets (see, e.g. IETF RFC 3032 at Sections 1 to 2.1)

8. The term "Packetized Data Over SONET" refers to sending Packetized Data over SONET.

9. The term "AMCC framer products" includes all AMCC products configured to perform Packetized Data over SONET functions, including products, modules, adapters, or integrated circuits having the designations of:

a. AMCC EVROS;
b. S1208;
c. S4803;
d. S4804;
e. S4806; and
f. S4807

## SUBJECTS OF THE DEPOSITION

1. Structure, characteristics, and operation of the AMCC framer products, including circuitry related to Packetized Data Over SONET functions. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

2. Design and development of each AMCC framer product, including the components, subcomponents, and integrated circuits that perform Packetized Data Over SONET functions. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

3. Evaluation and testing, including the scope, methodologies, and practices of those evaluations and testing, of each AMCC framer product, including the components, subcomponents, and integrated circuits that perform Packetized Data Over SONET functions. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

4. Actual and intended use, including all instructions to customers concerning such operations, of each AMCC framer product, including the components, subcomponents, and integrated circuits that perform Packetized Data Over SONET functions. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

5. Installation, set up, maintenance, and adaptation of AMCC framer products in networks, including those at third party sites, including installation, set up,

   maintenance, and adaptation support. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

6. Customer support of each AMCC framer product, including information exchanged with or obtained from customers regarding use of, or problems with, Packetized Data Over SONET functions. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

7. All facts and circumstances regarding any potential indemnification by any third party for any sales by AMCC of any AMCC framer product that may be accused of infringing patents of Telcordia. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

8. All facts and circumstances regarding any potential indemnification by AMCC to any third party for any sales of any AMCC framer product that may be accused of infringing patents of Telcordia. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

9. All facts and circumstances related to any notice referring to Telcordia's intellectual property in any AMCC product literature regarding any AMCC framer product. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

10. All facts and circumstances related to AMCC's first awareness and any subsequent consideration of Telcordia's U.S. Patent No. 4,893,306. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

11. All facts and circumstances related to any communications by AMCC with any third parties, including Alcatel, Lucent, and Cisco, concerning claims of infringement by Telcordia, Telcordia's patents, or litigation involving Telcordia. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.

## SCHEDULE B

### DEFINITIONS

All definitions set forth in Schedule A above, and all definitions and instructions set forth in Telcordia's previous discovery requests (*see, e.g.*, Telcordia's Subpoena to AMCC dated August 9, 2005) are incorporated as if set forth fully herein.

### INSTRUCTIONS

1.  You are to search all documents within your possession, custody, or control, wherever located, including but not limited to any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his/her residence or place of business), in order to fully respond to the requests herein.

2.  You are to produce documents from any single file in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

3.  If you do not produce each document or thing requested herein as they are kept in the usual course of business, you must organize and label the documents or things produced to correspond with the particular document request to which the document or thing is responsive.

4.  You are to produce all documents which are responsive in whole or in part to any of the requests herein in full, without abridgement, abbreviation, or expurgation or any sort. If any such documents cannot be produced in full, produce the document to the

extent possible and indicate in your written response what portion of the document is not produced and why it could not be produced.

5.  You are required to produce not only the original or an exact copy of the original of all documents or things responsive to any of the requests herein, but also all copies of such documents or things which bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts or embodiments of such documents or things. You are also required to produce all versions of the foregoing documents stored by a computer internally, on disk, on CD-ROM, or on tape.

6.  You are to produce any purportedly privileged document containing non-privileged matter, with the purportedly privileged portion excised.

7.  If any of the documents requested herein are no longer in your possession, custody or control, you are requested to identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents.

8.  If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction and the name of the person who ordered or authorized such destruction.

9.  Electronic and computerized materials must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit tendering of the material intelligible.

10. If the production of any documents responsive to these requests is objected to on the ground of privilege or work product, or for any other reason, with respect to each such document state:

    a.    the date appearing on such document, or if no date appears, the date on which such document was prepared;

    b.    the name of each person to whom such document was addressed;

    c.    the name of each person, other than the addressee(s) identified in subparagraph (b) above, to whom such document or copy thereof was sent, or with whom such document was discussed;

    d.    the name of each person who signed such document or, if not signed, the name of each person who prepared it;

    e.    the name of each person making any contribution to the authorship of such document;

    f.    the job title or position of each person identified in subparagraph (b), (c), (d) and (e) above;

    g.    the date such document was received or discussed by each person identified in subparagraphs (b) or (c) above;

    h.    the general nature or description of such document and its number of pages; and

    i.    the specific ground(s) upon which the privilege or work product rests.

## DOCUMENT REQUEST

1. All documents that have been reviewed, considered, referred to, or relied upon by AMCC's designee(s) in preparing for this deposition, or that are the source of information that AMCC expects to provide in response to this Subpoena.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2006, the attached **TELCORDIA'S NOTICE OF DEPOSITION AND SUBPOENA DIRECTED TO APPLIED MICRO CIRCUITS CORPORATION (AMCC)** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street<br>Wilmington, DE 19801 | <u>HAND DELIVERY</u> |
| Stuart J. Sinder, Esquire<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | <u>VIA FEDERAL EXPRESS</u> |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

150908.1