# TAB 1

Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TELCORDIA TECHNOLOGIES, INC.,

    Plaintiff/
    Counterclaim-Defendant,

ALCATEL USA, INC.

    Defendant/
    Counterclaim-Plaintiff.

**SUBPOENA IN A CIVIL CASE**

Case No.: 04-CV-874 GMS
NOW PENDING IN THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT
OF DELAWARE

TO:    Steve Joroff
    Lucent Technologies, Inc.
    Whippany, NJ 07981
        c/o Sasha Mayergoyz
        Latham & Watkins
        Sears Tower, Suite 5800
        233 South Wacker Drive
        Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which will be recorded in stenographic, audio and/or audiovisual formats.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kenyon & Kenyon LLP<br>One Broadway<br>New York, NY 10004    See Attachment A | May 24, 2006 at 10 AM. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below or at a mutually agreed to location (list documents or objects):
See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Kenyon & Kenyon LLP<br>One Broadway<br>New York, NY 10004    See Attachment B | May 22, 2006 at 9:30 AM. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*    Michael G. Gabriel<br>    Attorney for Defendant<br>    Alcatel USA, Inc. | DATE<br>May 15, 2006 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
Michael G. Gabriel, Esq.
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004
(212) 908-6851

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE<br>May 15, 2006 | PLACE<br>Latham & Watkins LLP<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606 |
|---|---|---|
| SERVED ON (PRINT NAME)<br>Sasha Mayergoyz | | MANNER OF SERVICE<br>via email |
| SERVED BY (PRINT NAME)<br>Michael Gabriel | | TITLE<br>Associate |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE May 15, 2006

SIGNATURE OF SERVER

1 Broadway
New York, NY 10004
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS

A.   As used herein, "You" and "Your" shall mean Steve Joroff.

B.   "Alcatel" means Defendant Alcatel U.S.A. Inc., its predecessors and successors, past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

C.   "Telcordia," means Plaintiff Telcordia Technologies, Inc., its predecessors and successors, including, but not limited to, Bell Communications Research, Inc. ("Bellcore"), its past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

D.   "Patents-in-Suit" means U.S. Patent Nos. 4,893,306, 5,260,978 and Re. 36,633 individually and collectively.

E.   "Related Patents" means any and all patents and patent applications relating to the Patents in Suit, including any patents or patent applications (including but not limited to all published, unpublished, pending, abandoned, divisional, continuation, continuation in part, or reissue applications) which share in whole or in part a common disclosure with the Patents-in-Suit.

F.   As used herein, "communications(s)" shall mean all discussions, conversation, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, memoranda, telegrams, advertisements or other forms of information sent to or received from any person or entity, whether oral, written or electronic.

G.  As used herein, the term "ATM" shall refer to Asynchronous Transfer Mode.

H.  As used herein, the term "SONET" shall refer to Synchronous Optical Network.

I.  As used herein, the term "OSMINE" shall refer to Telcordia's Operating Systems Modifications for the Integration of Network Elements.

J.  As used herein, the term "Fleischer Patent License" shall refer to the patent license agreement between Newbridge Networks Corporation, Inc. and Telcordia regarding U.S. Patent No. 5,260,978, entered into on or about June 17, 1999.

K.  As used herein, "GR-253" shall refer to any version of GR 253-CORE "Synchronous Optical Network (SONET) Transport Systems: Common Generic Criteria."

L.  As used herein, "GR-253 License" shall refer to Alcatel's license under GR-253.

M.  As used herein, "GR-1400" shall refer to any version of GR 1400-CORE "SONET Dual Fed Unidirectional Path Switched Ring Equipment Criteria."

N.  As used herein, "GR-1400 License" shall refer to Alcatel's license under GR-1400.

O.  As used herein, "GFDS" shall refer to Telcordia Generic Feature Development Services.

## TOPICS FOR EXAMINATION

**TOPIC NO. 1:**

Telcordia's licenses and licensing practices, including:

a) all licenses and attempts to license any patents relating to ATM and/or SONET equipment;

2

b) all proposed or executed license agreements, settlement agreements or other agreements referring or relating to either of the Telcordia patents-in-suit;

c) all discussions, negotiations, correspondence and/or interactions related to the Fleischer Patent License, the GR-253 License and the GR-1400 License; and/or

d) any Alcatel license, express or implied, arising from Telcordia's OSMINE process or GFDS.

