# TAB 1

Issued by the

# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TELCORDIA TECHNOLOGIES, INC., | SUBPOENA IN A CIVIL CASE

    Plaintiff/
    Counterclaim-Defendant,

Case No.: 04-CV-874 GMS
NOW PENDING IN THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT
OF DELAWARE

ALCATEL USA, INC.

    Defendant/
    Counterclaim-Plaintiff.

TO:     Stephen Gurey
    Lucent Technologies, Inc.
    Whippany, NJ 07981
        c/o Sasha Mayergoyz
        Latham & Watkins
        Sears Tower, Suite 5800
        233 South Wacker Drive
        Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which will be recorded in stenographic, audio and/or audiovisual formats.

| PLACE OF DEPOSITION<br>Kenyon & Kenyon LLP<br>One Broadway<br>New York, NY 10004    See Attachment A | DATE AND TIME<br>May 24, 2006 at 9:30 am |
| --- | --- |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below or at a mutually agreed to location (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Michael G. Gabriel    /s/ M.G.<br>Attorney for Defendant<br>Alcatel USA, Inc. | DATE<br>May 15, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
Michael G. Gabriel Esq.
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004
(212) 908-6851

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE<br>May 15, 2006 | PLACE<br>Latham & Watkins<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606 |
|---|---|---|

| SERVED ON (PRINT NAME)<br>Sasha Mayergoyz | MANNER OF SERVICE<br>via email |
|---|---|
| SERVED BY (PRINT NAME)<br>Michael G. Gabriel | TITLE<br>Associate |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE May 15, 2006

SIGNATURE OF SERVER
One Broadway
New York, NY 10004

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commandd to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if t
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transact business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court mayorder appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize andabel them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall besupported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS

A.  As used herein, "You" and "Your" shall mean Stephen M. Gurey.

B.  "Alcatel" means Defendant Alcatel U.S.A. Inc., its predecessors and successors, past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

C.  "Telcordia," means Plaintiff Telcordia Technologies, Inc., its predecessors and successors, including, but not limited to, Bell Communications Research, Inc. ("Bellcore"), its past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

D.  "Patents-in-Suit" means U.S. Patent Nos. 4,893,306, 5,260,978 and Re. 36,633 individually and collectively.

E.  "Related Patents" means any and all patents and patent applications relating to the Patents-in-Suit, including any patents or patent applications (including but not limited to all published, unpublished, pending, abandoned, divisional, continuation, continuation-in-part, or reissue applications) which share in whole or in part a common disclosure with the Patents-in-Suit.

F.  As used herein, "communications(s)" shall mean all discussions, conversation, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, memoranda, telegrams, advertisements or other forms of information sent to or received from any person or entity, whether oral, written or electronic.

1

## TOPICS FOR EXAMINATION

**TOPIC NO. 1:**

The preparation, filing or prosecution of any application that led to any of the Patents-in-Suit or any Related Patents.

**TOPIC NO. 2:**

All communications, meeting or contact with the U.S. Patent Office or any foreign patent office relating to any of the Patents-in-Suit or any Related Patents.

**TOPIC NO. 3:**

All communications between the named inventors of any of the Patents-in-Suit and you or any other patent attorney(s) and/or agent(s) relating to the preparation and prosecution of the applications that led to any of the Patents-in- Suit or Related Patents, including but not limited to the decision what materials to cite, or not cite, during the prosecution of any of the Patents-in-Suit or any Related Patent.

**TOPIC NO. 4:**

Any ownership, title, transfer, assignment, or licensing (including offers of any of the above) of any of the Patents-in-Suit or any Related Patent in whole or part, alone or in conjunction with any other patents or intellectual property, including, but not limited to, any assignment from the named inventors to Bellcore and any assignment from Bellcore to Telcordia, and any ownership interest that Telcordia or anyone else has or had in the Patents-in-Suit or Related Patents.

**TOPIC NO. 5:**

The identification, selection, or determination of the proper named inventors for any of

the Patents-in-Suit or Related Patents.

**TOPIC NO. 6:**

Telcordia's decision to seek patent protection for the subject matter of any claim of any of the Patents-in-Suit or Related Patents, including but not limited to Telcordia's decision to seek a reissue patent for the subject matter disclosed in U.S. Patent No. 5,260,978.

**TOPIC NO. 7:**

Any pre-filing communication of the subject matter of any claim of any of the Patents-in-Suit or any Related Patent to any person or entity outside of Telcordia.

**TOPIC NO. 8:**

The conception or reduction to practice of the inventions claimed in the Patents-in-Suit or Related Patents.

**TOPIC NO. 9:**

Each mode, including, but not limited to, the best mode, of practicing the subject matter of any claim of the Patents-in-Suit or Related Patents contemplated by any of the named inventors at or around the time of filing any patent applications that led to or resulted in any of the Patents-in-Suit.

**TOPIC NO. 10:**

Any representations made by third parties to you, the named inventors, or Telcordia regarding the validity, enforceability, scope or infringement of the Patents-in-Suit.

**TOPIC NO. 11:**

The patentability, validity, enforceability, scope, or infringement of the Patents-in-Suit or Related Patents, including any evaluation made by or on behalf of you or Telcordia concerning the Patents-in-Suit or any Related Patents.

**TOPIC NO. 12:**

All communications, including but not limited to any representations made by Telcordia or any of the named inventors, regarding the patentability validity, enforceability, scope or infringement of any of the Patents-in-Suit or any Related Patents.

**TOPIC NO. 13:**

All opinions of counsel concerning the patentability, validity, enforceability, scope or infringement of the any of Patents-in-Suit or Related Patents.

**TOPIC NO. 14:**

All communications between you and any law firm, patent agent or patent attorney concerning any of the Patents-in-Suit or Related Patents.

**TOPIC NO. 15:**

All communications between you and anyone at Telcordia concerning the Patents-in-Suit or Related Patents.

**TOPIC NO. 16:**

All documents that you provided to Telcordia, or anyone else, concerning this case or Civil Action Nos. 04-874 and 04-875 pending in the District of Delaware.

**TOPIC NO. 17:**

All documents and things relating to Civil Action No. 98-586 (D. Del.) between Telcordia and Fore Systems, Inc. (also known as Marconi Communications, Inc.), including all documents that you provided to Telcordia or anyone else concerning that case.