**TOPIC NO. 2:**

All communications between you and anyone at Telcordia concerning the subject matter or licensing of any of the Patents-in-Suit.

**TOPIC NO. 3:**

All communications between you and anyone outside of Telcordia concerning the subject matter or licensing of any of the Patents-in-Suit.

**TOPIC NO. 4:**

All communications between Telcordia or Telcordia's employees or agents and Alcatel's employees or agents that concern:

a. the Patents-in-Suit;

b. any communications or agreements concerning the licensing of any patent, including but not limited to communications or agreements concerning the Patents-in-Suit;

c. any analysis of any Alcatel product that performs ATM over SONET or circuit emulation.

**TOPIC NO. 5:**

All documents and things concerning any analysis or calculation of:

a. the monetary value of the Patents-in-Suit;

3

    b. any lost profits Telcordia claims it is entitled to for any third party's infringement of the Patents-in-Suit;

    c. industry licensing rates;

    d. an analysis of an appropriate royalty rate for the Patents-in-Suit;

    e. an analysis of an appropriate royalty base for the Patents-in-Suit;

    f. what constitutes a fair, reasonable and non-discriminatory license for the Patents-in-Suit.

**TOPIC NO. 6:**

All license agreements, settlement agreements or other agreements, including drafts thereof, between Telcordia and any other person or entity that Telcordia proposed or executed that grant or convey any rights under the Patents-in-Suit, the applications for the Patents-in-Suit or any Related Patents.

**TOPIC NO. 7:**

The identification of the titles, positions, and job responsibilities of those personnel involved in licensing of any of the Patents-in-Suit or any Related Patents.

**TOPIC NO. 8:**

All information, publication, manufacture, use, sale or offer to sell brought to the attention of Telcordia at any time, that has been asserted by any entity or person to be relevant to the validity, enforceability, scope, interpretation, licensing, or infringement of the Patent-in-Suit or claims thereof.

**TOPIC NO. 9:**

Any notice provided by or on behalf of Telcordia to any person of the existence of the Patents-in-Suit or of the possibility that any such person or entity might have infringed, or might

need or want a license under the Patents-in-Suit, or the applications for the Patents-in-Suit or any Related Patents.

**TOPIC NO. 10:**

The scope, meaning, or application of any of the language contained in the claims of the Patents-in-Suit, related applications, or any Related Patents including, but not limited to, statements made or positions taken during any licensing negotiations or settlement discussions involving the Patents-in-Suit or the application for the Patents-in-Suit, or of any Related Patents.

**TOPIC NO. 11:**

Any offer or request to compromise, settle, resolve, or otherwise terminate any dispute, disagreement, or difference of opinion concerning the validity, enforceability, infringement, scope, or meaning of the Patents-in-Suit, the application for the Patents-in-Suit, any related applications, or any Related Patents.

**TOPIC NO. 12:**

All sales, purchases, or other transactions by Telcordia of products that perform ATM over SONET or circuit emulation.

**TOPIC NO. 12:**

All opinions of counsel concerning the patentability, validity, enforceability, scope or infringement of the any of Patents-in-Suit or Related Patents.

**TOPIC NO. 13:**

All communications between You and any law firm, patent agent or patent attorney concerning any of the Patents-in-Suit or Related Patents.

**TOPIC NO. 14:**

All documents that You provided to Telcordia, or anyone else, concerning this case or

5

Civil Action Nos. 04-876 and 04-875 pending in the District of Delaware.

**TOPIC NO. 15:**

All documents and things relating to Civil Action No. 98-586 (D. Del.) between Telcordia and Fore Systems, Inc. (also known as Marconi Communications, Inc.), including all documents that You provided to Telcordia or anyone else concerning that case.

## ATTACHMENT B

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Alcatel hereby requests that Steve Joroff produce for inspection and copying the documents described below.

### DEFINITIONS

Alcatel incorporates herein the definitions from Attachment A.

### SPECIFIC REQUESTS

**REQUEST NO. 1:**

All documents and things concerning Telcordia's licenses and licensing practices, including:

a) all licenses and attempts to license any patents relating to ATM and/or SONET equipment;

b) all proposed or executed license agreements, settlement agreements or other agreements referring or relating to either of the Telcordia patents-in-suit;

c) all discussions, negotiations, correspondence and/or interactions related to the Fleischer Patent License, the GR-253 License and the GR-1400 License; and/or

d) any Alcatel license, express or implied, arising from Telcordia's OSMINE process or GFDS.

**REQUEST NO. 2:**

All communications, including email communications, between you and anyone at Telcordia concerning the subject matter or licensing of any of the Patents-in-Suit.

**REQUEST NO. 3:**

All communications, including email communications between you and anyone outside of Telcordia concerning the subject matter or licensing of any of the Patents-in-Suit.

7

**REQUEST NO. 4:**

All documents and things concerning communications between Telcordia or Telcordia's employees or agents and Alcatel's employees or agents that concern:

    a. the Patents-in-Suit;

    b. any communications or agreements concerning the licensing of any patent, including but not limited to communications or agreements concerning the Patents-in-Suit;

    c. any analysis of any Alcatel product that performs ATM over SONET or circuit emulation.

**REQUEST NO. 5:**

All documents and things concerning any analysis or calculation of:

    a. the monetary value of the Patents-in-Suit;

    b. any lost profits Telcordia claims it is entitled to for any third party's infringement of the Patents-in-Suit;

    c. industry licensing rates;

    d. an analysis of an appropriate royalty rate for the Patents-in-Suit;

    e. what constitutes a fair, reasonable and non-discriminatory license for the Patents-in-Suit.

**REQUEST NO. 6:**

All documents and things concerning license agreements, settlement agreements or other agreements, including drafts thereof, between Telcordia and any other person or entity that Telcordia proposed or executed that grant or convey any rights under the Patents-in-Suit, the applications for the Patents-in-Suit or any Related Patents.

**REQUEST NO. 7:**

All organization charts or other documents sufficient to identify the titles, positions, and job responsibilities of those personnel involved in licensing of any of the Patents-in-Suit or any Related Patents.

**REQUEST NO. 8:**

All documents and things concerning any information, publication, manufacture, use, sale or offer to sell brought to the attention of Telcordia at any time, that has been asserted by any entity or person to be relevant to the validity, enforceability, scope, interpretation, licensing, or infringement of the Patent-in-Suit or claims thereof.

**REQUEST NO. 9:**

All documents and things that constitute, embody, or refer to any notice provided by or on behalf of Telcordia to any person of the existence of the Patents-in-Suit or of the possibility that any such person or entity might have infringed, or might need or want a license under the Patents-in-Suit, or the applications for the Patents-in-Suit or any Related Patents.

**REQUEST NO. 10:**

All documents and things concerning the scope, meaning, or application of any of the language contained in the claims of the Patents-in-Suit, related applications, or any Related Patents including, but not limited to, statements made or positions taken during any licensing negotiations or settlement discussions involving the Patents-in-Suit or the application for the Patents-in-Suit, or of any Related Patents.

**REQUEST NO. 11:**

All documents and things that constitute, contain, offer, request, negotiate, reject, concern or refer to any offer or request to compromise, settle, resolve, or otherwise terminate any dispute,

disagreement, or difference of opinion concerning the validity, enforceability, infringement, scope, or meaning of the Patents-in-Suit, the application for the Patents-in-Suit, any related applications, or any Related Patents.

**REQUEST NO. 12:**

All documents and things concerning any sales, purchases, or other transactions by Telcordia of products that perform ATM over SONET or Circuit Emulation.

**REQUEST NO. 13:**

All documents concerning any opinions of counsel concerning the patentability, validity, enforceability, scope or infringement of the any of Patents-in-Suit or Related Patents.

**REQUEST NO. 14:**

All communications between You and any law firm, patent agent or patent attorney concerning any of the Patents-in-Suit or Related Patents.

**REQUEST NO. 15:**

All documents that You provided to Telcordia, or anyone else, concerning this case or Civil Action Nos. 04-876 and 04-875 pending in the District of Delaware.

**REQUEST NO. 16:**

All documents and things relating to Civil Action No. 98-586 (D. Del.) between Telcordia and Fore Systems, Inc. (also known as Marconi Communications, Inc.), including all documents that You provided to Telcordia or anyone else concerning that case.